## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* WILLIAM "BILL" SMITH | : : : | |
| Plaintiffs | : : | Civil Action No.: 1:17-cv-60 |
| v. | : : | |
| ATHENA CONSTRUCTION GROUP, INC., | : : : | |
| Defendant | : | |

### PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS THE AMENDED COMPLAINT

**FREIWALD LAW, P.C.**
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102
*Attorneys for Plaintiffs*

Of Counsel:
    Aaron J. Freiwld, Esquire

On the Brief:
    Glenn A. Ellis, Esquire

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................... ii-iv

I.      INTRODUCTION ................................................................ 1

II.     COUNTER STATEMENT OF THE QUESTIONS INVOLVED ......... 2

III.    STANDARD OF REVIEW................................................... 3

IV.     ARGUMENT .................................................................. 4

        A.      This Court has personal jurisdiction over Defendant Athena, since
        this lawsuit is brought under the Federal False Claims Act, which provides
        for nationwide service, and it is beyond dispute that Athena has *minimum
        contacts* with the United States................................................ 4

        B.      Pursuant to 31 U.S.C. §3732(a), venue is proper in this Court since
        Defendant Athena submitted its fraudulent certification to obtain a contract
        relating to work in Pennsylvania............................................... 7

        C.      If venue is not proper, this matter should be transferred to the District
        Court for the District of Columbia............................................. 10

        D.      The Amended Complaint set forth a valid claim under the False
        Claims Act.................................................................... 11

        E.      The board language of §3730(h) of the FCA protects current
        and former employees from retaliation......................................... 14

V.      CONCLUSION................................................................ 17

## **TABLE OF AUTHORITIES**

**Cases**                                                                          **Page**

*Bell Atl. Corp. v. Twombly,*
      550 U.S. 544, 563 n. 8 (2007)                                                3

*Busch v. Buchman, Buchman & O'Brien Law Firm,*
      11 F.3d 1255, 1258 (5th Cir. 1994)                                          5

*Capogrosso v. Supreme Court of N.J.,*
      588 F.3d 180, 184 (3d Cir. 2009)                                            3

*Christidis v. First Pennsylvania Mortgage Trust,*
      717 F.2d 96, 100 (3d Cir. 1983)                                             12

*DeJames v. Magnificence Carriers, Inc.,*
      654 F.2d 280, 284 (3d Cir. 1981)                                            4

*Dinterman v. Nationwide Mut. Ins. Co.,*
      26 F. Supp. 2d 747, 749 (E.D. Pa. 1998)                                     11

*Endless Pools, Inc. v. Wave Tec Pools, Inc.,*
      362 F. Supp.2d 578, 586 (E.D. Pa. 2005)                                     10

*Fitzsimmons v. Cardiology Assocs. of Fredericksburg, Ltd.,*
      2015 WL 4937461, at *7 (E.D. Va. 2015)                                      15

*Fowler v. UPMC Shadyside,*
      578 F.3d 203, 210–11 (3d Cir. 2009)                                         3

*Glynn v. Impact Sci. & Tech., Inc.,*
      807 F.Supp.2d 391, 419 (D. Md. 2011)                                        15

*Go-Video, Inc. v. Akai Electric Co., Ltd.,*
      885 F.2d 1406, 1413 (9th Cir. 1989)                                         4

*Haka v. Lincoln Cnty.,*
      533 F.Supp.2d 895, 917 (W.D. Wis. 2008)                                     15

*Hogue v. Milodon Engineering, Inc.,*
      736 F.2d 989, 991 (4th Cir. 1984)                                           5

*Investor Protection Corp. v. Vigman,*
      764 F.2d 1309, 1316 (9th Cir. 1985)                                         5

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873, 879 (3d Cir. 1995)                                      11

*Lisak v. Mercantile Bancorp, Inc.*,
    834 F.2d 668, 671 (7th Cir. 1987)                                    5

*Max Daetwyler Corp. v. R. Meyer*,
    762 F.2d 290, 293-94 (3d Cir. 1985)                                6

*McTernan v. City of York*,
    577 F.3d 521, 531 (3d Cir. 2009)                                    3

*Ortino v. Sch. Bd. of Collier Cnty.*,
    2015 WL 1579460                                           15

*Pinker v. Roche Holdings Ltd.*,
    292 F.3d 361, 368-69 (3d Cir. 2002)                             3-7

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235, 241 (1981)                                       9

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*,
    119 F.3d 935, 946–47 (11th Cir. 1997)                            5

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22, 25 (3d Cir. 1970)                                    10

*Tang v. Vaxin, Inc.*,
    2015 WL 1487063, at *5 (N.D. Ala. 2015)                        15

*United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*,
    960 F.2d 1080, 1085 (1st Cir. 1992)                               5

*United Liberty Life Ins. Co. v. Ryan*,
    985 F.2d 1320, 1330 (6th Cir. 1993)                              5

*United States ex rel. Butler v. Magellan Health Services, Inc.*,
    74 F. Supp.2d 1201, 1215-16 (M.D. Fla. 1999)                12

*U.S. ex rel. Feaster v. Dopps Chiropractic Clinic, LLC*,
    2016 WL 3855560                                           15

*U.S. ex rel. Landsberg v. Levinson et al.*,
    No. 03-1429, 2006 WL 895044 at *3 (W.D. Pa. 2006)            6

*United States ex rel. Russell v. Epic Healthcare Management Group,*
    193 F.3d 304, 308 (5th Cir. 1999)                        12

*United States ex rel. Stinson, Lyons, Gerlin & Bustamente v. Blue Cross,*
*Blue Shield of Georgia. Inc.,*
    755 F. Supp. 1040, 1052 (S.D. Ga. 1990)          12

*United States v. Torkelsen,*
    2007 WL 4245736, at \*5 (E.D. Pa. Dec. 3, 2007)    6,12

**Statutes**

28 U.S.C. § 1391(c)                8

28 U.S.C. § 1404(a)                10

28 U.S.C. §1406                10

31 U.S.C. § 3730(h)                14-17

31 U.S.C. § 3732(a)                6-9

**Rules**

Fed.R.Civ.P. 8(a)(2)                3

Fed.R.Civ.P. 12(b)(3)                3,7,14

## I.     INTRODUCTION

Plaintiff/Relator's Amended Complaint alleges that Defendant Athena Construction Group, Inc., (herein "Athena") violated the False Claims Act (herein "FCA") by fraudulently obtaining various certifications from the U.S. Government.  According to the Amended Complaint, Defendant falsified the qualifications of Athena so that the company could be certified under several SBA contracting programs, including the 8(a) Business Development Program and the Historically Underutilized Business Zone program ("HUBZone").

Athena used its fraudulent certifications to obtain set-aside government contracts and to claim money under those contracts.  As a result of Defendant's fraud, from 2010 to 2016, Athena received over $22 million dollars in 8(a) and HUBZone set-aside contracts from various departments and agencies of the United States Government.  Finally, in response to the reporting of fraud, Athena filed a retaliatory and frivolous lawsuit against the Plaintiff/Relator in Virginia in a clear effort to harass and intimidate him into withdrawing the Amended Complaint.

In light of the well-pleaded allegations and the law as detailed below, the Court should deny Defendant Athena's Motion to Dismiss.

II. **COUNTER STATEMENT OF THE QUESTIONS INVOLVED**

    A.    Does this Court have personal jurisdiction over Defendant Athena?

        **Suggested Answer:**  Yes.

    B.    Is venue proper in this Court?

        **Suggested Answer:**  Yes.

    C.    If venue is not proper, where should this matter be transferred?

        **Suggested Answer:**  If this case should be transferred, the *Jumara* factors weigh in favor of transferring to the District Court for the District of Columbia.

    D.    Does the Amended Complaint set forth a valid claim under the FCA?

        **Suggested Answer:**  Yes.

    E.    Can a former employee bring a claim for retaliation under the Section 3730(h) of the FCA?

        **Suggested Answer:**  Yes.

### III.   STANDARD OF REVIEW

Although the Plaintiff bears the burden of demonstrating the facts that establish personal jurisdiction and the elements of its claims, in reviewing a Motion to Dismiss under Rule 12(b), this Court must accept all of the Plaintiffs' allegations as true and construe disputed facts in favor of the Plaintiffs. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368-69 (3d Cir. 2002). The Court asks "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n. 8 (2007).

Accordingly, when presented with a Motion to Dismiss for Failure to State a Claim under Rule 12(b):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Thus, to satisfy the Federal Rules pleading standard, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

"A district court may grant the Motion to Dismiss only if, accepting all factual allegations as true and construing the complaint in the light most favorable to plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *See Capogrosso v. Supreme Court of N.J.,* 588 F.3d 180, 184 (3d Cir. 2009). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 531 (3d Cir. 2009).

## IV.   ARGUMENT

    **A.**   **This Court has personal jurisdiction over Defendant Athena, since this lawsuit is brought under the Federal False Claims Act, which provides for nationwide service, and it is beyond dispute that Athena has *minimum contacts* with the United States.**

Defendant Athena argues that the Amended Complaint should be dismissed because this Court cannot exercise personal jurisdiction over it since it "is not 'at home' in Pennsylvania". Specifically, Defendant Athena argues that it is not "at home" because it is a Virginia company and its contacts with Pennsylvania have been less than minimal.  Defendant Athena's argument is contrary to established jurisdictional and FCA principles and could materially undermine the government's nationwide enforcement of the FCA if the Court were to accept it.

For a federal court to exercise personal jurisdiction in a federal question case, such as this one, the court need only determine whether (1) a rule or statute confers jurisdiction over the defendant, and (2) that the exercise of jurisdiction would not offend principles of Fifth Amendment due process. *See Go-Video, Inc. v. Akai Electric Co., Ltd.*, 885 F.2d 1406, 1413 (9th Cir. 1989).

Further, where a plaintiff's lawsuit is based on a federal statute that authorizes nationwide service of process, the Third Circuit has held that the relevant forum for analyzing the extent of the defendant's contacts is the United States as a whole. *Pinker*, 292 F.3d at 369.  As noted by the Third Circuit:

> Where Congress has spoken by authorizing nationwide service of process, therefore, as it has in the Securities Act, the jurisdiction of a federal court need not be confined by the defendant's contacts with the state in which the federal court sits. *See DeJames v. Magnificence Carriers*, Inc., 654 F.2d 280, 284 (3d Cir. 1981). Following this reasoning, the district courts within this Circuit have repeatedly held that a "national contacts analysis" is appropriate "when appraising personal jurisdiction in a case arising under a federal statute that contains a nationwide service of process provision." . . . We too are persuaded by the reasoning of our prior opinions on the subject, and, . . . hold that a federal court's

4

> personal jurisdiction may be assessed on the basis of the defendant's national contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process.

*Id.* at 369–70.

It should be noted that the Third Circuit's opinion in *Pinker* is consistent with the majority of the other Circuit Courts of Appeal. *See United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1085 (1st Cir. 1992); *Hogue v. Milodon Engineering, Inc.,* 736 F.2d 989, 991 (4th Cir. 1984); *Busch v. Buchman, Buchman & O'Brien Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994); *United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320, 1330 (6th Cir. 1993); *Sec. Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985); *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 946–47 (11th Cir. 1997).

The reason for this is clear: In such cases, federal courts "sit as a unit of the national government" and apply the law of the United States as the sovereign, not the law of one of the fifty states as in diversity cases. Furthermore, state-based territorial limitations that might limit a federal court's jurisdiction in diversity cases are "inapposite" in federal question cases, such as those involving the False Claims Act.

Finally, the majority of Circuit Courts of Appeal that have considered the issue have held that as long as a defendant has minimum contacts with the United States, the concern for "fair play and substantial justice" is met, and no separate fairness analysis is required to establish personal jurisdiction. *See In re Federal Fountain, Inc., v. KR Entertainment, Inc.,* 165 F.3d 600, 602 (8th Cir. 1999); *see also Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668, 671 (7th Cir. 1987) ("Service of process is how a court gets jurisdiction over the person." . . . "[T]here can be no doubt that the national government is entitled to sanction [the defendant] for civil wrongs

5

committed within the territory of the United States. [The defendant] may not demand that the court applying the law of the United States be conveniently located.").

This approach makes sense since the fairness that due process requires relates to the fairness of the exercise of power by a particular sovereign over an individual based on residence or contacts with the territory of the sovereign. When a federal court exercises jurisdiction pursuant to a national service of process provision in a federal question case, it is exercising jurisdiction for the territory of the United States. *See Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293-94 (3d Cir. 1985).

Therefore, if a claim is brought under a statute that provides for nationwide service of process, all that is required to satisfy Constitutional due process concerns is a demonstration that the defendant possesses minimum contacts with the United States as a whole.

Here, the Amended Complaint has brought two claims under the FCA, which provides for nationwide service of process. The FCA states that "any action . . . may be brought in any judicial district in which the defendant . . . can be found, resides, transacts business, or in which any act . . . occurred." 31 U.S.C. § 3732(a). The FCA further states that "a summons . . . shall be issued by the appropriate district court and served at any place within or outside of the United States." *Id.*

Since the FCA authorizes nationwide service of process, consistent with the above case law, the United States as a whole is the relevant forum for analyzing the extent of Defendant Athena's contacts. *See U.S. v. Torkelsen*, 2007 WL 4245736, at *2 (E.D. Pa. 2007) citing *Pinker*, 292 F.3d at 369; *See also U.S. ex rel. Landsberg v. Levinson et al.*, 2006 WL 895044 at *3 (W.D. Pa. 2006) (holding that the appropriate analysis for personal jurisdiction under the FCA is whether the defendant had contacts with the United States).

6

In assessing the sufficiency of defendants' contacts with the forum, courts examine the extent to which the defendants availed themselves of the privileges of American law and the extent to which they could reasonably anticipate being involved in litigation in the United States. *Pinker*, 292 F.3d at 369. It is beyond dispute that Defendant Athena has sufficient contacts with the United States as a whole since it is a Virginia company, conducts business in the United States and derives a majority of its revenue from the U.S. government. *See* Dkt. No. 15 at ¶¶8, 47, 80, 86, and 95.

Thus, pursuant to 31 U.S.C. §3732(a), this Court has personal jurisdiction over Defendant Athena since it has sufficient contacts with the United States and has availed itself of the privileges of American law and must have anticipated being involved in litigation in the United States.

**B.    Pursuant to 31 U.S.C. §3732(a), venue is proper in this Court since Defendant Athena submitted its fraudulent certification to obtain a contract relating to work in Pennsylvania.**

Defendant Athena also argues that the Amended Complaint should be dismissed for improper venue pursuant to Rule 12(b)(3). Aside from again citing to a lack of contacts, Defendant Athena's single argument regarding venue is that "this venue is inconvenient for the action and thus these claims should be dismissed for improper venue." Defendant Athena is wrong. Pursuant to 31 U.S.C. §3732(a), venue is proper before this Court.

A court may dismiss a lawsuit for improper venue pursuant to Rule 12(b)(3). However, the venue issue, unlike the jurisdictional issue, is not whether the court has authority to hear the case but simply where the case may be tried. Because federal courts are courts of limited jurisdiction, a presumption arises that they are without jurisdiction until the contrary

7

affirmatively appears. *Myers v. Am. Dental Ass'n,* 695 F.2d 716, 724 (3d Cir. 1982) (internal citations omitted).

By contrast, a motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense. *Id.* Because of the nature of the motion, "it is not necessary [as contrasted with jurisdiction] for the plaintiff to include allegations showing the venue to be proper." *Id. citing* Fed.R.Civ.P. Form 2, Advisory Committee note 3. It logically follows therefore that on a motion for dismissal for improper venue under Rule 12 the movant has the burden of proving the affirmative defense asserted by it. *Id. citing United Rubber, Cork, Linoleum & Plastic Workers v. Lee Rubber & Tire Corp.,* 269 F.Supp. 708, 715 (D.N.J. 1967), *aff'd*, 394 F.2d 362 (3d Cir.).

Under the broad venue provisions of the FCA, a *qui tam* action "may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, **or in which any act proscribed by section 3729 occurred**." 31 U.S.C. §3732(a) (emphasis added). Section 3729(a) attaches FCA liability to anyone who:

>  (A)   knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

>  (B)   knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; and

>  (C)   conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G).

31 U.S.C. §3732(a)(1)(A), (B), and (C). It should also be noted that under 28 U.S.C. § 1391(c): "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to

8

reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

Accordingly, pursuant to 31 U.S.C. §3732(a), even a single occurrence of knowingly presenting a false claim or a false record is sufficient for venue to attach in that District.

Here, the Amended Complaint alleges that Defendant Athena submitted its fraudulently obtained certifications to obtain government contracts for work in Pennsylvania. For example, in 2009, Athena was awarded contract V529Q00129 relating to work in Butler, Pennsylvania. *See* Dkt. No. 15 at ¶22. In 2015, Athena bid on and was initially awarded contract HQ003414D0005 relating to work in Liberty Township, Pennsylvania. *Id.* at ¶23.

Further, according to the Amended Complaint, InsideGov.com, which is a website that reports the activities of Government Contractors, provides a snapshot of Athena's "Geographic Footprint" or "Place of Performance". *Id.* at ¶25-27. According to InsideGov.com, Athena works in Texas, Illinois, Pennsylvania, Virginia, Maryland, Louisiana, and District of Columbia. *Id.* Since 2007, Athena has bid and been awarded approximately $805,149.00 in Government contractual obligations for Pennsylvania related work. *Id.*

Since this Court, pursuant to the FCA, has personal jurisdiction over Defendant Athena and at least one "act proscribed by section 3729 occurred" in this District, venue is proper.

Finally, if the Court were to interpret Defendant Athena's motion as one for dismissal based on *forum non conveniens*, Defendant has again failed to meet its burden. A motion to dismiss for *forum non conveniens* allows for dismissal of a plaintiff's complaint only when a defendant can establish that there is an adequate alternative forum and suit in plaintiff's chosen forum is "oppressive and vexatious" to defendant, while "out of all proportion to the plaintiff's convenience ...." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 (1981).

9

Here, Defendant Athena has failed to provide any argument as to how venue in this Court is oppressive or vexatious. In fact, Defendant Athena's Motion to Dismiss does not even bother to address the *forum non conveniens* factors, other than mentioning the word inconvenient. It should be noted that the Plaintiff's choice of forum is generally paramount when making transfer decisions. *Endless Pools, Inc. v. Wave Tec Pools, Inc.,* 362 F. Supp.2d 578, 586 (E.D. Pa. 2005); *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970) ("It is black letter law that a plaintiffs choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed.... and unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiffs choice of forum should prevail.").

Thus, venue is proper in this Court.

**C.     If venue is not proper, this matter should be transferred to the District Court for the District of Columbia.**

Defendant Athena argues that "these claims should at least be transferred to the U.S. District Court for the Eastern District of Virginia", pursuant to 28 U.S.C. §1406. Defendant Athena argues that the Eastern District of Virginia is the correct venue because "Athena's Federal government contracts . . . are with agencies that are all located in the Washington, DC metro area" and a transfer "would be convenient to all parties and their witnesses, and be in the parties', and the Court's, best interest." Again, Defendant Athena has failed to meet its burden under 28 U.S.C. §1406.

If venue is not proper in the Middle District of Pennsylvania, this matter should be transferred to the District Court for the District of Columbia, not the Eastern District of Virginia. It should be noted that "[a]lthough 28 U.S.C. §1404(a) [or §1404(a)] gives the district courts discretion to decide a motion to transfer based on an individualized, case-by-case consideration

10

of convenience and fairness, such motions are not to be liberally granted." *Dinterman v. Nationwide Mut. Ins. Co.,* 26 F. Supp. 2d 747, 749 (E.D. Pa. 1998) *citing Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  Further, the burden to establish the necessity of a transfer is on the movant.  *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995).

In considering a request to transfer, the Third Circuit in *Jumara* established various public and private interests factors that a court should consider including: (1) the plaintiff's forum choice, (2) the defendants' choice, (3) the location where the claim arose, (4) the physical and financial convenience of the parties, (5) the convenience to the witnesses, (6) the location of evidence, and (7) other public interest factors.

Here, according to Defendant Athena the "Federal government contracts alleged in the Amended Complaint are with agencies that are all located in the Washington, D.C. metro area." Accordingly, witnesses and documents relating to those government contracts would be located in the Washington, D.C. area.  Since the Plaintiff/Relator lives in Maryland and Defendant Athena is located in Northern Virginia, the District Court for the District of Columbia is centrally located and as such it would be convenient to all the parties and witnesses.

Thus, if venue is not proper in the Middle District of Pennsylvania, all of the *Jumara* factors weigh in favor of a transfer to the District Court for the District of Columbia.

**D.     The Amended Complaint sets forth a valid claim under the FCA.**

Defendant Athena argues that the Amended Complaint should be dismissed because it "fails to state any precise misconduct by Athena and provides no substantiation for [its] conclusory allegations", as such it lacks sufficient specificity as required by Rule 9(b). Defendant Athena is wrong.

11

Rule 9(b) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim" for relief. The Third Circuit has held that in applying Rule 9(b), "focusing exclusively on its particularity language is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules." *Christidis v. First Pennsylvania Mortgage Trust,* 717 F.2d 96, 100 (3d Cir. 1983) *quoting* 5 C. Wright & A. Miller, Federal Practice & Procedure §1298, at 407 (1969); *United States v. Torkelsen*, 2007 WL 4245736, at *5 (E.D. Pa. 2007), *citing Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984).

Furthermore, courts examining *qui tam* complaints "should be sensitive to situations in which sophisticated defrauders may successfully conceal the details of their alleged fraud." *Id.* For this reason, while the complaint must allege the circumstances of the fraud, it need not plead all of the evidence or facts supporting it. *See* 5 C. Wright & A. Miller, Federal Practice & Procedure, §1298 at 625-26 (2nd ed. 1990). In addition, Rule 9(b) is relaxed where the specific facts underlying the fraud "would be peculiarly within the defendants' control." *See US ex rel. Stinson, Lyons, Gerlin & Bustamente v. Blue Cross, Blue Shield of Georgia. Inc.,* 755 F. Supp. 1040, 1052 (S.D. Ga. 1990) ("[w]here ... factual information is peculiarly within the defendant's knowledge or control, rule 9(b)'s requirement is relaxed somewhat"); *US ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304, 308 (5th Cir. 1999) ("when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the Rule 9(b) standard is relaxed, and fraud may be pled on information and belief"); *US ex rel. Butler v. Magellan Health Services, Inc.,* 74 F. Supp.2d 1201, 1215-16 (M.D. Fla. 1999) ("[A] relaxed requirement is applied where strict application of Rule 9(b) could result in substantial unfairness to private litigants who could not possibly have detailed knowledge of all circumstances surrounding the

alleged fraud. A strict enforcement of Rule 9 would frustrate the purpose of the FCA, so courts allow an exception whereby a plaintiff can plead information that may be available only through discovery.").

Here, the Amended Complaint exceeds the requirements of Rule 9(b).  The Amended Complaint alleges that Defendant Athena falsely certified that it was a HUBZone company.  *See* Dkt. No. 15 at ¶104. In order to meet the 35 percent HUBZone employee threshold, Athena paid individuals nominals sums of money so that they could be identified on fake employee rosters as working for Athena.  *Id.*  These alleged employees did not actually do any work for Athena, but rather were paid solely so that Athena can meet the 35 percent threshold.  *Id.*

The Amended Complaint notes that the Relator was Athena's Director of Operations for approximately five years.  *Id.* at ¶105.  During that time, the Relator would  notice the names of individuals on the employee roster that he never saw at worksites or in the office.  *Id.* When the Relator asked about these individuals, whom he had never met, he was told by Ms. Peebles and/or Ms. Schneider that they were on the roster so that Athena could keep its HUBZone certification.  *Id.* at ¶106.

For example, Athena claimed that Mary Dumfries was a company employee when in reality she was the property manager for the shopping plaza where Athena's offices were located.  *Id.* at ¶107.  Ms. Dumfries did not do any actual work for Athena, but instead worked for the owner of the shopping plaza.  *Id.*  Despite this Athena added her to the employee roster and paid her since she lived in the HUBZone and her inclusion allowed Athena to pass itself off as a HUBZone company.  *Id.* Using its fraudulently obtained HUBZone certification Athena obtained numerous prime contracts and subcontracts from government agencies and other prime contractors.  *Id.* at ¶108-109.

Accordingly, the Amended Complaint sets forth all of the required elements of a claim under the FCA, wherein it alleges that Defendant Athena (1) submitted false documents and information to received its HubZone certification; (2) used that fraudulent HubZone certification to get government contracts; and (3) was paid on those contracts.  Thus, the Court should deny Defendant Athena's Motion to Dismiss under Rule 9(b) and 12(b).

**E.    The board language of §3730(h) of the FCA protects current and former employees from retaliation.**

Without citing to any case law, Defendant Athena argues that the Plaintiff/Relator is not protected by 31 U.S.C. §3730(h) because he is a former employee.  Moving Defendant is wrong.

In 2009, Congress amended the "[r]elief from retaliatory actions" provision codified in 31 U.S.C. §3730(h) to exclude language that limited relief to retaliatory actions "by [an] employer." Fraud Enforcement and Recovery Act of 2009, Pub.L. No. 111–21, § 4(d), 123 Stat. 1617, 1624–25.  The current version of the statute states that:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

31 U.S.C. § 3730(h).  The congressional intent for the amendment was to "correct[ ] loophole[s]" and "assist individuals who are not technically employees ..., but nonetheless have a contractual or agent relationship with an employer." FCA Correction Act of 2008, S.Rep. No. 110–507, at 26–27 (2008); *see also* FCA Correction Act of 2009, H.R.Rep. No. 111–97, at 14 (2009)

(explaining that the statute was amended to protect "contract workers and others who are not technically 'employees'").

Several courts that have interpreted the new protections of §3730(h) have found that it can apply to former employees who are retaliated against by their former employer for reporting fraud or abuse. *See Ortino v. Sch. Bd. of Collier Cnty.,* 2015 WL 1579460, at *3 (M.D. Fl. 2015) (declining to dismiss a post-employment retaliation claim); *Haka v. Lincoln Cnty*., 533 F.Supp.2d 895, 917 (W.D. Wis. 2008) (recognizing a claim for post-employment retaliation in the decision not to rehire the plaintiff, reasoning that such hiring choices concern "the terms and conditions of employment"); *U.S. ex rel. Feaster v. Dopps Chiropractic Clinic, LLC,* 2016 WL 3855560, at * 5 (D. Kan. 2016) (allowing plaintiff to add a "post-termination retaliation" claim to his amended complaint without discussing § 3730(h)(1)); *Fitzsimmons v. Cardiology Assocs. of Fredericksburg, Ltd.,* 2015 WL 4937461, at *7 (E.D. Va. 2015) ("The Court will not, at this early pleading stage, find that the anti-retaliation provision of the FCA cannot cover Fitzsimmons's claims for post-termination" retaliation); *Tang v. Vaxin, Inc.,* 2015 WL 1487063, at *5 (N.D. Ala. 2015) (writing that "[o]ne could characterize a frivolous post-termination counterclaim as harassment under 31 U.S.C. § 3730(h)(1)," but then dismissing this claim for failure to comply with Rule 8 of the Federal Rules of Civil Procedure); *Glynn v. Impact Sci. & Tech., Inc.,* 807 F.Supp.2d 391, 419 (D. Md. 2011) (dismissing a post-employment retaliation claim on summary judgment, but allowing that such a claim may survive on different facts).

Here, on January 10, 2017, the Plaintiff/Relator Mr. Smith reported to the U.S. Attorney General and the US Attorney for the Middle District of Pennsylvania, via sealed Complaint, that Defendant Athena had fraudulently obtained certain SBA certifications and had used those certifications to obtain millions of dollars in Government contacts. *See* Dkt. No. 15 at ¶¶117-

124. Mr. Smith's report was made in good faith and is protected by the absolute judicial privilege under both Pennsylvania and Virginia law. *Id.*

In a clear attempt to harass and intimate Mr. Smith into silence and withdrawing the instant complaints, Defendant Athena filed a frivolous lawsuit in the Circuit Court for the County of Prince William in Virginia seeking at least $106,153.84 in damages. *Id.* Defendant Athena's Virginia lawsuit alleges that Mr. Smith breached his severance agreement by making "derogatory remarks by filing" the FCA complaints. *Id.*

Defendant Athena's Virginia lawsuit is clearly barred by the judicial privilege and completely meritless. Under Pennsylvania law, pursuant to the judicial privilege, a person is entitled to absolute immunity for "communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought." *Bochetto v. Gibson*, 580 Pa. 245, 251, 860 A.2d 67, 71 (2004) *citing Post v. Mendel,* 510 Pa. 213, 507 A.2d 351, 355 (1986) (emphasis in original). This privilege is based on the "public policy which permits all suiters, however bold and wicked, however virtuous and timid, to secure access to the courts of justice to present whatever claims, true or false, real or fictitious, they seek to adjudicate." *Id.* As the Pennsylvania Supreme Court explained in *Post*, "[t]o assure that such claims are justly resolved, it is essential that pertinent issues be aired in a manner that is unfettered by the threat of libel or slander suits being filed." *Id.*

Similarly under Virginia law, the judicial privilege, is broad in scope and applies to communications made in proceedings pending in a court or before a quasi-judicial body. *Lindeman v. Lesnick*, 268 Va. 532, 537, 604 S.E.2d 55, 58 (2004) *citing Penick v. Ratcliffe*, 149 Va. 618, 628, 140 S.E. 664, 667 (1927). If the communication is made in such a judicial proceeding, it need only be relevant and pertinent to the case to be protected by the privilege.

*Donohoe Construction Co. v. Mount Vernon Assocs.*, 235 Va. 531, 539, 369 S.E.2d 857, 861 (1988). "The reason for the rule of absolute privilege in judicial proceedings is to encourage unrestricted speech in litigation." *Id.* at 537, 369 S.E.2d at 860.

Contrary to Defendant Athena's argument, §3730(h) should apply since the basis of the Virginia lawsuit is the severance agreement, a type of employment agreement, which was signed while Plaintiff/Relator was an employee. The Virginia lawsuit was filed and is premised on the Plaintiff/Relator reporting the instant allegations of fraud to the U.S. Attorney General and the U.S. Attorney for the Middle District of Pennsylvania. Since the Virginia lawsuit lacks any merit or grounds in law, it is clear that it was filed to harass the Plaintiff/Relator.

Thus, the provisions of §3730(h), which prohibits the harassing of reporters, protects the Plaintiff/Relator from the costs of having to defend himself against Defendant Athena's frivolous litigation.

## V.    CONCLUSION

For the reasons stated above, the Plaintiff/Relator respectfully requests that the Court deny Defendant's Motion and allow this case to proceed.

Respectfully submitted,

**FREIWALD LAW, P.C.**

By: _____

AARON J. FREIWALD, ESQUIRE
GLENN A. ELLIS, ESQUIRE

Dated:  December 19, 2017

**<u>CERTIFICATION PURSUANT TO LR 7.8(b)(2)</u>**

Plaintiffs' Brief does not exceed 5,000 words as counted by Microsoft Word. The word count of the Brief, excluding tables and cover sheet, is 4,969.

**FREIWALD LAW, P.C.**

By: _____

GLENN A. ELLIS, ESQUIRE

December 19, 2017