**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel.* WILLIAM "BILL" SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 1:18-cv-02080 |
| v. | ) | |
| | ) | |
| ATHENA CONSTRUCTION GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR COSTS**

In support of its Motion to Dismiss and for costs, Defendant Athena Construction Group, Inc. hereby presents its Memorandum in Support of its Motion to Dismiss.

**I.      PROCEDURAL POSTURE**

The above-styled case was originally filed under seal by Relator William "Bill" Smith in the U.S. District Court of the Middle District of Pennsylvania (M.D. Pa.), on January 10, 2017. Relator is a former employee of Defendant, a construction superintendent, terminated for substandard performance by Defendant in January 2016.

The Department of Justice at that time declined to intervene and Relator served the Complaint on Defendant on October 13, 2017.

Defendant filed a Motion to Dismiss on November 1, 2017. In lieu of responding to the Motion to Dismiss, relator filed his Amended Complaint on November 21, 2017.

Defendant filed a new Motion to Dismiss, for lack of jurisdiction and for failure to state a claim, in response to the First Amended Complaint on December 5, 2017.  Relator filed his opposition on December 19, 2017.

Senior Judge Rambo of the M.D. Pa denied the Motion to Dismiss for lack of jurisdiction but granted in the alternative the motion to transfer venue to this court on August 29, 2018.  There was no ruling on the remaining substantive merits of the Motion to Dismiss. The case was assigned to Judge Amit Mehta on September 5, 2018. Judge Mehta requested that the parties re-brief the Motion to Dismiss the Amended Complaint on September 19, 2018.

Relator instead asked for leave to file a Second Amended Complaint. Counsel for Relator, on September 28, 2018 represented to the court that the Relator had found a hard drive in his son-in-law's home (where Relator cohabitates) with information relevant to the case that would potentially create new claims.

This Court agreed to allow the Department of Justice to review the proposed Second Amended Complaint,and directed that the proposed Second Amended Complaint be filed under seal for the Department of Justice to review to determine if the Department would change its decision not to intervene in the case.  On October 22, 2018, the Second Amended Complaint was filed under seal for Department of Justice review.

On January 8, 2021, the Department of Justice again declined to intervene. On January 18, 2021, this Court ordered the Second Amended Complaint unsealed, and ordered Relator to serve it on all the Defendants. During a status conference on January 29, 2021, Relator indicated by counsel that he intended to file a Third Amended Complaint.

This Court, by minute order, directed the parties to file a joint status report by February 19, 2021 related to the filing of the Third Amended Complaint. On February 19, 2021, the parties reported that Relator would file his Third Amended Complaint on February 26, 2021, and Defendant Athena would accept service by electronic filing on that date. Relator filed his Third Amended Complaint on February 26, 2021.

## II.    <u>LEGAL STANDARD</u>

To withstand a motion to dismiss under Rule 12(b)(6), the court must find that the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[N]aked assertion[s] devoid of further factual enhancement" are not sufficient to support a complaint. Id. (alteration in original) (internal quotation marks omitted) (citing Twombly, 550 U.S. at 557). Factual allegations are not required to be "detailed," but pursuant to the Federal Rules, they must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief," and the case can be dismissed. Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

When, as here, a complaint contains allegations of fraud, Rule 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Cimino v. Int'l Bus. Machines Corp., No. 13-CV-00907 (APM), 2019 WL 4750259, at *4 (D.D.C. Sept. 30, 2019).

"Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. "Together, Rules 8 and 9(b) require a plaintiff to plead the time, place, and content of the fraud and to identify the individuals allegedly involved." United States ex rel. Shea v. Cellco P'ship, 863 F.3d 923, 936 (D.C. Cir. 2017) (citing United States ex rel. Williams v. Martin-Baker

3

*Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004)). Further, the complaint must identify "the fact misrepresented and what was retained or given up as a consequence of the fraud." *Williams,* 389 F.3d at 1256 (D.C. Cir. 2004) (internal quotations and citation omitted).

Rule 9(b)'s particularity requirement "safeguards potential defendants from frivolous accusations of moral turpitude ... [and] guarantee[s] all defendants sufficient information to allow for preparation of a response." Id. at 1256 (internal quotation marks and citation omitted). A court should, however, dismiss a complaint with prejudice for failure to plead fraud with particularity "only if it determines the plaintiff could not possibly cure the deficiency by alleging new or additional facts." Shea, 863 F.3d at 936 (internal quotation marks omitted) (finding district court did not abuse discretion by granting leave to amend where relator "outlined the basic mechanics" of the fraud and "could potentially provide more detail about the 'who,' 'what,' 'where,' and 'when' of the fraud as to each individual contract").

## III.   <u>ARGUMENT</u>

### a. The Third Amended Complaint fails to state a claim because it is time barred by the Statute of Limitations

It is settled law that "[i]f the allegations [in a complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).

A Defendant may raise the statute of limitations as an affirmative defense via a Rule 12(b)(6) motion only when the facts that give rise to the defense are clear from the face of the complaint. *See Mizell v. SunTrust Bank,* 26 F. Supp. 3d 80, 85 (D.D.C 2014). "If no reasonable person could disagree on the date on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds." *DePippo v. Chertoff,* 453 F. Supp. 2d 30, 33 (D.D.C.

2006) (internal quotation marks and citation omitted).  *See also Wash. Metro. Area Transit Auth. v. Ark. Union Station, Inc.,* 268 F. Supp. 3d 196, 203-4 (D.D.C. 2017).

In ruling on a Rule 12(b)(6) motion grounded in a statute of limitations defense, a court must accept the well-pleaded allegations in the complaint as true and determine whether the plaintiff has plausibly alleged a claim that is not time-barred. *See Hill v. Gray*, 28 F. Supp. 3d 47, 54 (D.D.C. 2014).

The statute of limitations to bring a claim under the False Claims Act is defined as follows:

"(b) A civil action under section 3730 may not be brought—

"(1) more than 6 years after the date on which the violation of section 3729 is committed, or

"(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, "whichever occurs last." § 3731(b)."  *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1510–11 (2019).

### i. **Relator's claims which occur before January 18, 2015 are barred by the statute of limitations**.

This Court can take judicial notice, for the purpose of this Motion to Dismiss, that Relator represented to the Court that the claims asserted in the Second Amended Complaint were "completely new claims" arising from the discovery of the mystery hard drive.  The Second Amended Complaint was filed under seal due to new allegations of new violations. [1]  District

---

[1] Docket Document 42, page 7 line 20

Courts have held that an amended complaint under the FCA that states new claims or new and substantially different allegations of fraud must be filed under seal.  *See U.S. ex rel Davis v. Prince*, 766 F. Supp. 2d 679, (E.D.Va 2011);  *E. Bay Mun. Util. Dist. v. Balfour Beatty Infrastructure, Inc.*, No. 13-CV-02032-WHO, 2014 WL 2611312, at *3 (N.D. Cal. June 11, 2014); *United States ex rel. Hagerty v. Cyberonics, Inc.*, 95 F. Supp. 3d 240, 262 (D. Mass. 2015), *aff'd sub nom. Hagerty ex rel. United States v. Cyberonics, Inc.*, 844 F.3d 26 (1st Cir. 2016) (citing *E. Bay Mun. Util. Dist.*, 2014 WL 2611312, at *2–3).

Because Relator's Second Amended Complaint, by Relator's own representation to this Court, contained new and substantially different allegations of fraud, it does not relate back to the filing date of the original complaint.  *See Jones v. Bernanke*, 557 F.3d 670 (D.C. Cir. 2009). Former Federal Reserve Board (FRB) employee's inclusion of discrimination claims in his notice of intent to sue did not inform the FRB of his intent to assert discrimination claims, and, thus, the employee's amended claims for discrimination did not relate back to his original retaliation claims, for purposes of the 90-day limitations period, when the notice of intent to sue did not set forth any facts that would support the discrimination claims; rather, the facts supporting the employee's discrimination claims differed in both time and type from the retaliation claims set forth in the original complaint.). See *Hunt v. American Bank & Trust Co. of Baton Rouge, La.*, 783 F.2d 1011 (11th Cir. 1986) (Since counts concerned a separate incident of fraud, they did not relate back to the date of the original complaint dealing with the other transaction.) *See also ASARCO LLC v. Goodwin*, 756 F.3d 191 (2d Cir. 2014), cert. denied, 135 S. Ct. 715, 190 L. Ed. 2d 441 (2014); *Zundel v. Holder*, 687 F.3d 271 (6th Cir. 2012); *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950 (10th Cir. 2012); *Cleary v. Philip Morris Inc.*, 656 F.3d 511 (7th Cir. 2011).

The filing date for the Second Amended Complaint is the date it was ordered unsealed and served by this Court on January 18, 2021.  No motion for leave to amend was ever filed for the Second Amended Complaint, and no Defendant was given an opportunity to be heard on whether leave should be granted.  In this case, this Court *sua sponte* granted leave when it ordered the Second Amended Complaint unsealed and served on Defendants on January 18, 2021.  Until that time, the Second Amended Complaint was not yet before the court.  Under Fed. R. Civ. P. 15(a)(2), after once amending his complaint by right, Relator could only amend with leave of court.  Such leave of court was not granted until January 18, 2021. [2]

Any claims in the Third Amended Complaint carried over from the Second Amended Complaint that relate to violations of the FCA before January 15, 2015 thus are time barred by the statute of limitations.

> ## ii.  Relator's claims are time barred as the Department of Justice has been on notice of the "pass-through scheme" allegations since July 2016.

This Court can take judicial notice for the purposes of this Motion to Dismiss[3] that an investigation into the Athena "pass-through" scheme was launched by the U.S. Department of Justice upon the filing of case 2:16-cv-12950-BWA-JVM (E.D. La) in July 2016 ("the E.D. La Complaint"), by the same counsel for Relator in this action, Scott Simmer and Andrew Miller. The allegation against Athena, p. 282 of the E.D. La Complaint, is "Athena has engaged in small

---

[2] Docket Document 61
[3] <u>Covad Comme'ns Co. v. Bell Atl. Corp.</u>, 407 F.3d 1220 (D.C. Cir. 2005)

business fraud by falsely representing to Government agencies that it was performing small business eligible services when, in fact, it acted as a pass-through organization utilized by large contractors to circumvent the regulations and the law to obtain and keep the Prime Contract that required small business participation." Paragraph 169 of the Third Amended Complaint at bar reads almost identically: "As alleged below, Co-Defendants engaged in fraud by falsely representing to the government that it was performing small business eligible services when, in fact, it acted as a pass-through organization utilized by large contractors to circumvent the regulations and the law in order to obtain and keep the prime contract that required small business subcontracting." Large sections of the E.D. La complaint appear as boilerplate allegations in the Third Amended Complaint at bar. The court can also take judicial notice that the Department of Justice declined to intervene in the E.D. La case in 2019, and that the Relator voluntarily dismissed that case. Thus, the Department of Justice has been on notice of the "scheme" alleged since July 2016, well in excess of the three years provided in the False Claims Act.  Thus, any claims related to the "pass-through scheme" must be dismissed as time-barred.

> **b. The Third Amended Complaint fails to state a claim because Relator is by his own allegations not the original source and the "pass-through scheme" is barred by public disclosure.**

The FCA requires that, in order to prosecute a claim on behalf of the United States, the Relator must be the original source of the information.  31 U.S.C.A. § 3730(e)(4)(A, B). *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 127 S. Ct. 1397, 167 L. Ed. 2d 190 (2007). Similarly, a court shall not have jurisdiction to hear a FCA case related to a matter that has already been disclosed to the public.

### i. The "pass-through" scheme allegations have already been publicly disclosed and investigated by the U.S. Government.

The E.D. La Complaint, filed by the same counsel for Relator, shows that Carl Armstrong was the actual original source for the alleged Athena "pass-through" scheme.  As discussed *supra*, the E.D. La Complaint, which in sections is word for word identical to the Second Amended Complaint and the Third Amended Complaint, previously disclosed the "pass-through scheme" alleged to have been undertaken by Defendant Athena.  The Department of Justice declined to intervene that case (as it has done now for the third time involving these allegations against Athena).  The relator is barred from filing a False Claims Act complaint if the information is the result of a pre-existing government investigation.

The Act provides, however, that "[n]o court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 463, 127 S. Ct. 1397, 1403, 167 L. Ed. 2d 190 (2007).  The Act §§ 3730(e)(4)(A) further states "The court *shall* dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed— (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;" emphasis added.

While the allegations of the Third Amended Complaint refer to a different project, the parties (Component Assembly Systems (CAS) and Athena) are identical.  The scheme then has already been publicly disclosed, and this Court must dismiss under the Act.

ii.  **The Second Amended Complaint indicates that Smith is not the original source of the information related to Athena by his own allegations.**

Paragraph 230 of the Second Amended Complaint alleges, "According to one informant, Athena and CAS have a 'special relationship' which originally developed among Ms. Peebles, CAS Vice President Dave Prosida and CAS Assistant Vice President Ali Khosravi."  While the Third Amended Complaint removes the words, "According to one informant," the court may take judicial notice of language of the Second Amended Complaint, which reveals not only does the allegation not originate with Relator Smith, but that there is potentially more than one "informant" who are the original sources of the allegations.

For purposes of the Act, the "allegations" of the Relator are not limited to the original complaint or to an Amended Complaint, but must all be considered. "In our view, the term "allegations" is not limited to the allegations of the original complaint."  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473, 127 S. Ct. 1397, 1408, 167 L. Ed. 2d 190 (2007).  Relator admits he received information about the CAS and Athena contractual relationship from "one informant."  Smith therefore cannot be the original source for these allegations.

c.  **The Third Amended Complaint fails to state a claim with the necessary particularity under Fed. R. CIV. P. 12(b)(6) and 9(b)**

As discussed *supra*, to withstand a motion to dismiss under Rule 12(b)(6), the court must find that the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

10

Further, when a complaint contains allegations of fraud, Rule 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

### i. Count I of the Third Amended Complaint.

Count I of the Third Amended Complaint alleges a claim under the False Claims Act §§ 3729–3733 for "treble damages and forfeitures" by realleging and incorporating by reference "the allegations made in the preceding paragraphs of this Second Amended Complaint."

Three hundred and twenty-seven (347) paragraphs precede the Count I "claim." There is no specificity in Count I as to which paragraphs and allegations constitute the allegations necessary to state a claim under the Act.  Which paragraphs and which allegations support which part of Count I is left completely to the imagination of the Court, and the Defendants who must respond to the Third Amended Complaint.  This guess work clearly fails the specificity required for pleading under the Act. As this Court held in *Cimino*, the Plaintiff must "state with particularity the circumstances constituting fraud or mistake."  Cimino  at *4 (D.D.C. Sept. 30, 2019).

Further, the Act at 31 U.S.C. § 3729 outlines seven potential theories for recovery, each with different standards of proof, and none is specifically identified in the Count I claim. There are no details as to the time, place, and content of the fraud and to identify the individuals allegedly involved.  Count I specifies none of these elements.

The bold heading of Count I refers to a claim under 31 U.S.C. § 3729 (a)(1)(A), but the heading does not identify which Defendants knowingly presented which claims for payment.[4]

---

[4] Headings of course do not constitute actionable allegations, but in the Defendant's search for a cause of action somewhere in the Third Amended Complaint, all sources of potential instruction or enlightenment were considered.

No identification of the necessary particular facts for "Count I" can be divined from the Third Amended Complaint.

### ii.  Count II of the Third Amended Complaint

In a fashion similar to "Count I", "Count II" alleges a claim under the 31 U.S.C. § 3729 (a)(1)(B) by realleging and incorporating by reference the allegations made in "the preceding paragraphs of the Second Amended Complaint."

Three hundred twenty-seven (327) paragraphs precede the Count II "claim." There is no particularity as to which paragraphs and allegations constitute the allegations necessary to state a claim.

Further, Count II does not identify with particularity which Defendants knowingly made false representations to the United States, to whom in the United States Government those false representations were made, when those false representations were made, what constituted the false representations, nor does it identify which false records or statements were used by which Defendants, and it further does not state with specificity which false or fraudulent claims were paid or approved by the United States to which Defendants.  As discussed *infra*, the Third Amended Complaint fails utterly to identify the required who, what, when, and where required to state a claim.

Count II goes on to allege that damages *continue* to be incurred by the United States, but does not state with particularity which Defendants are engaged in the continuing activities, nor against which Agency, nor which specific false representations or statements are being made.

### iii.   Count III of the Third Amended Complaint

"Count III" of the Third Amended Complaint alleges a claim under the 31 U.S.C. § 3729 (a)(1)(C) by realleging and incorporating by reference the allegations made in "the preceding paragraphs of the Second Amended Complaint."

At this point in the Third Amended Complaint, three hundred thirty-one (331) paragraphs precede the Count III "claim." Relator provides no insight as to which paragraphs and allegations constitute the allegations necessary to state a claim under 31 U.S.C. § 3729 (a)(1)(C).

Count III does not identify with particularity which Defendants conspired with which other Defendants, when those conspiratorial actions took place, nor does it identify which overt acts were taken by which Defendants.

Count III alleges that damages continue to be incurred by the United States, but does not state with particularity which Defendants are engaged in the continuing activities, nor against which Agency, nor which specific overt acts are being taken.

### iv.   Count IV of the Third Amended Complaint

"Count IV" of the Third Amended Complaint alleges a claim under the 31 U.S.C. § 3729 (a)(1)(G) by realleging and incorporating by reference the allegations made in "the preceding paragraphs of the Second Amended Complaint."

Three hundred and thirty-four (334) paragraphs precede the Count IV "claim." There is no particularity as to which paragraphs and allegations constitute the allegations necessary to state a claim.

As with Counts I, II and III, Count IV does not identify with particularity which Defendants used which false records or statements, to conceal, avoid or decrease which obligations to which Agency, when or how.

Count IV alleges that damages continue to be incurred by the United States, but does not state with particularity which Defendants are engaged in the continuing activities, what those continuing activities are, nor against which Agency, nor which specific overt acts are being taken.

### v. HUBZone Program

To the extent that the Court is able to discern which allegations support Relator's claim against one amongst Counts I through IV, Relator still does not state a claim for violation of HUBZone regulations with the required particularity.

First, Relator has failed to plead with particularity when Athena first applied for its HUBZone certification.  Any false certifications by Athena would be tied to that submission, and Relator must identify that submission with particularity.  This date is even more crucial to Relator's purported claim given that the statute of limitations has run on many of the allegations in the Third Amended Complaint.

Second, Relator fails to plead with specificity when the company headcounts it alleges were taken in relation to the alleged false certification, which goes to whether any such headcount existed before or after a certification.  The date of the headcount is dispositive and necessary to state a claim for fraud under the HUBZone regulations.  Without the date, no claim for violation of the Act can be stated.

Third, the Court may take judicial notice that the SBA HUBZone regulations under 13 CFR §126.103 in effect at all times alleged in the Third Amended Complaint required HUBZone certified businesses only to "attempt to maintain" 35% of its employees residing in a HUBZone; and Relator makes no material factual allegations that Athena did not attempt to maintain that percentage[5]. There is no allegation that Athena did not attempt to maintain the 35% ratio; to the contrary, the Third Amended Complaint details a number of actions Athena took to maintain that number by employing individuals in numerous HUBZone areas.

Fourth, the Court may take judicial notice that under the SBA HUBZone regulations in effect at all times alleged in the Third Amended Complaint, once certified as a HUBZone business, Athena did not need to recertify every year and was otherwise considered a HUBZone business until recertified as a HUBZone business. Without pleading with particularity when Athena allegedly made false certifications, there can be no claim of violation of this regulation.

Fifth, Relator fails to plead with particularity which claims for payment were made by Athena when Athena was allegedly fraudulently certified as a HUBZone business, including the date, contract, and to which contracting Agency such claims for payment were made. "[T]he D.C. Circuit has required plaintiffs to 'state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud,' and to 'identify individuals allegedly involved in the fraud.' " *United States ex rel. Morsell v. Symantec Corp.*, 130 F.Supp.3d 106, 117 (D.D.C. 2015) (citing *United States ex rel. Williams v. Martin–Baker Aircraft Co., Ltd.,* 389 F.3d 1251, 1256 (D.C. Cir. 2004)). "Put more

---

[5] From 13 CFR § 126.103 *Attempt to maintain* means making substantive and documented efforts, such as written offers of employment, published advertisements seeking employees, and attendance at job fairs and applies only to concerns during the performance of any HUBZone contract. A certified HUBZone small business concern that has less than 20% of its total employees residing in a HUBZone during the performance of a HUBZone contract has failed to attempt to maintain the HUBZone residency requirement.

colloquially, an FCA plaintiff must identify the 'who, what, when, where, and how of the alleged fraud.'" *United States v. Kellogg Brown & Root Servs., Inc.*, 800 F.Supp.2d 143, 153 (D.D.C. 2011) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008))." *United States ex rel. Scott v. Pac. Architects & Engineers (PAE), Inc.*, 270 F. Supp. 3d 146, 152 (D.D.C. 2017).

### vi.   "Pass-Through Scheme"

To the extent that the Court is able to discern which allegations support Relator's claim against one among Counts I through IV, Relator still does not state a claim for a pass-through scheme that violates the Act.

First, Relator fails to plead with any particularity when Athena made any representation or claim, or submitted any record, to any entity, whether a named Defendant, "unnamed co-conspirator," or government entity, or the contents of any such representation, claim or record, in order to support its claim that Athena participated in a pass-through scheme.  As discussed *supra*, Relator must plead the "who, what, when, where, and how of the alleged fraud." *Kellogg Brown & Root Servs., Inc.* at 153.

Second, Relator fails to plead with particularity the actual contents of any small business subcontracting plan report (SF-294) alleged to be fraudulent, when the SF-294 report was submitted, nor how Athena had any knowledge of the fraudulent submission or complicity in such submissions.  Without these details, a claim under the Act, Section 3729(a)(1)B cannot prevail.

Third, a plain reading of Relator's factual allegations contradict Relator's own theory. Relator alleges that Athena did not work on the BRAC-132 contract, but in the same paragraph

alleges Relator was Athena's project manager on the contract. Third Amended Complaint, Paragraph 214.   Further, Relator alleges that Athena did not work on the St. Elizabeth's project for Balfour Beaty, but makes allegations that Athena did in fact have a scope of work and was expected to perform. Third Amended Complaint, Pages 40-42.

### d.  Materiality

The Act requires that any purported fraud by a contractor must be "material"; the act defines information as material if it has a "natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4). Importantly, "courts need not opine in the abstract when the record offers insight into the Government's actual payment decisions." *United States ex rel. McBride v. Halliburton Co.*, 848 F.3d 1027, 1032 (D.C. Cir. 2017) (citation omitted). As the Supreme Court has instructed, "[t]he materiality standard is demanding. The False Claims Act is not "an all-purpose antifraud statute," *Allison Engine,* 553 U.S., at 672, 128 S. Ct. 2123 or a vehicle for punishing garden-variety breaches of contract or regulatory violations. A misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment. Nor is it sufficient for a finding of materiality that the Government would have the option to decline to pay if it knew of the Defendant's noncompliance." *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 2003, 195 L. Ed. 2d 348 (2016)

To the extent that the Court accepts any allegations of the pass-through scheme, there are no factual allegations in the Third Amended Complaint that the pass-through scheme or the associated statements or representations were material to the payment of any claim against the U.S. Government.

17

i.   **Relator alleges no statute or regulation that makes the "pass-through" scheme as alleged by Relator unlawful or otherwise fraudulent, and therefore any such alleged scheme is not material under the Act**.

The only authority Relator alleges as a source of a duty, the violation of which could constitute fraudulent conduct, is an answer to a question taken from a SBA document, the "SBLO Handbook" as the source of the duty alleged to be violated. Third Amended Complaint, Paragraph 272.  There is no factual allegation as to how a "FAQ" response creates a material condition to payment.  Even the passage in the Handbook alleged by Relator itself indicates that such a "pass-though" arrangement as alleged would "…not comport with the spirit or intent of the subcontracting program."  Relator cites no statutory or case law authority that stands for the proposition that the response to question in a handbook[6] for U.S. Government employees creates a material duty for U.S. Government contractors.  Similarly, Athena cannot conspire with any Defendant in the absence of some tortious activity.  To state a cause of action for conspiracy under this statutory provision, the relator must allege (1) that "an agreement existed to have false or fraudulent claims allowed or paid" to the government, (2) that each alleged member of the conspiracy "joined that agreement," and (3) that "one or more conspirators knowingly committed one or more overt acts in furtherance of the object of the conspiracy." *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.,* 608 F.3d 871, 899 (D.C. Cir. 2010) (citations omitted).  *Pencheng Si v. Laogai Rsch. Found.*, 71 F. Supp. 3d 73, 89 (D.D.C. 2014).  But first, there must be an underlying offense. In the context of the FCA., this

---

[6] The court may take judicial notice that the full title of the "SBLO Handbook" is "A Handbook for Small Business Liaison Officers," and the excerpt is from the Frequently Asked Questions or FAQ of that handbook.

means that there can be no liability for conspiracy where there is no underlying violation of the FCA. *See United States ex rel. Amin v. George Washington Univ.,* 26 F.Supp.2d 162, 165 (D.D.C.1998) (dismissing a conspiracy action because, among other things, the alleged fraudulent actions of Defendants were "entirely lawful" and did not violate the FCA). *Pencheng Si, 71 F.Supp. 3d at 89.*

> ### ii.     Relator Alleges No Violation of Any Prime Contractor Duties for Reporting Small Business Subcontracts.

This Court can take judicial notice that 13 CFR § 125.3(a)(1)(i) specifically limits subcontract reporting by prime contractors, as follows, "Subcontract award data reported by prime contractors and subcontractors shall be limited to awards made to their immediate next-tier subcontractors. Credit cannot be taken for awards made beyond the immediate next-tier," with certain exceptions, none of which apply to the matter at bar. Thus, large contractors have no duty or obligation beyond reporting the first-tier subcontract award. Athena then cannot conspire to participate in a "scheme" to violate a non-requirement. *Pencheng Si, 71 F.Supp. 3d at 89.* The Relator here affirmatively alleges that subcontracts were awarded to Athena by large businesses, and that Athena was a small business. Those facts allege no violation of any duty by either the large business Defendants or Athena.

The legal conclusion that there is no duty on the part of the large business Defendants or by Athena is strengthened by 13 CFR § 125.3(b)(2), which *prohibits* large businesses from requiring a subcontracting plan or subcontracting goals from small businesses, as follows: "A small business cannot be required to submit a formal subcontracting plan or be asked to submit a formal subcontracting plan, a small-business prime contractor is encouraged to provide

maximum practicable opportunity to other small businesses to participate in the performance of the contract, *consistent with the efficient performance of the contract.*" Emphasis added.

### iii.    Relator Alleges No Violation of Any Prime Contractor Compliance Duties.

Relator makes no factual allegation that the large business Defendants failed to undertake any required compliance actions established in 13 CFR § 125.3(d)(3), and therefore cannot allege any activity by Athena to conspire or otherwise facilitate a failure under that section.

Relator makes no factual allegation of conduct by any of the large business Defendants detailed in 13 CFR § 125.3(d)(3)(ii) as examples of activities reflective of failure to make a good faith effort to implement a subcontracting plan, and therefore cannot allege any activity by Athena to conspire or otherwise facilitate any activities identified under that section.

Relator makes no allegation of the actual subcontracting goals established for each named large Defendant on each contract, and without such allegations, the Court can make no determination whether any alleged violation meets the materiality standard under the False Claims Act.[7]

Rather, Relator's own allegations and exhibits indicate that the various US Government Contracting Officers and Project Managers *knew* which companies were performing work on the contracts cited by relator; to the extent that the US Government knew that Athena's large business, second tier subcontractors were performing the work and made no objection or inquiry, such participation was not material to the contract. Third Amended Complaint, page 58.  Relator

---

[7] Relator here also fails the *Kellogg Brown & Root Servs., Inc.* test for identifying the "who, what, when, where" of any compliance violations by the named large businesses.

makes no allegation that the contracting relationships established by Athena were hidden or obfuscated, or that Athena attempted to pass off the large business subcontractors as their own.

### e.   Failure to State a Claim for Retaliation – Count V.

Relator alleges in Count V that Relator was terminated by Athena in retaliation for exercising his statutorily protected rights to investigate and report fraud under the False Claims Act.  For numerous reasons, the Relator's allegations fail by a plain reading to state a claim for retaliation under the Act.

### i.   Relator was not an employee of Athena at the time Relator filed the original complaint, in January 2017.

Relator specifically alleges in the Third Amended Complaint, paragraph 17 that his employment with Athena ended in 2016. The court can also take judicial notice that Relator was terminated by Athena in January 2016 from Virginia state and Federal cases (Third Amended Complaint, paragraphs 315-317).

Relator alleges in the Third Amended Complaint that Athena filed a lawsuit against Relator "shortly after" October 18, 2017 for breach of contract, at least 20 months after Relator's employment with Athena terminated. The court can take judicial notice that the lawsuit was filed on October 25, 2017.

Relator makes no factual allegation to support the claim that Relator's employment at Athena was terminated, or Relator was discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment prior to his termination in 2016.  The only factual allegation supporting the retaliation claim is that Athena filed a lawsuit in 2017 for breach of the separation agreement that Relator entered into with

Athena at the time of his termination in 2016. Relator's conclusory allegations in paragraphs 366 and 367 directly contradict Relator's factual allegations in paragraphs 339 through 346.  Post-employment retaliation is not protected under the False Claims Act. "We conclude that the False Claims Act's anti-retaliation provision unambiguously excludes relief for retaliatory acts occurring after the employee has left employment. So, our inquiry ends there. Because Potts alleges that the Center retaliated against her after she resigned her employment, she cannot have a cognizable claim under the statute. *Potts v. Ctr. for Excellence in Higher Educ., Inc.*, 908 F.3d 610, 618 (10th Cir. 2018) (footnotes excluded).

### ii.   Relator makes no factual allegations otherwise that Athena even knew of protected activities by Relator.

While Relator's allegation that the retaliation by Athena occurred, post-employment is dispositive to demand dismissal under Fed. R. Civ. P. 12(b)(6), it is worth noting additionally that the Third Amended Complaint contains no factual allegation that Athena knew or should have known of any pending or threatened lawsuit or complaint by Relator, or about any activity of any type undertaken by Relator in any way that could lead to invocation of the Act's anti-retaliatory provisions.

### IV.   Conclusion

For all of the forgoing reasons, Defendant Athena moves this court dismiss the Third Amended Complaint with prejudice, and for costs and attorney's fees under the False Claims Act.

Respectfully Submitted,


_____/s/_____
Milton C. Johns, VA Bar No. 42305
D.D.C. Attorney Number VA072
Executive Law Partners, PLLC
11130 Fairfax Boulevard, Suite 303
Fairfax, Virginia 22033
mjohns@xlppllc.com
Telephone: (571) 500-1010
Fax: (571) 408-8102
*Counsel for Athena Construction Group, Inc*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|                                      |     |                          |
|--------------------------------------|-----|--------------------------|
| UNITED STATES OF AMERICA             | )   |                          |
| *ex rel.* WILLIAM "BILL" SMITH,      | )   |                          |
|                                      | )   |                          |
| Plaintiffs,                          | )   |                          |
|                                      | )   | Case No.: 1:18-cv-02080  |
| v.                                   | )   |                          |
|                                      | )   |                          |
| ATHENA CONSTRUCTION GROUP, INC.      | )   |                          |
|                                      | )   |                          |
| Defendant.                           | )   |                          |

## PROSED ORDER

Based on the pleadings before the Court, argument of counsel, and for good cause shown,

Defendant Athena Construction Group, Inc.' Motion to Dismiss and for costs pursuant to Rule

12(b)(6) and Rule 9(b) [ECF 66] is hereby GRANTED.

IT IS SO ORDERED.

_____
United States District Court Judge

Dated: _____, 2021

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 22, 2020, the foregoing was filed via the CM/ECF

system and an electronic copy was served on the following via a notice of electronic filing

(NEF):

John Truong
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
John.Truong@usdoj.gov
*Counsel for United States*

Andrew M. Miller
W. Scott Simmer
Baron & Budd, P.C.
600 New Hampshire Avenue, N.W., Suite 10-A
Washington, D.C. 20037
amiller@baronbudd.com
ssimmer@baronbudd.com
*Counsel for William Smith*

Glenn Andrew Ellis
FREIWALD LAW, P.C.
1500 Walnut Street
18th Floor
Philadelphia, PA 19102
gae@freiwaldlaw.com
*Counsel for William Smith*

Thomas M. Craig
FH+H, PLLC
1751 Pinnacle Drive
Suite 1000
Tysons, VA 22102
tcraig@fhhfirm.com
*Counsel for Athena Construction Group, Inc.*

        _____/s/_____
        Milton C. Johns, VA Bar No. 42305
        D.D.C Attorney Number VA072
        Executive Law Partners, PLLC