## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )
United States of America, *ex rel.* )
William "Bill" Smith, )
)
     *Plaintiff,* )
)
     v. )     Case No. 1:18-CV-02080-APM
)     Judge Amit P. Mehta
Athena Construction Group, Inc., Balfour )
Beatty Construction Company, Inc., )
Barton Malow Company, Component )
Assembly Systems, Inc., Commonwealth )
Wall Systems, LLC, and John Does #-50, )
Fictitious Names, )
)
     *Defendants.* )
_____ )

## DEFENDANT BARTON MALOW COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO RELATOR'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S MARCH 25, 2022 <u>MEMORANDUM OPINION AND ORDER</u>

Stephen B. Shapiro (DC Bar # 414045)
David L. Haller (DC Bar # 1026467)
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
E-mail: Stephen.Shapiro@hklaw.com
E-mail: David.Haller@hklaw.com

*Counsel for Barton Malow Company*

# <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT ........................................................................................................2

        A.     The Court's dismissal of all claims against Barton Malow does not reflect a misunderstanding of Relator's fraudulent inducement claims. ...............................3

        B.     The Court's dismissal of all claims against Barton Malow does not reflect a misunderstanding of the causation standard as it applies to Relator's fraudulent inducement claims, which were purportedly based on false promises rather than pass-through agreements. .......................................................5

        C.     The Court did not *sua sponte* raise Relator's failure to adequately allege causation as pertains to his claims against Barton Malow or deprive Relator of an opportunity to respond. .................................................................................8

        D.     The Court's Order does not reflect an error regarding the viability of Relator's purported false certification claims against Barton Malow. ................................10

III.    CONCLUSION....................................................................................................12

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ben-Kotel v. Howard Univ.*,
   319 F.3d 532 (D.C. Cir. 2003)...........................................................................................10

*Campbell v. Nat'l Union Fire Ins. Co.*,
   130 F. Supp. 3d 236 (D.D.C. 2015)....................................................................................9

*Lewis v. D.C.*,
   736 F. Supp. 2d 98 (D.D.C. 2010)......................................................................................3

*Murphy v. Exec. Off. for United States Att'ys*,
   11 F. Supp. 3d 7 (D.D.C. 2014).......................................................................................2, 3

*United States ex rel. Cimino v. IBM Corp.*,
   3 F.4th 412 (D.C. Cir. 2021)...............................................................................................4

*United States ex rel. Tran v. Computer Scis. Corp.*,
   53 F.Supp. 3d 104 (D.D.C. 2014).....................................................................................10

**Rules**

Federal Rule of Civil Procedure 54(b)......................................................................................2

Defendant Barton Malow Company ("Barton Malow"), by counsel, respectfully submits this Memorandum of Law in Support of its Opposition to Relator's Motion for Partial Reconsideration of the Court's March 25, 2022 Memorandum Opinion and Order.  For the reasons set forth below, the Court should deny Relator's motion.

## I.     INTRODUCTION

The Court has now presided over this case for nearly four years and afforded Relator four opportunities to state a claim.  With the benefit of four iterations of Relator's False Claims Act allegations[1] and four separate sets of briefing on motions to dismiss the most recent iteration of those allegations, including 116 pages of Relator's memoranda of law in opposition to various motions to dismiss,[2] the Court issued a thoroughly-researched and well-reasoned 43-page Memorandum Opinion and Order ("Order") finding that Relator failed to adequately plead causation and dismissing all claims against most of Athena Construction Group, Inc.'s ("Athena") co-defendants, including Barton Malow.[3]

Despite all this, Relator has now filed a Motion for Partial Reconsideration of the Court's Order arguing that the Court's dismissal of Relator's claims against Athena's co-defendants was only issued because "[t[he Court either misunderstood Relator's fraudulent inducement claim to be based on pass-through agreements between Defendants, rather than on Defendants' false promises to comply with small business subcontracting requirements, or misconstrued the causation

---

[1] Compl. (D.E. 1, Jan. 10, 2017);
  Am. Compl. (D.E. 15, Nov. 21, 2017);
  Second Am. Compl. (D.E. 41, Oct. 22, 2018);
  Third Am. Compl. (D.E. 66, Feb. 26, 2021).
[2] D.E. 71 (Relator's 45-page Opposition to Athena's Motion to Dismiss);
  D.E. 89 (Relator's 20-page Opposition to Commonwealth Wall Systems' Motion to Dismiss);
  D.E. 96 (Relator's 27-page Opposition to Balfour Beatty's Motion to Dismiss);
  D.E. 99 (Relator's 24-page Opposition to Barton Malow's Motion to Dismiss).
[3] D.E. 107 (Order) at 22, 43.

standard as it applies to fraudulent inducement claims based on false promises."[4]  Relator further argues that the Court's "error warrants reconsideration, especially in light of the fact that Relator was never given an opportunity to explain why his complaint adequately alleges causation because the Court *sua sponte* raised that issue as grounds for dismissal."[5]  Finally, Relator argues that "it was error for this Court to effectively dismiss [his false certification claims] without considering them."[6]  As demonstrated below, the Court's decision to dismiss all claims against Barton Malow does not reflect a misunderstanding of Relator's fraudulent inducement claims or an error with respect to his false certification claims, and the Court did not *sua sponte* raise Relator's failure to adequately allege causation as it pertains to his claims against Barton Malow.  Even if the latter allegation were accurate, the Court identified a clear error by the Relator in his fourth attempt to state a claim against Barton Malow upon which relief may be granted.  Therefore, Relator has failed show any circumstances warranting relief under Federal Rule of Civil Procedure 54(b).

## II.    ARGUMENT

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  A motion for relief under Rule 54(b) is considered under the "as justice requires" standard.  *Murphy v. Exec. Off. for United States Att'ys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014) (citation omitted).  The "'[a]s justice requires' [standard] indicates concrete considerations of whether the court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the

---

[4] D.E. 114 (Motion for Partial Reconsideration) at 11.
[5] *Id.*
[6] *Id.* at 24.

[c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." *Lewis v. D.C.*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (citation omitted). "These considerations leave a great deal of room for the court's discretion." *Id.* "[B]ut in general, a court will grant a motion for reconsideration of an interlocutory order *only* when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Murphy*, 11 F. Supp. 3d at 8 (internal quotation marks and citation omitted) (emphasis added). Relator, thus, bears a heavy burden where, as here, he only attempts to demonstrate circumstances under which courts typically do *not* grant motions for reconsideration, such as an alleged misunderstanding of a party's claim.

### A.   The Court's dismissal of all claims against Barton Malow does not reflect a misunderstanding of Relator's fraudulent inducement claims.

Relator's fraudulent inducement claims against Barton Malow and Athena's other co-defendants are based on alleged pass-through agreements and were, therefore, rightly dismissed by the Court due to Relator's failure to adequately plead causation. When Relator was confronted with Barton's Malow's motion to dismiss showing that Relator's specific allegations against Barton Malow failed to consider Barton's Malow's status as subcontractor and were otherwise insufficient to state a presentment or false statement claim, he "pivot[ed]"[7] away from the allegations actually in his Third Amended Complaint ("TAC") and attempted to amend his TAC through argument in his opposition brief. Now that the Court has considered the TAC and determined that the allegations against Barton Malow are insufficient to state a claim, Relator again attempts to recharacterize his TAC, this time in a motion for reconsideration.

---

[7] D.E. 107 (Order) at 12.

Relator argues that the Court's Order dismissing all claims against Barton Malow reflects a misunderstanding of his fraudulent inducement claims because it considers them "to be based on pass-through agreements between Defendants."[8]   There was no misunderstanding.   Relator's fraudulent inducement claims against Barton Malow and Athena's other co-defendants were based on pass-through agreements.   Relator may wish to turn away from them now, but the allegations throughout the TAC make clear that his fraudulent inducement claims were, in fact, predicated upon alleged pass-through agreements between Athena and each of its co-defendants that Relator argued were intended "to deceive the United States concerning their affiliated relationships with one another."  TAC at ¶ 307.[9]   As the Court observed, Relator failed to allege that any of those agreements were in place *prior* to the government awarding particular contracts and could not possibly have affected the government's contracting decisions.  *United States ex rel. Cimino v. IBM Corp.*, 3 F.4th 412, 419 (D.C. Cir. 2021) ("Because the fraud must be in the inducement, liability under the FCA for fraudulent inducement must turn on whether the fraud caused the government to contract.").  With respect to Barton Malow, Relator simply does not allege that a pass-through agreement between Athena and Barton Malow existed before Athena submitted its winning bid for the Audie Murphy VA Hospital contract.[10]   In fact, Relator only alleged that "Defendant Athena had agreed to allow Defendant Barton Malow to serve as its *subcontractor on*

---

[8] D.E. 114 (Motion for Partial Reconsideration) at 11.

[9] *See, e.g.*, TAC at ¶ 176 ("Defendants Balfour Beatty and Athena agreed to deceive the government by having Athena serve as a pass-through on the St. Elizabeths project in exchange for an illegal kickback in the form of a 6% 'administrative fee' on all the subcontracted work that was passed through Athena."); TAC at ¶ 205 ("For example, on February 11,2013, Athena's Ms. Schneider emailed CAS Vice President Richard Unger and Mr. Khosravi, thanking them for lunch and expressing her agreement to 'carry [a] contract for you guys.'"); TAC at ¶ 251 ("Unbeknownst to the government, Defendant Athena had already agreed to allow Defendant Barton Malow to serve as its subcontractor on this contract.").

[10] *See* TAC at ¶¶ 246-55.

4

this contract,"[11] hardly an illicit pass-through agreement, and does not allege that Barton Malow agreed to be a subcontractor prior to bid submission.  Relator's failure to allege that Barton Malow entered an illicit pass-through agreement before Athena submitted to the government its bid on the Audie Murphy VA Hospital Project—a time within which such an illicit agreement could have affected the government's contracting decision—is fatal to his fraudulent inducement claims against Barton Malow.

> **B.    The Court's dismissal of all claims against Barton Malow does not reflect a misunderstanding of the causation standard as it applies to Relator's fraudulent inducement claims, which were purportedly based on false promises rather than pass-through agreements.**

The Court correctly construed Relator's fraudulent inducement claims as based upon allegedly illicit pass-through agreements.  But even if Realtor's fraudulent inducement claims were also based upon "Defendants' [allegedly] false promises to comply with small business subcontracting requirements,"[12] the Court rightly dismissed all claims against Barton Malow because Relator does not allege that Barton Malow actually made any such promises.

Relator generally alleges that each of the "Co-Defendants," Balfour Beatty Construction Company, Inc., Barton Malow, Component Assembly Systems, Inc., and Commonwealth Wall Systems, Inc,:

1)    falsely certified and represented to the government that it intended to comply in good faith with the terms of its Subcontracting Plan;
2)    submitted monthly progress payment requests certifying and representing to the government that it was fulfilling its material obligations to comply in good faith with its Subcontracting Plan;
3)    filed false 'Interim Subcontracting Reports'[13] concerning the progress toward its Subcontracting Plan; and

---

[11] *Id.* at ¶ 251 (emphasis added).

[12] D.E. 114 (Motion for Partial Reconsideration) at 11.

[13] Relator likely meant to allege that the Co-Defendants filed false "Individual Subcontracting Reports" as he alleges later in the TAC.  *See* TAC at ¶¶ 5, 101.

4)      paid Athena illegal fees for the use of Athena's small business classifications.[14]

Relator's actual allegations against Barton Malow, however, do not include an allegation that Barton Malow promised to do anything, either before or after Athena submitted its bid for the Audie Murphy VA Hospital Project.  As the Court is by now well aware, the TAC includes only ten (10) paragraphs addressing the Audie Murphy VA Hospital Project,[15] and this is the only project on which Barton Malow is alleged to have worked.[16]  *Id.*  This ten (10) paragraph section of the TAC alleges that Barton Malow did two things.  First, Relator alleges that "Barton Malow (not Athena) selected all of the second-tier subcontractors that would actually perform all of the work" on the Audie Murphy VA Hospital Project, a project on which Athena was the prime contractor and Barton Malow was a subcontractor.[17]  Second, Relator alleges that David Garrett of Barton Malow "informed Athena that Barton Malow selected ColeBrack Demolition to replace KMAC" as a subcontractor on the Project.[18]  A close review of Relator's actual allegations against Barton Malow reveals that Barton Malow did not make any promises regarding compliance with small business subcontracting requirements.  Therefore, the Court correctly concluded that Barton Malow could not have induced the government to make any contract award.[19]

For avoidance of doubt, Relator does not cite a single paragraph from the section of the TAC that actually pertains to Barton Malow and the Audie Murphy VA Hospital Project to support his statements that (i) the "TAC alleges that Defendants falsely promised they would comply with the terms of various Small Business Subcontracting Plans to induce the Government to award them

---

[14] TAC at ¶ 5.
[15] *Id.* at ¶¶ 246-55.
[16] *Id.*
[17] *Id.* at ¶ 253.
[18] *Id.* at ¶ 254.
[19] D.E. 107 (Order) at 23.

contracts" and, (ii) "[a]s alleged in the TAC, Defendants' promises to comply with the terms of the subcontracting plans (*e.g.*, to enter into small business subcontracts in the future) induced the Government to award Defendants the contracts." [20]  This can be verified by reviewing the section of the TAC entitled "Audie Murphy VA Hospital," which includes paragraphs 246 through 255 of the TAC.

Relator's other allegations only confirm that the Court's decision dismissing all claims against Barton Malow for failure to adequately allege causation was correct.  In the TAC, Relator alleges that *prime contractors* on federal government construction contracts have the duty to submit (i) Subcontracting Plans,[21] (ii) semi-annual reports providing performance information measured against those Subcontracting Plans,[22] and (iii) a certification with each monthly progress payment application stating that the amounts requested are only for performance in accordance with the terms and conditions of the prime contract.[23]  Relator further alleges that the *prime contractor's* progress payment certifications are conditioned on good faith compliance with the *prime contractor's* Subcontracting Plan.[24]  These allegations are significant because Relator also alleges that Barton Malow was *not* a prime contractor, but rather served as a subcontractor to Athena.[25]  Further, Relator does not allege that Barton Malow made any false promise to anyone, but even if Relator had, Barton Malow's status as a subcontractor directly contradicts any claim that Barton Malow made fraudulent representations to the government.  Even if Relator's actual allegations are accepted as true, Barton Malow was a subcontractor that did not have a duty to

---

[20] D.E. 114 (Motion for Partial Reconsideration) at 20 (citing TAC ¶ 5, 101, 38-39, 84-90, 92-100, 179, 184-85, 227, 289)).

[21] TAC at ¶ 85.

[22] *Id.* at ¶ 86.

[23] *Id.* at ¶ 113.

[24] *Id.* at ¶ 114.

[25] *Id.* at ¶¶ 247-49.

submit any Subcontractor Plans or Subcontracting Reports to the government.  Thus, to the extent that Relator's fraudulent inducement claims against Barton Malow were based upon false promises to comply with small business subcontracting requirements, they were appropriately dismissed for failure to plead causation.[26]

### C.    The Court did not *sua sponte* raise Relator's failure to adequately allege causation as pertains to his claims against Barton Malow or deprive Relator of an opportunity to respond.

The Court did not *sua sponte* raise Relator's failure to adequately allege causation or deprive Relator of an opportunity to respond to his pleading failure.  Relator argues that the Court's dismissal of his fraudulent inducement claims against Barton Malow warrants reconsideration because "Relator was never given an opportunity to explain why his complaint adequately alleges causation" due to "the Court *sua sponte* raising that issue as grounds for dismissal."[27]  Realtor is wrong.

Barton Malow first raised Relator's failure to plead causation in its August 2, 2021 motion to dismiss, arguing that "[a]s a subcontractor, Barton Malow did not have a duty or the legal status that would enable it to submit a Subcontract Plan, interim subcontracting reports, or request for payment to the government.  This explains why Relator has not and cannot allege that Barton Malow made these types of submissions in connection with the Audie Murphy VA Hospital Project."[28]  In other words, having not made any false promises to the government, Barton Malow could not have fraudulently induced the government to enter into a contract.

---

[26] Even Relator's authority acknowledges the necessity of a false promise to the kind of fraudulent inducement claim that Relator requests the Court reconsider.  D.E. 114 (Motion for Partial Reconsideration) at 20 ("Fraudulent inducement exists where a contract was procured by fraud or when a party to a contract *makes promises at the time of contracting* that it intends to break.") (citing *United States v. Honeywell Int'l Inc.*, 502 F. Supp. 3d 427, 454 (D.D.C. 2020) (emphasis added)).  Here, Barton Malow made no promises.

[27] D.E. 114 (Motion for Partial Reconsideration) at 11.

[28] D.E. 94 (Barton Malow's Motion to Dismiss) at 18-19.

Relator responded to Barton Malow's motion to dismiss by attempting to amend the TAC through argument in his opposition brief[29] and, as the Court observed, "pivot[ing]" toward a new claim for fraudulent inducement. *See Campbell v. Nat'l Union Fire Ins. Co.*, 130 F. Supp. 3d 236, 243 n.3 (D.D.C. 2015) ("It is well-established . . . that a plaintiff cannot amend her complaint via argument in an opposition brief.") (citation omitted). In response to Relator's inappropriate attempt to amend the TAC, Barton Malow again argued, this time in its September 13, 2021 reply in support of its motion to dismiss, that its allegedly fraudulent conduct could not possibly have induced the government's decision to award a contract. Indeed, Barton Malow, citing *Cimino*, argued that (1) "[a]ny alleged fraudulent conduct . . . must have occurred before the government decided to enter a contract or the conduct could not have affected that decision" and (2) "Relator did not plead that Barton Malow's allegedly fraudulent conduct . . . occurred *before* the government decided to award the contract."[30]

The Court did not *sua sponte* raise Relator's failure to adequately plead causation with respect to its fraudulent inducement claims against Barton Malow. Even if the Court had raised this issue on its own, dismissal would still be appropriate because Relator's failure to state a claim upon which relief could be granted could be raised by a party or the Court. Bluntly, this argument is both inaccurate and a red herring.

Barton Malow raised Relator's failure to plead causation in its motion to dismiss.[31] Relator failed to offer a persuasive response in its opposition brief and instead inappropriately attempted to amend that TAC. On September 13, 2021, Barton Malow again raised Relator's failure to plead

---

[29] D.E. 104 (Reply in Support of Barton Malow's Motion to Dismiss) at 6-13.
[30] D.E. 104 (Reply in Support of Barton Malow's Motion to Dismiss) at 18 (emphasis in original).
[31] D.E. 94 (Barton Malow's Motion to Dismiss) at 18-19.

causation in its reply in support of its motion to dismiss.[32]  If at any point during the more than six months between the filing of that reply and the Court's issuance of its decision in this matter, Relator believed that he needed an "opportunity to [*further*] explain why his complaint adequately alleges causation,"[33] he could have sought leave to submit a sur-reply.  *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) ("The district court routinely grants such motions [for leave to file a sur-reply] when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading.") (internal quotation marks and citation omitted).  Relator chose not to and should not now be heard to complain that he did not have a sufficient chance to educate the Court on his claims.[34]

### D.    The Court's Order does not reflect an error regarding the viability of Relator's purported false certification claims against Barton Malow.

As with his argument that the Court misunderstood the causation standard applicable to his fraudulent inducement claims against Barton Malow, Relator's argument that the Court erred with respect to his false certification claims ignores his own obvious pleading deficiencies.  Relator argues that "it was error for this Court to effectively dismiss [his supposed false certification claims] without considering them."[35]  Relator's purported false certification claims against Barton

---

[32] D.E. 104 (Reply in Support of Barton Malow's Motion to Dismiss) at 18.

[33] D.E. 114 (Motion for Partial Reconsideration) at 11.

[34] Barton Malow has already distinguished *United States ex rel. Tran v. Computer Scis. Corp.*, 53 F.Supp. 3d 104 (D.D.C. 2014) in its reply in support of its motion to dismiss.  D.E. 104 (Reply in Support of Barton Malow's Motion to Dismiss) at 15-16.  Relator's resort to the same authority it already raised in its opposition to Barton Malow's motion to dismiss, D.E. 99-2 (Relator's Opposition to Barton Malow's Motion to Dismiss) at 20, is not a basis for this Court to reconsider its Order.  *Murphy*, 11 F. Supp. 3d at 8 ("[I]n general, a court will grant a motion for reconsideration of an interlocutory order *only* when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." (internal quotation marks and citation omitted) (emphasis added).  Even if it were, as discussed in Barton Malow's reply in support of its motion to dismiss, *Tran* actually supports dismissal of the Relator's claims against Barton Malow.  D.E. 104 (Reply in Support of Barton Malow's Motion to Dismiss) at 15-16.

[35] D.E. 114 (Motion for Partial Reconsideration) at 24.

Malow were correctly dismissed because Relator did not allege that Barton Malow certified or impliedly certified anything to anyone.[36]  Just like his fraudulent inducement claims against Barton Malow, Relator argues that "[t]he TAC alleges that Defendants submitted numerous false claims impliedly certifying their compliance with the subcontracting plans," but does not cite a single paragraph from the section of the TAC that is actually about Barton Malow and the Audie Murphy VA Hospital Project.[37]  Indeed, none of the allegations that Relator cites pertain to Barton Malow. Relator did not allege that Barton Malow submitted "fraudulent invoices," or "Individual Subcontracting Reports . . . and Summary Subcontracting Reports . . . attesting to [its] compliance with the subcontracting plans."[38]  Even if Relator had actually made such allegations against Barton Malow, those allegations would be unsupportable and inconsistent with Relator's allegation that Barton Malow was a subcontractor.   Relator's allegations that *prime contractors*, not subcontractors like Barton Malow,[39] have the duty to submit (i) Subcontracting Plans,[40] (ii) semi-annual reports providing performance information measured against those Subcontracting Plans,[41] and (iii) a certification with each monthly progress payment application stating that the amounts requested are only for performance in accordance with the terms and conditions of the prime contract[42] directly contradict any allegation regarding Barton Malow's submission of any certifications (implied or otherwise).  The Court's Order dismissing all claims against Barton

---

[36] TAC at ¶¶ 246-255.
[37] D.E. 114 (Motion for Partial Reconsideration) at 25 (citing TAC ¶¶ 5, 101-103, 142-146, 279-80, 286-88, 289-90, 296, 299, 302, 309-10).
[38] D.E. 114 (Motion for Partial Reconsideration) at 25.
[39] TAC at ¶¶ 247-49.
[40] *Id.* at ¶ 85.
[41] *Id.* at ¶ 86.
[42] *Id.* at ¶ 113.

Malow, including Relator's purported false certification claims, does not reflect any error.  There simply were no well-pleaded false certification allegations against Barton Malow to consider.

## III.    CONCLUSION

Relator has failed to demonstrate any circumstances warranting reconsideration of the Court's March 25, 2022 Memorandum Opinion and Order.  As such, Relator's Motion for Partial Reconsideration should be denied.[43]

Dated:  May 20, 2022

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Stephen B. Shapiro
Stephen B. Shapiro (DC Bar # 414045)
David L. Haller (DC Bar # 1026467)
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
E-mail: Stephen.Shapiro@hklaw.com
E-mail: David.Haller@hklaw.com

*Counsel for Barton Malow Company*

---

[43] Even if the Court were inclined to reconsider its Order dismissing all claims against Barton Malow for failure to adequately plead causation, those claims are still due to be dismissed for failure to adequately plead (1) knowledge, (2) materiality, and (3) fraud with particularity— arguments which the Court has not yet considered.  D.E. 107 (Order) at 26 n. 5 ("Because the court grants Barton Malow's motion on causation grounds, the court need not rule on Barton Malow's particularity, Def. Barton Malow Company's Mot. to Dismiss Relator's TAC, ECF No. 94, at 11– 15, knowledge, *id.* at 18–19, or materiality arguments, *id.* at 19–24.).

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that, on this 20th day of May, 2022, a copy of the foregoing was served via this Court's electronic filing system on all parties of record:

Glenn Andrew Ellis
Freiwald Law, PC
1500 Walnut St, 18th Floor
Philadelphia, PA 19102
Email: gae@freiwaldlaw.com
*Counsel for William Smith*

Damon William Taaffe
John Cuong Truong
U.S. Attorney's Office for the District of Columbia
555 4th St, NW
Washington, DC 20530
Email: damon.taaffe@usdoj.gov
Email: john.truong@usdoj.gov
*Counsel for United States*

W. Scott Simmer
Andrew Michael Miller
Baron & Budd, PC
600 New Hampshire Ave, NW, Ste 10-A
Washington, DC 20037
Email: ssimmer@baronbudd.com
Email: amiller@baronbudd.com
*Counsel for William Smith*

Matthew A. Lipman
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1617 John F. Kennedy Blvd, Ste 1500
Philadelphia, PA 19103
Email: mlipman@mdmc-law.com
*Counsel for Component Assembly Systems*

Craig Alan Guthery
Fluet Huber & Hoang, PLLC
13580 Groupe Dr, Ste 200
Woodbridge, VA 22192
Email: cguthery@cgutherylaw.com
*Counsel for Athena Construction Group*

Ambika J. Biggs
Hirschler Fleischer, PC
8270 Greensboro Dr, Ste 700
Tysons, VA 22102
Email: abiggs@hirschlerlaw.com
*Counsel for Balfour Beatty Construction Company*

Milton C. Johns
Executive Law Partners, PLLC
9116 Center St, Ste 204
Manassas, VA 20110
Email: mjohns@xlppllc.com
*Counsel for Athena Construction Group*

Jeremy S. Schneider
Jackson Lewis, PC
10701 Parkridge Blvd, Ste 300
Reston, VA 20191
Email: Jeremy.Schneider@jacksonlewis.com
*Counsel for Commonwealth Wall Systems*

Thomas M. Craig
FH+H, PLLC
1751 Pinnacle Dr, Ste 1000
Tysons, VA 22102
Email: tcraig@fhhfirm.com
*Counsel for Athena Construction Group*

     /s/ Stephen B. Shapiro
     Stephen B. Shapiro