IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel* WILLIAM "BILL" SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>ATHENA CONSTRUCTION GROUP, INC, *et al*<br><br>    Defendant. | Civil Action No. 1:18-cv-02080-APM |

## JOINT STATUS REPORT

Pursuant to this Court's Order of May 21, 2022 (DKT. 120), Plaintiff William "Bill" Smith (" Plaintiff-Relator") and Defendants Athena Construction Group ("Athena") and Component Assembly Systems, Inc., ("CAS") respectfully submit the following joint status report.

**I.     Case Background:**

Plaintiff-Relator filed his Third Amended Complaint ("TAC") on February 21, 2021. [ECF 66]. On March 25, 2022, the Court entered a Memorandum Opinion and Order granting in part and denying in part Athena's Motion to Dismiss. [ECF 107].

The surviving claims against Athena fall within two categories. First, there are claims that Athena violated sections 3729(a)(1)(A) and 3729(a)(1)(B) of the False Claims Act by obtaining HUBZone certification under an implied false certification theory. Second, there are claims that Athena violated Section 3730(h) of the False Claims Act by retaliating against Plaintiff-Relator.

1

Plaintiff-Relator has claims against CAS based on its participation in an allegedly impermissible pass-through scheme with Athena in violation of the False Claims Act. These allegations are denied by Defendants.

CAS believes that the claims against it should be dismissed based upon the court's decision dismissing with prejudice, among other things, Plaintiff-Relator's claims against Defendants, Commonwealth, Barton Malow, and Balfour Beatty. *See* ECF No. 107 at 43. CAS is similarly situated as these previously dismissed defendants. CAS intends to move to dismiss claims against it following the Court's decision on Plaintiff-Relator's pending motion for reconsideration.[1]

## II. Discovery Progress:

**Plaintiff-Relator**

Plaintiff-Relator has served Interrogatories and Request for Production of Documents on Athena relating to the HUBZone allegations. Written responses were provided by Athena on August 24, 2022. Athena has interposed several objections that will need to be addressed by the Court, including Athena's unilateral limitation of relevant discovery to 2011-2016.

On November 2, 2022, Athena produced some of the documents requested by Plaintiff-Relator including HUBZone lists and calculations for the years 2013 and 2014. However, no other years have been provided nor has Athena provided any of the backup information for the tables provided. Athena has also yet to produce any personnel files or any of its internal communications relating to its HUBZone certification, which will need to be followed up on.

---

[1] As set forth in the parties' status report to the Court dated August 30, 2022 [ECF 127], there is an agreement involving counsel for Plaintiff-Relator and CAS permitting CAS to not actively participate in discovery pending the future of claims against the currently dismissed defendants which, again, are similarly situated as CAS. If claims against similarly situated defendants are reinstated then discovery involving CAS and these previously-dismissed defendants would proceed, but, if claims against the similarly situated defendants are not reinstated, then CAS will move to dismiss claims against it (assuming Relator-Plaintiff does not voluntarily dismiss CAS). As such, CAS' participation in discovery in this case is pending the outcome of Plaintiff-Relator's motion for reconsideration.

Finally, Plaintiff-Relator has agreed to travel to Athena to inspect the company's payroll records on December 13, 2022. However, as the parties worked on this report, it was revealed that Athena is withholding more than just payroll records – it is withholding "voluminous personnel, payroll, tax, and HUBZone documentation. There is no reason why these non-payroll records should not be produced via secure email.

On November 29, 2022, Plaintiff-Relator produced over 2,000 documents that were used and reviewed to recreate the chart found in Paragraph 157 of the Third Amended Complaint. These 2,000 documents were extracted from the 35,000 documents found on the Hard Drive. Having produced those documents, Plaintiff-Relator has provided Athena all of the documents they have requested.

It should be noted that other than communications with counsel, Plaintiff-Relator is not withholding any documents on the basis of privilege. However, Athena has yet to produce a privilege log even though it appears from its most recent filing, relating to the pending Motion for Sanctions, that Athena is relying on a legal interpretation of how an "employee" is defined by the HUBZone regulations. Namely, that Athena can meet its threshold requirement by "hiring" HUBZone residents to wash their personal cars or walk their dogs. Accordingly, Plaintiff-Relator has requested copies of the legal opinions underpinning Athena's belief and for a privilege log.

**Defendant Athena**

Athena has served an initial and Second Request for Interrogatories, an initial and Second Request for Production of Documents and a Demand for Admissions. Responses to the first set of discovery were received and deficiencies were discussed during a conference call on August 24, 2022, with Judge Mehta. During that call, Plaintiff was directed to provide more specific responses to Requests for Production 5 and 6 and information related to the compilation of

Paragraph 157 of the TAC (specifically, the identification of the individual employees identified per year along with an indication as to which employees were considered HUBZone employees). Plaintiff did ultimately provide a "recreation" of Paragraph 157 and during the second discovery conference on October 26, 2022, was ordered to produce all documents reviewed by counsel and Relator to prepare that chart. Despite the representation above that "on November 29, 2022, Plaintiff-Relator produced over 2,000 documents" no documents have been provided to Athena at this time.

Once the outstanding records are produced and reviewed, Athena may determine the need for further follow up depending on what is contained within those records. Athena will no longer pursue a privilege log from Plaintiff-Relator in view of the representation above. Although Plaintiff-Relator maintains above that they have requested a privilege log from Athena, no such request has been received. Further, Athena did not make any claim of "privilege" when responding to discovery requests, therefore, a request for a privilege log seems unfounded.

Athena provided fully responsive Answers to Interrogatories and Responses to Request for Production of Documents in August 2022. At no time prior to receipt of Plaintiff-Relator's input to this report has Athena been advised of any issues with discovery responses or any objections raised in those responses. There has been no written communication and no attempt to schedule a meet and confer. Further, despite representations by Plaintiff-Relator to the contrary, there have been no requests for "copies of legal opinions underpinning Athena's belief and for a privilege log."

The deposition of Plaintiff -Relator was conducted on August 23, 2022, but Athena is requesting that Plaintiff-Relator be produced for a second deposition to specifically discuss the

representations made by his counsel during the October 26, 2022, conference concerning the review of documents and the re-creation of Paragraph 157.

## III. Remaining Discovery:

**Plaintiff-Relator**

Once paper discovery is completed, as described above, deposition dates can be set for witnesses as identified in Athena's recently produced HUBZone documents. Except for Ms. Papa, who is Athena's former office manager and has already provided dates for her deposition, it is anticipated that subpoenas will have to be issued for several of Athena's former employees. Again, those depositions cannot be confirmed and/or scheduled until Athena has completed its paper production. The Plaintiff-Relator has been deposed.

**Defendant Athena**

Despite Plaintiff-Relator's assertions to the contrary, Athena has completed production of all responsive documents in their custody, possession, or control.

Since August 2022, Athena has made voluminous personnel and payroll files for more than 350 former Athena employees available for inspection at the headquarters of Athena. As clearly indicated in our responses to the Requests for Production of Documents, contained within these files for individuals who were determined to be living in a HUBZone would be a copy of a HUBZone map showing the residence, as well as a copy of whatever verifying identification was provided by that HUBZone employee to substantiate their residence. In August, Athena indicated that files containing documents responsive to multiple discovery requests were available for inspection and no objection was made by Plaintiff-Relator to this arrangement. The files are maintained in hard copy, are extremely voluminous given the number of employees, and it is

equally labor intensive for Athena as it is for Plaintiff-Relator to locate the specific documents sought by Plaintiff-Relator.

It appears that counsel for Plaintiff-Relator intends to view the documents on December 13, 2022, but will be required to sign and return the Protective Order forwarded to his attention last week before he will be permitted access to the files containing personal identifying information on more than 300 former employees.

Depending on the information contained within the 2,000 documents owed to Athena by Plaintiff-Relator, which Plaintiff-Relator asserts were produced on November 29, 2022, but have yet to appear at Athena's counsel's office, Athena may identify the need for further discovery requests.

As referenced by Plaintiff-Relator above, the deposition of fact witness (former Athena Employee) Karen Papa will take place in December. Plaintiff-Relator has demanded that no representative of Athena be visible on the video feed during this deposition. Ms. Peebles, Athena's President, was present during the deposition of Plaintiff-Relator and conducted herself in a professional manner throughout the five-plus hours of questioning. There is no reason or precedent for this request.

During the discovery conference on October 26, 2022, Athena raised the fact that Plaintiff-Relator had not produced documents responsive to Request #6 as directed by Judge Mehta during the initial discovery conference of August 24, 2022. Specifically, this request sought copies of the attorney invoices that supported Plaintiff-Relator's claims of damages in connection with the retaliation claims. During the October conference, Plaintiff-Relator's counsel advised this court that since a claim for Plaintiff-Relator's legal fees was pending before the EDVA in a companion matter, it would be redundant to produce them to this court pending a

resolution of the EDVA matter. Plaintiff-Relator's counsel did not raise this issue when initially directed to produce those invoices during the August 24, 2022, conference.

Mr. Johns, counsel for Athena, recalled that the only fees pending before the EDVA were specifically limited to the fees incurred by co-defendants, RE Construction, and attempted to refresh Mr. Ellis's recollection during the October conference. Mr. Ellis insisted that his position was correct as represented. Based on the representation of Mr. Ellis during the October conference, Judge Mehta indicated that he would not require the production of invoices at this time.

Subsequent to the conference, counsel for Athena reviewed Plaintiff-Relator's fee motion pending before the EDVA, as well as the transcript of the October 26, 2022, conference. A review of the motion appeared to support Mr. John's recollection that only RE Construction fees were being sought in the EDVA matter. A lengthy email with excerpts from both the motion and the October transcript was forwarded to Mr. Ellis with the request that he correct the record with the court. Although the parties exchanged several communications on this issue, there is no agreement as to whether or not Plaintiff-Relator's representations of what is pending before the EDVA were accurate and/or if there is a need for a correction of the record before this court. Athena requests that this issue be reviewed by this Court to determine if further direction should be issued related to the production of attorney invoices.

During the second discovery conference in October when it became evident from representations of Plaintiff-Relator's counsel that Plaintiff-Relator participated in the recreation of Paragraph 157, the Court suggested the possibility of a re-deposition of Plaintiff-Relator. Given the fact that Plaintiff-Relator appears to be the only witness who might be able to provide

some insight into how the information in the complaint was compiled, Athena requests the opportunity to re-depose Plaintiff-Relator on that issue.

Pursuant to the May 21, 2022, Discovery Order, fact discovery concluded on November 23, 2022. In view of the above, Athena requests that the discovery end date be extended to January 15, 2023. Due to the Holidays, Plaintiff-Relator proposes that the discovery deadline be extended to March 31, 2023.

It is likely that expert discovery will be required by both Plaintiff-Relator and Athena.

**IV. Settlement:**

Plaintiff-Relator and Athena are not considering settlement of this matter.

This joint status report is being submitted with the consent of all counsel.

Respectfully Submitted,

| | |
|---|---|
| Plaintiff William "Bill" Smith<br>By Counsel | Defendant Athena Construction Group, Inc.<br>By counsel |
| ___/s/ Glenn Andrew Ellis_____<br>Glenn Andrew Ellis<br>GLENN ELLIS LAW, PLLC<br>2301 Bryn Mawr Ave.<br>Philadelphia, PA 19131<br>D 215-847-2557<br>GAE@glennellislaw.com<br>*Counsel for William Smith*<br>*Pro hoc* | __/s/ Milton C. Johns_____<br>Milton C. Johns, VSB # 42305<br>D.D.C. Attorney No. VA072<br>Jill F. Helwig VSB #83202<br>D.D.C. Attorney No. VA145Executive Law Partners, PLLC<br>11130 Fairfax Blvd, Suite 303<br>Fairfax, VA 22030<br>571 500 1010<br>571 408 8102 Facsimile<br>mjohns@xlppllc.com<br>jhelwig@xlppllc.com<br>*Counsel for Defendant Athena* |

| | |
|---|---|
| Plaintiff William "Bill" Smith<br>By Counsel | Defendant Component Assembly Systems, Inc.<br>By Counsel |
| ___/s/ W. Scott Simmer_____<br>W. Scott Simmer<br>Andrew Michael Miller<br>BARON & BUDD, PC<br>600 New Hampshire Ave., NW, Suite 10-A<br>Washington, DC 20037<br>*ssimmer@baronbudd.com*<br>*amiller@baronbudd.com*<br>*Counsel for William Smith* | ____/s/ Michael R. Morano_____<br>Michael R. Morano<br>McELROY, DEUTSCH MULVANEY & CARPENTER, LLP<br>1617 John F. Kennedy Boulevard, Suite 1500<br>Philadelphia, PA 19102<br>mmorano@mdmc-law.com<br>*Counsel for Component Assembly Systems, Inc.* |