## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel* WILLIAM "BILL" SMITH | ) ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:18-cv-02080-APM |
| ATHENA CONSTRUCTION GROUP, INC, *et al* | ) ) |
| | ) |
| Defendant. | ) |

### JOINT STATUS REPORT

Pursuant to this Court's Order of May 21, 2022 and Minute Order of December 22, 2022 Plaintiff William "Bill" Smith and Defendants Athena Construction Group[1] respectfully submit the following joint status report specifically outlining open and unresolved discovery issued that require the attention of the Court for resolution. For brevity, we will not repeat the status sections of the recently filed November 30, 2022 Joint Status Report.

**OPEN DISCOVERY ISSUES**

    **I.**     **Plaintiff's Document Requests**

        a.     **Athena Files** – According to Athena there are approximately 20 bankers' boxes of documents responsive to Plaintiff's requests 17-19 and 22-25 at Athena's offices. It has been Plaintiff's position that Athena should produce those documents as it has produced documents previously. On December 29, 2022, Athena finally agreed to produce the relevant contents of the 20 boxes it identified as containing responsive documents. Athena has stated that it anticipates

---

[1] Discovery is stayed as to Defendant Component Assembly Systems pending the decision on the motion for reconsideration.

producing those documents no later than January 13th and possibly earlier.

However, the depositions of Athena's owners have been scheduled for February

8th and 9th.   Accordingly, Plaintiff is requesting that the Court order those

documents to be produced no later than January 20, 2022.

b.      **Electronic Search** – Plaintiff-Relator's counsel has repeatedly asked if Athena

has conducted a search of all its electronic records to produce relevant and

requested documents.  Athena has yet to provide a clear yes or no answer to this

question.   This is not a hard or confusing question.  We know from the Hard

Drive and from Athena's prior communications that it has both paper and

electronic documents that are relevant and have been requested.  Hopefully, the

scanning and production of the boxes discussed above will complete paper

discovery in this matter.  However, Athena has yet to see a significant number of

emails and/or electronic documents relating to its HUBZone status and/or Mr.

Smith.  Accordingly, the Court should order Athena to answer as to whether or

not it has conducted an electronic search of its email servers and electronic files

for relevant documents and to share what keywords it used to conduct said

electronic search.

c.      **Relevant Time Period** – Athena unilaterally limited the relevant years to 2011-

2016 when the Court's opinion denying Athena's motion to dismiss makes clear

that the Plaintiff has stated a fraud claim from the initial HUBZone certification to

2017.  Accordingly, the Court should order Athena to supplement it production to

include documents form 2017.

d. **Tax Returns** – Athena has objected to producing the business tax returns or Athena and those of its owners.  The company and personal tax returns of its two owners is relevant in that can serve as a verification of the address and payroll information being provided to the Government.  Accordingly, the Court should order Athena to produce its tax returns and that of its owners from 2011 to 2017.

e. **Banking Records** – Athena has objected to producing any banking records.  Banking records provide an important verification of the certified payrolls and employee rosters submitted to the Government in that they will show if certain employees received and cashed company checks.

f. **Privilege Log** – Despite the fact that Athena has redacted documents, it has not provided a privilege log.  Plaintiff requests that Athena produce a privilege log explaining all redacted documents.

## II. Defendant- Athena Requirements:

**Redeposition Of Plaintiff:** At this time, the only unresolved discovery issue from the perspective of Defendant Athena is Athena's request to take a second deposition of Plaintiff William Smith.  This request is based on the representations of Mr. Ellis during the October 26, 2022 discovery conference wherein he discussed Mr. Smith's participation in the review of documents and collection of information for the  recreation of Paragraph 157 in the Third Amended Complaint.   As the Court will recall, Mr. Smith was not able to provide any information about the original Paragraph 157 during his deposition and interrogatories on the issue were responded to as "attorney work product".

With regard to Plaintiff's disputed discovery requests, Athena briefly responds as follows:

**A. Athena Files** – documents responsive to multiple document requests are contained within files in storage (approximately 20 boxes).  Our August 2022 response to request for production advised that the documents were available for inspection and copying pursuant to the Rules of Court.  Mr. Ellis was scheduled to view the documents on two occasions during the fall but cancelled both visits.  At the time of the cancellation of his last visit, he advised that he was "designating" the full contents of the boxes as responsive and further advised that the documents were to be boxed and mailed to a company of his choosing for copying.  The company selected is in Georgia and does not provide legal support services (i.e. it does not bate stamp documents) and per Plaintiff's initial communication, would have a 30–45 day turnaround.

To avoid further issues and the prospect of Plaintiff seeking further extension of the discovery period to secure these records, Athena offered to scan the documents and will be in a position to serve the scanned documents during the week of January 9 – 13, 2023.

**B. Electronic Search:**  Defendant is confused by Plaintiff's continued insistence that documents have not been produced.  Athena provided a written response to the Request for Production of Documents, provided some electronic documents and made available 20+ boxes of potentially relevant materials.  If Plaintiff believes that Defendant did not respond to specific requests for production, he has yet to identify those specific requests in any type of deficiency letter. Generalized statements to the Court about documents that he thinks should exist and should be produced are not an appropriate method to secure discovery

**C. Relevant Time Period**:  Plaintiff was advised in our August 2022 discovery responses that no materials beyond the time period of Mr. Smith's employment with Athena would be included in our productions.  Plaintiff  never addressed his disagreement with this position in any type of deficiency letter, instead raising the issue in communications with the Court.  Discovery

conducted subsequent to the August discovery responses has confirmed that Plaintiff has no knowledge – direct or otherwise, or documentation, that would support any allegations of fraud for the time period beyond mid-January 2016. Plaintiff should not be permitted to a full-fledged fishing expedition when there is a demonstrated lack of basis for such allegations.

**D. Tax Returns**:  Defendant objected to these requests in their August 2022 response to discovery and up until several days ago, Plaintiff had never raised any issues with that objection. Plaintiff's position that the information in the tax returns would provide relevant information is mistaken and confirmation of the address of Ms. Peebles, which is the only one relevant, can be secured through other, less intrusive means.

**E. Banking Records:**  There is no request in Plaintiff's Request for Production of Documents that requests "banking records" or that could be interpreted to require the production of such records.  There would be no information in those document that would be relevant to the issues in this matter.

**F. Privilege Log**:  Defendant has advised Plaintiff of the reason for the redaction of three documents and will put that information in a formal privilege log.  It is unclear from communications with counsel what further documents are at issue.

We look forward to hearing from the Court with regard to the scheduling of a discovery conference to further discuss these matters.

Respectfully Submitted,

Plaintiff William "Bill" Smith
By Counsel

_____
Glenn Andrew Ellis
GLENN ELLIS LAW, PLLC
2301 Bryn Mawr Ave.
Philadelphia, PA 19131
D 215-847-2557
GAE@glennellislaw.com
*Counsel for William Smith*
*Pro hoc*

Defendant Athena Construction
Group, Inc.
By counsel

___/Milton C. Johns/_____
Milton C. Johns, VSB # 42305
D.D.C. Attorney No. VA072
Jill F. Helwig VSB #83202
D.D.C. Attorney No. VA145Executive Law
Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
571 500 1010
571 408 8102 Facsimile
mjohns@xlppllc.com
jhelwig@xlppllc.com
*Counsel for Defendant Athena*

Defendant Component Assembly Systems,
Inc.
By Counsel

__/Michael R. Morano_____
Michael R. Morano
McELROY, DEUTSCH MULVANEY &
CARPENTER, LLP
1617 John F. Kennedy Boulevard, Suite 1500
Philadelphia, PA 19102
MMorano@mdmc-law.com
*Counsel for Component Assembly Systems,
Inc.*