**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel* | ) | |
| WILLIAM "BILL" SMITH | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:18-cv-02080-APM |
| ATHENA CONSTRUCTION GROUP, | ) | |
| INC, *et al* | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## CONFIDENTIALITY AGREEMENT AND ORDER FOR THE PRODUCTION AND EXCHANGE OF PROTECTED INFORMATION

This matter having come before the Court by agreement of Plaintiff William Smith ("Plaintiff"), and Defendant Athena Construction Group, LLC ("Defendant") for the entry of a confidentiality agreement limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and good cause having been shown;

IT IS hereby ORDERED that:

This Order is being entered into to facilitate the production of payroll and personnel records maintained by Defendant Athena Construction Group, Inc. in response to Requests for Production of Documents propounded on behalf of Plaintiff William Smith.

1. In responding to a Request for Production of Documents propounded on behalf of Plaintiff, Defendant Athena Construction Group, Inc., will produce electronic copies of the personnel and payroll records maintained by Defendant during the relevant time period.

2. Inasmuch as the personnel and payroll records that are the subject of this Protective Order contain sensitive and confidential personally identifiable information ("PII") about the employees as well as confidential information related to Defendant Athena (collectively "Protected Information"), the parties agree that certain steps shall be taken in connection with the review, use and distribution of such materials to protect the privacy of the Athena employees and to maintain the confidentiality of this information.

3. All documents will be marked "CONFIDENTIAL" and are to be treated as such by all individuals given access to the materials.

4. Except with the prior written consent of the Producing party or by Order of the Court, "Confidential" documents produced by Athena Construction Group shall not be furnished, shown or disclosed to any person or entity except to:

a. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

b. parties to this action;

c. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, hereof;

d. the Court and court personnel, hereof;

e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

f. trial and deposition witnesses, hereof; and

g. any other person agreed to by the parties.

5.    Protected Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

6.  Any person receiving Protected Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

7. Extracts and summaries of Protected Information shall also be treated as confidential in accordance with the provisions of this Agreement.

8. The production or disclosure of Protected Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

9. This Agreement is entered into without prejudice to the right of either party to seek relief from, or modification of, this Agreement or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Virginia Rules of Civil Procedure or other applicable law.

10. This Agreement shall continue to be binding after the conclusion of this litigation except:

Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Protected Information produced or designated and all reproductions thereof, shall be returned to the Producing party or shall be destroyed, at the option of the Receiving party. This Agreement shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Agreement shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in

connection with any other matters.

11. This Agreement may be changed by further order of this Court and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**Entered this _____day of _____ 2022.**

_____
Judge

We ask for This:

Milton C. Johns, VSB #42305
D.D.C. Attorney No. VA072
Jill F. Helwig, VSB #83202
D.D.C. Attorney No. VA145
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
571 500 1010
mjohns@xlppllc.com
jhelwig@xlppllc.com
*Counsel for Defendant*
*Athena Construction Group, Inc.*

Glenn Andrew Ellis
GLENN ELLIS LAW, PLLC
2301 Bryn Mawr Ave.
Philadelphia, PA 19131
215 847 2557
GAE@glennellislaw.com
*Counsel for William Smith*