# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel* ) | |
| WILLIAM "BILL" SMITH ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) Civil Action No. 1:18-cv-02080-APM | |
| ATHENA CONSTRUCTION GROUP, ) | |
| INC, *et al* ) | |
| ) | |
| Defendant. ) | |

## JOINT STATUS REPORT

Pursuant to this Court's Minute Order of March 21, 2023 Plaintiff William "Bill" Smith and Defendants Athena Construction Group and Component Assembly Systems respectfully submit the following joint status report including a proposal for expert discovery.

**DISCOVERY STATUS**

**Plaintiff:** While the Plaintiff is disappointed with the Court's decision regarding his request to take Athena's corporate designee deposition, his only outstanding request is for the Police Report that was filed by Athena against him for allegedly hacking into Athena's computers. During Ms. Peebles' deposition she was questioned extensively regarding Athena's actions and investigation into its allegations that Mr. Smith hacked its computer system. At no time during the deposition did Ms. Peebles inform counsel that Athena had filed a police report against Mr. Smith. After the discovery deadline, on March 23, 2023, it was revealed in Ms. Peebles errata sheet for the <u>first</u> time that Athena had filed a police report against the Plaintiff. As soon as counsel became aware of the police report a request was made via email, which was ignored by Defense Counsel. The police report is obviously relevant and should be produced.

The only remaining document sought by the Plaintiff to Athena related to attorney fee invoices for his defense in the Virginia collateral lawsuit filed by Athena. During the pendency of this litigation there was also a motion in the Eastern District of Virginia for sanctions against Athena and for the award of attorney fees. That motion was granted, however, Athena has opted to appeal the granting attorneys' fees as a sanction. While it is anticipated that the 4th Circuit Court of Appeals will again affirm the Eastern District of Virginia's rulings relating to Athena's abusive and improper behavior, Plaintiff seeks guidance from this Court as to how to deal with his issue since it relates to the pending retaliation claim that is currently before the Court.

Finally, Athena has no idea what efforts were made by Plaintiff's counsel to obtain the deposition of its various ex-employees. Athena has no idea which of those employees refused to cooperate or are cooperating with Plaintiff's counsel and are prepared to file affidavits in support of the allegations made against Athena. After all, Plaintiff's counsel represents three (3) of their former employees, two of whom have been deposed in this matter, and all of whom support the allegations that Athena abused and defrauded the SBA's HUBZone program.

**Defendant Athena Construction Group**: At the time of the February 21, 2023 conference to discuss Plaintiff's Motion to Extend Discovery, Defendant Athena's only open issue was the subpoenaed deposition of fact witness Karen Papa. Mr. Ellis represented to this court that he would produce her within two weeks. Ultimately, Plaintiff provided dates at the end of March and the deposition was finally conducted on March 28, 2023. With that deposition, Defendant Athena has completed all discovery.

As represented by counsel for Mr. Smith at the time of the February 21, 2023 conference, Plaintiff required an additional extension of the discovery period specifically to locate former employees of Athena and secure their depositions ("so we are seeking with the help of

2

investigators, to find these people so we can depose them. There are five people that were essentially these proxy employees." G. Ellis, Dkt. 147, p5) Based on counsel's representations, this Court extended discovery through March 31, 2023, " if you want to try and locate people and get them deposed." Dkt 147, p 13  As of the extended discovery close date, counsel for Plaintiff has served no subpoenas for these depositions. Although Counsel for Plaintiff indicates that certain of those witnesses may not have cooperated, witness cooperation is not necessary if the deposition is secured through subpoena. Further, the fact that this office was not copied on any subpoenas indicates that none were served.  Defendant Athena would strenuously object should Plaintiff attempt to introduce affidavits from any former employees as the discovery period for anything other than previously requested documents or the depositions of specific former Athena employees, closed more than a month ago and absent the requested depositions, Athena is foreclosed from the ability to cross-examine these individuals.

     Although Plaintiff's counsel states that he represents three former Athena employees, Defendant have only disclosed two of those individuals during the litigation of this matter – Plaintiff Mr. Smith and fact witness Karen Papa. Despite representations by Plaintiff's counsel, neither of those individuals testified that Athena violated HUBZone regulations.  Although Mr. Smith testified that he concluded Athena failed to meet its HUBZone obligations through his general knowledge of who worked for Athena, he also testified that he held little to no knowledge of actual HUBZone regulations. Ms. Papa specifically testified that she did not believe Athena was committing fraud during the time of her employment and agreed that Ms. Peebles made all attempts to comply with the HUBZone regulations. Ms. Papa did state that she came to realize Athena committed fraud after being so advised by Mr. Ellis, prior to her deposition.  Further, if Plaintiff is in fact representing three former employees who he claims

support the allegations of fraud, Plaintiff has purposely withheld the identity of this witness/client and the scope of his/her information related to HUBZone allegations despite discovery requests on the issue.[1] Any attempt by Plaintiff to utilize this third undisclosed witness should be barred.

With regard to Plaintiff's representation that there is an outstanding discovery request, specifically for a copy of a police report filed by Athena Construction, that request was issued via email on March 20, 2023, well after the close of discovery for all but limited, specific purposes. Even if Ms. Peebles had recalled the fact that a police report was filed during her deposition on February 8, 2023 and Mr. Ellis issued a request via email that same day, it still would have been outside the time period during which a new discovery request could have been issued and responded to within the time permitted under the rules. This precise issue was discussed with Judge Mehta during the February 21, 2023 conference.

Pursuant to the direction of the Court on that date, Athena was directed that should it be in possession of any documents responsive to a document request that was properly and timely served during the open discovery period (which ended on February 17, 2023) Athena would

---

[1] Per information from Plaintiff's counsel during the drafting of this report, the third Athena employee is Carl Armstrong. Mr. Armstrong was previously represented by Mr. Ellis as the relator in the matter of *Ming v. Athena Construction Group, Inc., Component Assembly System,, Inc. (CAS), et al*, 2:16-cv-12950, US District Court for the Eastern District of Louisiana. The U.S. Government declined to intervene in that matter on June 10, 2019 and the matter was dismissed on October 15, 2019. It is not clear if Mr. Ellis is advising that he presently represents Mr. Armstrong in this matter but appears to relay that Mr. Armstrong has provided him with an opinion that Athena committed fraud related to their HUBZone certification. If that is the case, Athena strongly objects to the introduction of Mr. Armstrong into this matter as a witness on behalf of Plaintiff . Plaintiff's Rule 26 Disclosures listed eight specific individuals with knowledge supporting Mr. Smith's allegations related to HUBZone certification. The knowledge of each of those eight individuals was described in individual paragraph. Mr. Armstrong was not one of those eight individuals. His name was included on an attachment to the Disclosures, a list of 76 purported Athena employees "who may have relevant information concerning the Plaintiff-Relator's HUBZone allegations". If Mr. Armstrong has, in fact, provided information to Plaintiff that "support[s] the allegations that Athena abused and defrauded the SBA's HUBZone program" such was not effectively communicated in Plaintiff's discovery responses and Athena would strenuously object to the utilization of Mr. Armstrong as a witness in this matter.

4

provide same. No new requests for documents would be permitted. The earlier appropriately served document request of Plaintiff neither requested any police reports nor sought documents related to any investigations Athena may have conducted. Therefore, the request is not contained within appropriately issued documents requests and the actual requests was issued outside of the discovery period in an email and Athena is not required to respond.

Finally, Defendant must address the issue raised related to the attorney invoices that support Plaintiff's damages in his retaliation claim. During the October 26, 2022 discovery conference, Defendant sought to compel the production of documents supportive of Plaintiff's damages in connection with the retaliation claim, specifically all attorney invoices for the collateral matter ultimately determined in the Eastern District of Virginia. Counsel for Plaintiff objected to the production of those invoices at that time, maintaining that a motion concerning the relevant fees was presently pending before the Eastern District of Virginia and therefore, he was reluctant to produce those documents in the event fees were awarded in that court. (Dkt. 136, p14-15) During that conference, Milton Johns, counsel for Defendant Athena, in an attempt to correct the record, reminded counsel that the motion for fees pending before the Eastern District was filed specifically only on behalf of co-defendant RE Construction. Counsel for Plaintiff disagreed. (Dkt. 136, p15-16) Based on Plaintiff's counsels representation, Plaintiff was permitted to delay production of the invoices at that time.

Mr. Johns again brought this issue to the attention of Mr. Ellis in an email communication of November 15, 2022 wherein he attached Plaintiff's Motion and Memorandum in Support of Motion for Sanctions on behalf of Defendant RE Construction. The email directly quoted from Plaintiff's filings in the Eastern District explaining that Mr. Smith was not a party to

this motion and requested that Mr. Ellis correct the record with this Court. Mr. Ellis responded on November 28, 2022 with the following:

> Milt,
>
> What I said to the Court is that the Court's decision in the District Court in Virginia may impact what remains of the attorney's fees that would seek as part of the retaliation claim. That still remains the case. For example, if the Virginia court gives us all of our attorney's fees then certainly you would object to us seeking those same fees from the DC court. I am not sure why you think that is a misrepresentation to the Court that requires correction.
>
> Glenn

This response was puzzling inasmuch as the Eastern District could not give Plaintiff "all of our attorney's fees" as only those fees attributable to RE Construction were requested from that court. Inasmuch as no invoices were attached to the motion filed in the Eastern District nor was a dollar amount offered, it is not possible to determine if the Eastern District Motion is actually seeking **all** fees owed to Mr. Ellis for both defendants or just for RE Construction. Based on counsel's email, and despite the motion being filed only on behalf of RE Construction, it seems that the former is more likely.

On January 20, 2023, the Eastern District entered an Order granting Defendant RE Construction's motion for sanctions. A footnote on page 1 of the opinion specifically stated "Defendant William Smith, III does not seek attorney fees." [2]

Despite all of the above, counsel for Plaintiff is again representing to this court that the fees for Mr. Smith are pending before the court in the Eastern District. While it seems clear that this court is the only court where Mr. Smith's prior attorney invoices are at issue, there is clearly confusion on the part of Plaintiff's counsel, which must be addressed by this Court.

---

[2] Defendant will supply a copy of the Order entered by the Eastern District of Virginia should this Court request same.

**Defendant Component Assembly Systems:** As set forth in the parties' previous status reports to the Court, there is an agreement permitting CAS to not actively participate in discovery pending the future of claims against the currently dismissed defendants which ex-parties are, again, similarly situated as CAS. It was understood that if claims against similarly situated defendants are reinstated pursuant to Plaintiff-Relator's motion for reconsideration, then discovery involving CAS and these previously-dismissed defendants would proceed. The motion for reconsideration, however, was denied, and so said claims are not being reinstated by this Court. Following this Court's decision on the motion for reconsideration, counsel for Plaintiff-Relator and CAS reached an agreement in principle whereby CAS would be dismissed voluntarily from this case (so the parties would not have to engage in motion practice). Counsel for Plaintiff-Relator and CAS are currently negotiating the terms of such voluntary dismissal and a question has arisen as to whether the Department of Justice must agree to the dismissal of CAS. Its noted that, although this portion of the letter was drafted by counsel for CAS, counsel for Plaintiff-Relator consents to and agrees with the contents of same.

**EXPERT REPORTS**

**Plaintiff:** The Plaintiff has retained the former Deputy Director for the HUBZone Program Arthur Collins to serve as his expert in this case. While Mr. Collins has already begun his work, the record is extensive and involves more than 30,000 pages of documents. The last set of documents produced by Athena was not in January but was on February 22, 2023. Accordingly, Plaintiff would ask for at least sixty days to prepare his report and corresponding exhibits.

**Defendant Athena:**

Based on discussions with counsel at the conclusion of the February 21, 2023 conference, this Court requested that the parties include a proposed schedule for the production of expert

reports in this joint report. At this time, with the close of all discovery, Athena is comfortable that there is no disagreement among the parties as to the key facts of this case and that it would therefore be appropriate to move directly to a summary judgment motion.

Should the Court, after hearing the position of Plaintiff and co-defendant CAS, determine that expert reports should be exchanged prior to discussing a summary judgment motion, Athena respectfully requests a time line of thirty days from the date of the submission of this report for the production of Plaintiff's expert report. Defendant Athena believes that this is a reasonable amount of time given the representations of Mr. Smith's counsel during the February 21, 2023 conference nearly six weeks ago that "we have an expert who will be writing a report". Defendant Athena responded to discovery in 2022, produced Ms. Peebles for deposition when requested and concluded the bulk of document production in January of 2023 (six months of 2017 payroll were produced in mid-February). The only discovery conducted since that time was the deposition of Plaintiff's fact witness, Karen Papa. Mr. Ellis has represented Ms. Papa since early November 2022 and therefore anything stated by Ms. Papa during her recent deposition would not come as news to Mr. Ellis. Despite an inflated representation of 30,000 pages, Athena has produced just over 20,000 pages of documents, a large part comprised of weekly payroll records for seven years. These payroll records do not require significant time to read and digest and the pertinent information is readily accessible.. Accordingly, Plaintiff's expert has had access to the vast majority of documents for nearly sixty days at this point. An additional sixty day time period in a matter that has been pending for more than five years is unreasonable. Defendant maintains that a thirty-day time period for the production of Plaintiff's report is reasonable.

Defendant Athena would request thirty days from receipt of Plaintiff's report to respond.

We look forward to hearing from the Court with regard to the scheduling of a discovery conference to further discuss these matters.

Respectfully Submitted,

| | |
|---|---|
| Plaintiff William "Bill" Smith<br>By Counsel | Defendant Athena Construction Group, Inc.<br>By counsel |
| ___/s/ Glenn Andrew Ellis<br>Glenn Andrew Ellis<br>GLENN ELLIS LAW, PLLC<br>2301 Bryn Mawr Ave.<br>Philadelphia, PA 19131<br>D 215-847-2557<br>GAE@glennellislaw.com<br>*Counsel for William Smith*<br>*Pro hoc* | ___/s/ Milton C. Johns<br>Milton C. Johns, VSB # 42305<br>D.D.C. Attorney No. VA072<br>Jill F. Helwig VSB #83202<br>D.D.C. Attorney No. VA145Executive Law Partners, PLLC<br>11130 Fairfax Blvd, Suite 303<br>Fairfax, VA 22030<br>571 500 1010<br>571 408 8102 Facsimile<br>mjohns@xlppllc.com<br>jhelwig@xlppllc.com<br>*Counsel for Defendant Athena* |
| | Defendant Component Assembly Systems, Inc.<br>By Counsel |
| | ___/s/Michael Morano<br>Michael Morano<br>McELROY, DEUTSCH MULVANEY & CARPENTER, LLP<br>1617 John F. Kennedy Boulevard, Suite 1500<br>Philadelphia, PA 19102<br>mmorano@mdmc-law.com<br>*Counsel for Component Assembly Systems, Inc.* |