# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, *ex rel*
WILLIAM "BILL" SMITH

    Plaintiff

v.

ATHENA CONSTRUCTION GROUP, INC, *et al*

    Defendant.

Civil Action No. 1:18-cv-02080-APM

## STATEMENT OF MATERIAL FACTS

1. Plaintiff William Smith ("Smith") initiated this False Claims Act suit with the filing of an initial complaint under seal on January 10, 2017 in the U.S. District Court for the Middle District of Pennsylvania (M.D. Pa). Dkt. 1.

2. Mr. Smith is a former employee of Athena who was terminated by Athena for substandard performance in January 2016. Dkt. 1, ¶2, Ex A Deposition Amber Peebles, P41:21-25.

3. The original complaint, filed under seal, sought $66 million in damages from Defendants Athena, Athena's President Amber Peebles and Athena's founder and Vice-President Melissa Schneider, for knowingly submitting false claims in the amount of approximately $22 million to the government. Dkt. 1,¶2-4. The claims were based on alleged violations of the FCA, 31 U.S.C. §§3729 (a)(1)(A) and (B), violation of the Financial Institution Reform, Recovery and Enforcement Act of 1989 (12 U.S.C. §§1833a(a), (c)(3)), breach of contract and unjust enrichment. Relator alleged that Athena falsified information to obtain various Small Business Administration

certifications "including, but not limited to" the Historically Underutilized Business Zone program ("HUBZone"), Service-Disabled Veteran Owned Small Business Program ("SDVOSB"), 8(a) Business Development Program and the Woman-Owned Small Business Federal Contracting Program ("WOSB")." Dkt.1 at ¶¶98, 101, 106.

4. The Department of Justice at that time declined to intervene and Relator served the Complaint on Defendants on October 13, 2017. Dkt.10.

5. Defendants filed a Motion to Dismiss on November 1, 2017. Dkt.11.

6. To avoid a hearing on the Motion to Dismiss, Plaintiff filed an Amended Complaint on November 21, 2017. The Amended Complaint put forth two counts – Violation of the FCA (31 U.S.C. §3729) and Retaliation. Dkt. 15.

7. Subsequent to the filing of the Amended Complaint, the matter was transferred to the U.S. District Court for the District of Columbia. Dkt. 26.

8. Subsequent to the transfer, a Second Amended Complaint was filed (Dkt. 41), a second government review was undertaken and intervention again declined (Dkt. 60),with the matter ultimately proceeding to discovery under the Third Amended Complaint ("TAC"). Dkt. 66.

9. The Third Amended Complaint contained various causes of action related to the FCA as well as a cause of action for Retaliation (Count V). Dkt. 66.

10. On March 12, 2021, Defendant Athena filed a Motion to Dismiss. Dkt. 68, 69. This motion sought dismissal of the HUBZone allegations, the pass through allegations and the retaliation claim.

11. On March 25, 2022, Defendants' motions to dismiss were decided and granted in part and denied in part. In relevant part, Count V for Retaliation survived the motion to dismiss. Dkt. 107.

12. On August 23, 2022 the deposition of Plaintiff William Smith was conducted. During

deposition, Mr. Smith testified that he was not an employee of Athena when they filed suit against him. Ex. B Deposition William Smith at P85L11-P86L1.

13. When asked to identify the protected conduct that he was engaged in at the time that the retaliation took place, he was prohibited from responding by counsel who argued that the question required the disclosure of attorney-client privileged material. Ex. B, P86L2-7. The following exchange then occurred:

> Q: What were the terms of your employment that Athena violated when it filed suit against you?
>
> A. Well, they were harassing me for disclosing illegal activity.
>
> Q. What was the illegal activity that you disclosed?
>
> A. The HUBZone violations, everything listed in the complaint.
>
> *Id.* at P86L19-P87L7.

14. Mr. Smith further testified that he first identified that Athena had obtained its HUBZone certification fraudulently within three or four months of starting work at Athena. *Id.* at P52L17-53L7. He confirmed that he did not raise his concerns to anyone at Athena or to the Federal Government at any point during his five plus years with Athena. *Id.* at P53L8-14.

15. Mr. Smith clarified that the "independent investigation" conducted and referenced in the Third Amended Complaint consisted of "going over the recall rosters and just doing a little simple math. That's it. That's an investigation." *Id.* at P171L11-14. He was asked what he then did with that information and he indicated that he "passed it to counsel" but only after he was no longer an employee of Athena. *Id.* at P175L6-13.

16. Mr. Smith testified that he was terminated by Athena in January 2016. *Id.* at P90L4-14.

17. In response to being asked how he was damaged by the alleged retaliation of Athena, Mr.

Smith responded that he "was intimidated and it caused a lot of stress." Ex. B at P202L7-17. 19. Mr. Smith confirmed that he is not seeking any lost wages as a component of his damages related to the retaliation cause of action. *Id.* at P202L2-4.

18. Mr. Smith was not able to put a figure on his legal fees, stating "I wouldn't have a way of figuring that out right now." "Have you calculated your attorney fees to date?" "No." *Id.* at P203L11-204/8.

19. Through discovery requests, Athena sought the production of all documents that evidenced damages claimed in relation to Count V Retaliation. Plaintiff objected to this request. Ex. M #6.

20. Through discovery responses, Mr. Smith confirmed that the alleged retaliation by Athena started after he was fired and after he reported his claims under the False Claims Act. Ex. L #19.

21. During the October 26, 2022 discovery conference with the court, the parties discussed counsel's failure to produce any documents evidencing damages for Count V. Counsel for Relator advised Judge Mehta that it was premature to produce evidence of attorneys' fees inasmuch as they were seeking Mr. Smith's fees through the EDVA matter. Ex. D, P15L13-16.

22. With that representation by Relator's counsel, Judge Mehta put the discovery of attorney fees evidence on hold.[1] Ex. D, P16L20-24.

23. At the final discovery conference of April 7, 2023 when Athena again raised the issue of the lack of documentation for damages related to Count V, Judge Mehta directed "[i]f Plaintiff seeks to recover the costs of legal fees in defending the case filed against him in the Eastern District of Virginia, he shall produce relevant records (Invoices and proof of payment) no later than April 14, 2023. **The failure to produce the records will result in Plaintiff being foreclosed in**

---

[1] The matter pending in the Eastern District of Virginia was *Athena v. William Smith and RE Construction*. The fee motion filed by Mr. Ellis in that court was specifically and solely for recovery of legal fees on behalf of RE Construction. The motion specifically advised that court that Mr. Smith's fees would be sought in the U.S. District Court for the District of Columbia.

**seeking damages premised on legal fees and costs.**" (emphasis added). Ex. F

24. On April 12, 2023, in response to the Court's April 7, 2023 Minute Order, Plaintiff produced documents from Freiwald Law, PC, Baron & Budd and the Law Offices of Jeffrey J. Downey. Exs. G, H and I, respectively.

25. The documents produced in response to the April 12, 2023 Minute Order cannot be described as "invoices" as that term is commonly used and understood.

26. No proof of payment of any amount by Mr. Smith was produced.

| | |
|---|---|
| May 18, 2023 | Respectfully submitted<br>Athena Construction Group, Inc,<br>By counsel, |
| | /s/ Milton C. Johns, VSB NO. 42305 |
| | Milton C. Johns<br>Executive Law Partners, PLLC<br>11130 Fairfax Blvd, Suite 303<br>Fairfax, VA 22030<br>T: 571 500 1010<br>F: 571 408 8102<br>mjohns@xlppllc.com |