# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* WILLIAM "BILL" SMITH<br><br>v.<br><br>ATHENA CONSTRUCTION GROUP, INC., *et al* | Civil Action No.: 1:18-cv-02080-APM |

## PLAINTIFF'S RESPONSE TO DEFENDANT ATHENA CONSTRUCTION GROUP, INC.'S FIRST INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and applicable local rules, Plaintiff by and through its attorneys, Glenn Ellis Law, PLLC, responds to Defendant Athena's First Set of Interrogatories (the "Interrogatories") as follows:

INTERROGATORY No. 1: Please state the full name of Plaintiff, the current address and the identity of all persons assisting in answering these interrogatories.

**RESPONSE: The Plaintiff's full name is William Montgomery Smith III and his current address is 814 Creek Road, Severna Park, MD 21146.  He did not receive assistance answering these interrogatories from anyone other than counsel.**

INTERROGATORY No. 2: State the name and address of all persons whom you expect to call as expert witnesses at trial, the subject matter on which each is expected to testify, the substance of the facts and opinions to which each expert is expected to testify and the grounds for each opinion to which he is expected to testify.

**RESPONSE:  Plaintiff has not yet determined what individual(s) he will call as an expert witness(es) at trial.  Expert reports will be provided in accordance with the Court's case management order.**

INTERROGATORY No. 3: Identify each and every person whom you believe, or have reason to believe, has personal knowledge of any facts alleged in the Third Amended Complaint, the circumstances giving rise to this litigation, or of any of the claims made or defenses asserted, and describe in detail the knowledge you believe each possesses and provide an address at which each may be served with a deposition or trial subpoena.

**RESPONSE:  In addition to the parties, the Third Amended Complaint identifies several individuals in paragraphs 155 and 156 that have personal knowledge regarding the**

Plaintiff's HUBZone allegations. Additional individuals were identified in Exhibit A to the Plaintiff's Initial Disclosures, which was provided on June 30, 2022. The Plaintiff does not have current addresses where those individuals may be served with a subpoena.

INTERROGATORY No. 4: With regard to your employment with Athena, provide a full list of each position/title held by you during your employment, the time period(s) you held each position, and your responsibilities for each specific position including a breakdown of the operational versus administrative responsibilities for each position.

RESPONSE: The Plaintiff was employed as Athena's Superintendent on September 20, 2010. Later the Plaintiff was made Director of Operations. The responsibilities of both positions were similar. In general, the Plaintiff was responsible for supervising and directing Athena's field operations. This included attending meetings with clients, ordering materials, scheduling and directing Athena's small work force. The Plaintiff's Administrative responsibilities were limited to scheduling and producing weekly reports.

INTERROGATORY No. 5: Identify all employment secured by Plaintiff subsequent to termination from Athena Construction Group in January of 2016. This is to include the name of each employer, the dates of hire and termination, title or job description, and salary or wages for each year of employment to the present.

RESPONSE: The Plaintiff did not have any full time or part time employment after leaving Athena.

INTERROGATORY No. 6: Describe in detail the circumstances under which you came to be in possession of a hard drive containing Athena documents. Provide dates, times and places as well as the identity of all employees/owners of Athena that were involved in, or would be aware of, the creation of the hard drive and the fact that it was left in your possession.

RESPONSE: On or about January 18, 2016, at approximately 5 p.m., the Plaintiff was called into a meeting with Amber Peebles and Clay Frook. At that meeting, the Plaintiff was informed by Ms. Peebles that he was being terminated. Due to the late hour, Mr. Frook stopped the Plaintiff from packing up all his personal items from his desk and office space. Mr. Frook assured the Plaintiff that all of his personal items would be packed up for him and delivered to his home address. The Plaintiff agreed and then proceeded outside to collect his personal items from the company truck that had been assigned to him. The Plaintiff was driven home by Jorge Sandoval. A few days later, Mr. Sandoval delivered a box of items to the Plaintiff's home address, which contained the Hard Drive that was discovered to contain Athena documents.

INTERROGATORY No. 7: Identify the time period and the process through which you compiled the information put forth in paragraph 157 of the Third Amended Complaint that purports to provide the Athena employee count by year. The "process" is to include, but not be limited to,

how you secured the information related to each individual you counted as an employee (name, address, status with Athena) and how your job responsibilities required or provided you access to the personal identifying information of these employees.

**RESPONSE: The Plaintiff did not compile the information set forth in paragraph 157 of the Third Amended Complaint. That information was compiled by his attorneys from various paid and public information sites and as such constitutes privileged attorney work product. By way of further response, the Plaintiff has requested rosters, employee files and payroll records for Athena's HUBZone qualified employees.**

INTERROGATORY No. 8: Explain how you came to be in possession of, or have access to, "employee lists" or "employee rosters" for Athena, the frequency with which you were able to access these lists, the business purpose for your access of these lists in connection with your responsibilities at Athena, the frequency with which you accessed these lists during your employment, the types of information provided on these employee lists and the last time you were able to access such a list.

**RESPONSE:  The Plaintiff was regularly emailed employee rosters while he was Director of Operations.  In part of the rosters were provided so that the Plaintiff could schedule and direct Athena's small work force.**

INTERROGATORY No. 9: With regard to the information put forth in Paragraph 164 of the Third Amended Complaint, explain in detail how you arrived at the number of distinct contracts-"31" – as well as how you calculated the total value of "$87,646.677.06" for those purported 31 contracts.

**RESPONSE:  Objection, this interrogatory is unduly vague, overly broad and references several undefined terms.  Without waiving said objection, paragraph 164 contains a table listing the contracts and the contract amounts.**

INTERROGATORY No. 10: Describe in detail your role in Athena's preparation of paperwork/submissions for each HUBZone certification or recertification that was filed during the time period of your employment with Athena. If you played no role in the certification or recertification process, please explain the source of your allegations that Athena submitted false information in these filings.

**RESPONSE: The Plaintiff did not have a role in preparing or submitting Athena's HUBZone certifications or recertifications. The Plaintiff was aware of Athena's HUBZone fraud because it was openly discussed by management.  For example, the Plaintiff recalls being concerned that Athena could get in trouble for dumping construction waste into the common dumpster behind their offices.  Ms. Peebles reassured the Plaintiff that it would not be an issue because the property manager was on Athena's payroll to help meet their HUBZone obligations.**

INTERROGATORY No. 11: Provide the identity of any "informants" who provided information or documentation to you in connection with this action and identify the specific information provided by each informant and the time period during which that information was provided.

**RESPONSE: Objection, this interrogatory is unduly vague and references an undefined term. Without waving said objection, the Plaintiff is not aware of any other "informants". As noted in the Third Amended Complaint, paragraph 19, the Plaintiff is the original source of the HUBZone allegations against Athena.**

INTERROGATORY No. 12: Describe the "independent investigation" that you conducted related to the allegations contained in the Third Amended Complaint. To include, but not be limited to, the time period of that investigation, all persons consulted during that investigation, documents secured and/or reviewed during that investigation.

**RESPONSE: Objection, this interrogatory is unduly vague and references an undefined term. Without waving said objection, the Plaintiff's knowledge of Athena's HUBZone fraud does not come from an investigation. The Plaintiff's knowledge stems from the years he worked at Athena as its Superintendent and then Director of Operations. The Plaintiff understands that his counsel and the U.S. Government have conducted their own investigations into his HUBZone allegations. The information compiled by his attorneys constitutes attorney work product and as such is privileged.**

Glenn Andrew Ellis
GLENN ELLIS LAW, PLLC
2301 Bryn Mawr Ave.,
Philadelphia, PA 19131
gae@glennellislaw.com
*Counsel for William Smith*

W. Scott Simmer
Andrew M. Miller
BARON & BUDD, P.C.
600 New Hampshire Ave, N.W., Suite 10-A
Washington, D.C. 20037
amiller@baronbudd.com
ssimmer@baronbudd.com
*Counsel for William Smith*

Dated: 7/10/22

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via email to the following:

Amibka J. Biggs, Esqurie
Hirschler Fleischer
8270 Greensboro Drive, Suite 700
Tysons, VA 22102

Matthew A. Lipman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1617 JFK Blvd., Suite 1500
Philadelphia, PA 19102

Milton C. Johns, Esquire
Executive Law Partners, PLLC
11130 Fairfax Blvd., Suite 303
Fairfax, VA 22030

GLENN A. ELLIS, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, *ex rel.*
WILLIAM "BILL" SMITH

v.                                                Civil Action No.: 1:18-cv-02080-APM

ATHENA CONSTRUCTION GROUP,
INC., *et al*

## **VERIFICATION**

I, William "Bill" Smith, state that I have read Defendant Athena's First Set of

Interrogatories and my answers to those interrogatories, which are true to the best of my

knowledge, information, and belief.  I declare under penalty of perjury that the foregoing is true

and correct.

_____
William "Bill" Smith