IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* WILLIAM "BILL" SMITH<br><br>v.<br><br>ATHENA CONSTRUCTION GROUP, INC., *et al* | Civil Action No.: 1:18-cv-02080-APM |

**PLAINTIFF'S RESPONSE TO DEFENDANT ATHENA CONSTRUCTION GROUP, INC.'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and applicable local rules, Plaintiff by and through its attorneys, Glenn Ellis Law, PLLC, responds to Defendant Athena's First Set of Request for Production of Documents (the "Requests") as follows:

1. All documents in your possession, custody, or control identified in or used to formulate, a response to the Interrogatories.

**RESPONSE: None.**

2. All documents, reports, or other tangible things within your possession, custody or control containing opinions held by any person who you intend to call as an expert witness at the hearing of this matter.

**RESPONSE: Objection, this request is unduly vague, overly broad and references several undefined terms. By way of further response, the Plaintiff has not yet determined what individual(s) he will call as an expert witness(es) at trial. Expert reports will be provided in accordance with the Court's case management order. By way of further response, the Plaintiff is not in possession of any responsive documents.**

3. Copies of all reports and resumes or curricula vitae of each and every expert witness you intend to call at the trial of this matter.

**RESPONSE: See response to Request Number 2.**

4.  Copies of documents received through subpoena duces-tecum, FOIA requests (whether submitted/filed before or after suit was filed) or other formal or informal request in this matter.

**RESPONSE: None.**

5.  All documents in your possession that support the claims set forth in Count I and II of the Third Amended Complaint as it applies to Plaintiff's claims of "Athena's HUBZone scheme".

**RESPONSE: Objection, this request is unduly vague, overly broad and references several undefined terms. By way of further response, any documents relating to Plaintiff's HUBZone allegations are contained in the Hard Drive, which has already been provided to Athena.**

6.  All documents in your possession that support the claims set forth in Count V of the Third Amended Complaint including those that support Plaintiff's claims for damages.

**RESPONSE: Objection, this request is unduly vague, overly broad and references several undefined terms.**

7.  All documents in your possession, custody or control that form the basis for the allegations in the Third Amended Complaint set forth in Paragraphs 150-165.

**RESPONSE: Objection, this request is unduly vague, overly broad and references several undefined terms. By way of further response, the Plaintiff's knowledge of Athena's HUBZone fraud does not come from any documents. The Plaintiff's knowledge stems from the years he worked at Athena as its Superintendent and then Director of Operations. The information and documents compiled by Plaintiff's attorneys constitutes attorney work product and as such is privileged.**

8.  Copies of all documents from which you secured information related to the identity of employees, their addresses and other information used to compile the allegations put forth in Paragraph 157 of the Third Amended Complaint.

**RESPONSE: The Plaintiff did not compile the information set forth in paragraph 157 of the Third Amended Complaint. That information was compiled by his attorneys from various paid and public information sites and as such constitutes privileged attorney work product. By way of further response, the Plaintiff has requested rosters, employee files and payroll records for Athena's HUBZone qualified employees.**

9.   Copies of all notes or other documentation that you secured, collected and or prepared in connection with your "independent investigation" prior to filing this action (See paragraph 18 of Third Amended Complaint).

**RESPONSE: None.**

10.   To the extent not produced in response to the requests above, all documents that you reviewed or relied upon in preparing the Third Amended Complaint filed in this action.

**RESPONSE: Objection, this request is unduly vague, overly broad and references several undefined terms. By way of further response, the Plaintiff's knowledge of Athena's HUBZone fraud does not come from any documents. The Plaintiff's knowledge stems from the years he worked at Athena as its Superintendent and then Director of Operations. The information and documents compiled by Plaintiff's attorneys and that may have been used to draft the various complaints filed in this matter constitutes attorney work product and as such is privileged.**

*[signature]*

Glenn Andrew Ellis
GLENN ELLIS LAW, PLLC
2301 Bryn Mawr Ave.,
Philadelphia, PA 19131
gae@glennellislaw.com
*Counsel for William Smith*

W. Scott Simmer
Andrew M. Miller
BARON & BUDD, P.C.
600 New Hampshire Ave, N.W., Suite 10-A
Washington, D.C. 20037
amiller@baronbudd.com
ssimmer@baronbudd.com
*Counsel for William Smith*

Dated: 7/10/22

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via email to the following:

Amibka J. Biggs, Esqurie
Hirschler Fleischer
8270 Greensboro Drive, Suite 700
Tysons, VA 22102

Matthew A. Lipman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1617 JFK Blvd., Suite 1500
Philadelphia, PA 19102

Milton C. Johns, Esquire
Executive Law Partners, PLLC
11130 Fairfax Blvd., Suite 303
Fairfax, VA 22030

_____
GLENN A. ELLIS, ESQUIRE