

July 14, 2022

Glenn Andrew Ellis
GLENN ELLIS LAW, PLLC
2301 Bryn Mawr Ave.
Philadelphia, PA 19131

W. Scott Simmer
Andrew M. Miller
BARON & BUDD, PC
600 New Hampshire Ave, NW, Suite 10-A
Washington, DC 20037

RE:  United States of America, *ex rel*. William "Bill" Smith
      v.  Athena Construction Group, Inc., *et al*

Dear Mr. Ellis:

Thank you for providing discovery responses on behalf of Mr. Smith.  As you are aware, very
little information was provided in response to the interrogatories, no documents were produced
and vague and non-specific objections were raised to almost every request.  At this time, we are
seeking more specific responses to the following requests:

**Request for Production of Documents:**

#4.   This request seeks all documents received by or on behalf of Mr. Smith in connection with
this matter.  You responded "none." We know that your office submitted multiple FOIA requests
prior to the filing of the initial complaint seeking information related to Athena Construction
Group.  Even if you did not receive any documents, please provide whatever response(s) you
received from the government in response to these requests.

#5.  Seeks all documents that support the claims set forth in Count I and II of the Third Amended
Complaint as it applied to Plaintiff's claims of "Athena's HUBZone scheme."  In response, in
part, you objected on the basis that the request was unduly vague, overly broad and references
several undefined terms.  This objection violated Federal Rules of Civil Procedure FRCP
34(b)(2)(B)as it lacks specificity and fails to state why the request is "vague" or "overly broad"
and further fails to identify the "several undefined terms" that Plaintiff was not able to
understand. Plaintiff is seeking the documents that form the basis for the allegations related to
Athena's HUBZone certification as set forth in the Third Amended Complaint. (See Paragraph 3
that discusses the "fraudulent conduct at issue arises from two **schemes**:  First, Defendant
Athena fraudulently obtained HUBZone certification….")

**Ex. 13**
**1 of 8**



Although Plaintiff has referred Defendant to the hard drive that was turned over earlier in this litigation for the purpose of forensic evaluation, reference to a pool of thousands of documents is not an appropriate response and violated FRCP 35 (b)(2)(E). Further, it is not clear from the response if it is Plaintiff's position that there are responsive documents on the Hard Drive rather than, if there are any related documents, they would be on the hard drive. Defendant is entitled to a response that either provides the specific documents that support these claims or advised that there are no responsive documents available.

#6. This request seeks "all documents in your possession that support claims set forth in Count V of the Third Amended Complaint including those that support Plaintiff's claims for damages. The response: "Objection, this request is unduly vague, overly broad and references several undefined terms."

This objection is also improper as it fails to state with specificity why the request is vague or overly broad and further fails to identify the specific "undefined terms" that made it impossible for Plaintiff to respond. Count V specifically concerns the allegations related to the retaliation claim put forth by Plaintiff. Plaintiff is to produce all documents that support his claim for retaliation including those that support any of his claimed damages for retaliation.

**Interrogatories**

#4. This answer is incomplete. Please provide the start and end date for the period that you served as Superintendent, the period that you served as Director of Operations and the period that you again served as Superintendent

#5. This answer is incomplete. Plaintiff maintains that he has not been employed either full or part time since leaving Athena. Please confirm that this includes any work that may have been performed without monetary compensation.

#7. The reliance on attorney work product privilege to avoid responding to this interrogatory is inappropriate. Plaintiff was requested to identify the time period and process through which he compiled the information put forth in Paragraph 157 of the Third Amended Complaint that purports to provide the Athena employee count by year. Plaintiff responded that he did not, in fact, compile that information but rather it was compiled by his attorneys from "various paid and public information sites" and was considered attorney work product and would not be produced.

The information set forth in Paragraph 157 is the crux of the allegations against Athena with regard to the HUBZone certification. Regardless of who compiled the information in the chart, the number of employees of Athena as well as the number of HUBZone employees is not privileged or protected information and goes to the heart of the allegations made in this claim. While counsel's analysis and legal discussion of the information might be protected, the

**Ex. 13**
**2 of 8**



employee count information and its sources are not.  Please provide a complete response to this interrogatory.

#8.  This answer is incomplete. This request sought specific information related to Plaintiff's access to employee rosters.  Plaintiff is to provide specific responses to the following:  the frequency with which he was provided these lists, the type of information provided on these lists and the last time he was able to access such a list.

#9.  This request seeks an explanation pertaining to the chart of Athena contracts that appears in Paragraph 164 of the Third Amended Complaint and seeks to have Plaintiff identify the alleged 31 individual contracts that total an alleged $87,646,677.06 of fraudulent payments to Athena. The objection of "unduly vague, overly broad and references several undefined terms" violated FRCP 33(b)(4) as it fails to state with any specificity the basis for these claims.  Further, there are no "undefined terms" in this request.

Reference to the chart does not answer the question.  Please explain how Plaintiff claims there are 31distinct contracts representing alleged fraud in the amount of $87,646,677.06.

We will anticipate a response to this request within the next ten (10) days.


Sincerely,

/s/Milton C. Johns

Milton C. Johns


Via email

**Ex. 13**
**3 of 8**

## Re: Smith v Athena - fu to Meet and Confer

Jill Helwig <jhelwig@xlppllc.com>
Fri 8/5/2022 12:03 PM
To:Glenn Ellis <gae@glennellislaw.com>
Cc:ssimmer@baronbudd.com <ssimmer@baronbudd.com>;amiller@baronbudd.com <amiller@baronbudd.com>;Milt
Johns <mjohns@xlppllc.com>

Good Afternoon Glenn

Thank you for the extension for our responses to discovery.

With the exception of Requests for Production 5 and 6, I am not clear on where my email of August 4, 2022
diverges from our discussion of August 2, 2022.

Our discussion of the interrogatory response was relatively straight forward and I believe that you indicated
you would provide supplemental information related to those requests.  To the extent that I did not make it
clear during that call that  I wanted the information you relayed during the call documented in supplemental
responses, that was the point of my follow-up email.

> #4 and #8 simply require Mr. Smith to respond to the unanswered subparts of those requests.  While
> you volunteered certain information related to those questions, the responses have to be from Mr.
> Smith, not his counsel.

> With regard to #7, you indicated that you would provide information/documentation related to the
> addresses of the individuals.  That is confirmed in my email along with the request that the remainder
> of what you told me on the phone is memorialized in a supplemental response.  Again, our
> conversations are not the equivalent of written responses to discovery.

> Finally, you indicated that you would review the chart discussed in #9 to verify how you arrived at the
> number of contracts – 31- and the total dollar amount involved.

Our primary disagreement concerned the responses, or lack thereof, to the Request for Production of
Documents.  This matter has been pending since 2017, you have had access to a hard drive containing
thousands, if not tens of thousands of documents of Athena for more than 3 years and yet not a single
document was produced in response to our Request for Production of Documents.

> I believe request #4 is resolved with your promise to provide the minimal documents that you did
receive in response to the FOIA requests.

> Document Requests #5 and 6 were not really resolved during our conversation although you did
indicate that you would provide documentation related to the damages aspect of the retaliation claim (#6),
specifically, at a minimum, documentation of legal fees.

> As referenced in my email, after the conclusion of our conversation, which ended because we
completed our discussion, I thought about your representations as to why no documents were produced. As I
explained, after further consideration of your position as to your objections, I am even more comfortable that
neither of those requests is "overly broad or vague".  During our discussion you did not identify any of the
terms that you claimed were "undefined" in those requests that somehow impacted your ability to respond.
Your position that we already have the documents or we can simply ask the Defendant during his deposition,
are not appropriate responses to a Request for Production.   Requests #5 and #6 simply seek the documents
that you have that support your two claims against my client. These claims have very specific elements that
you have to establish and there either are or are not documents that support those elements. The requests
are very straight forward and we are entitled to either the production of responsive documents or response
that you are not in possession of any responsive documents.

> As you requested, I will hold off on filing a motion to compel until I hear back from you on Monday

**Ex. 13**
**4 of 8**

after you have conferred with your co-counsel and client.


Regards
Jill

Jill F. Helwig, Partner
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
(571) 500-1010
(703) 828-8414 (direct)
www.xlppllc.com


NOTICE: This message (including any attachments) from Executive Law Partners may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to the sender.

---

**From:** Glenn Ellis <gae@glennellislaw.com>
**Sent:** Friday, August 5, 2022 10:53 AM
**To:** Jill Helwig <jhelwig@xlppllc.com>
**Cc:** ssimmer@baronbudd.com <ssimmer@baronbudd.com>; amiller@baronbudd.com <amiller@baronbudd.com>; Milt Johns <mjohns@xlppllc.com>
**Subject:** Re: Smith v Athena - fu to Meet and Confer

Jill,

I disagree with your characterization of our meet and confer. We spoke for 35 mins, which was all the time u had, and I thought it was productive. Your email below is more substantially different and more detailed than your prior letter and our conversation, which will require me to go back and speak to co-counsel and Mr. Smith. I will get back to you by Monday on whether or not we will provide the substantial revisions you are now requesting or if we will stand by our objections.

I also think we should have one more meet and confer to ensure that the parties are all on the same page before we address these issues with the Court. Let me know when you are free next week. Finally, we are agreeable to the two week extension you requested to answer Plaintiff-Relator's discovery requests.

Glenn

**Glenn A. Ellis | Managing Partner**

Glenn Ellis Law, PLLC
gae@glennellislaw.com
2301 Bryn Mawr Ave.
Philadelphia, PA 19131

**Ex. 13**
**5 of 8**

D 215-847-2557
[www.glennellislaw.com](http://www.glennellislaw.com)

On Aug 4, 2022, at 1:42 PM, Jill Helwig <[jhelwig@xlppllc.com](mailto:jhelwig@xlppllc.com)> wrote:

Good Afternoon Glenn

I am writing to follow up on our meet and confer on Tuesday, August 2, 2022. I appreciate your offer to provide some additional information related to a few of the requests, and assuming that is received as promised by Friday, those specific issues may be resolved. However, after further considering your responses during our discussion, I am not comfortable that certain of the requests for production and interrogatories have been answered in accordance with the rules of court. I will try to lay out my ongoing concerns below but based on your responses during our call, I anticipate that our differences of opinion will have to be decided by the court.

Our discussion on Tuesday, August 2, 2022 could have been more productive if you had not conducted the call from your car. You had agreed to a 10 am call and you should have ensured that you could devote your full attention to the issues at hand. Having to read each question, response and our issues with it to you was inefficient and did not allow for the best discussion of our concerns.

That said, below is the status as to each of the open discovery requests:

**Notice to Produce Responses:**

#4. This request sought all responses received to FOIA requests made by or on behalf of Mr. Smith. The response provided was "none". During our conversation you indicated that you did receive a handful of documents in response to the FOIA requests and would provide same to me by Friday, August 5, 2022.

#5. This request sought "all documents in your possession that support the claims set forth in Count I and II of the Third Amended Complaint as it applies to Plaintiff's claims of "Athena's HUBZone scheme." Your response to this request was to object on the basis of "unduly vague, overly broad and references several undefined terms." You also referred Plaintiff to the Hard Drive that Relator identified in 2018 that was turned over to Athena in connection with another legal mater.

As set forth in our initial correspondence of July 14, 2022, it is our position that the objection is nothing more than a boiler plate objection without appropriate specificity to satisfy the rules. We further advised that reference to a hard drive that contains tens of thousands of documents is not an appropriate response. It is not our responsibility to shift through thousands of documents in an effort to identify the documents that we think you think support the allegations in your complaint, all of which we deny.

During our conversation on August 2, 2022 your explanation of the objection of "overly broad and vague" seemed to be based more on the possibility of a large number of documents that might be responsive to this request as opposed to the request itself actually being overly broad or vague. You did not indicate which words in the request you believed were "undefined". It was your position that our request should be narrowed down to perhaps, specified types of documents. On further consideration of our discussion and your suggestion, I do not believe that the request is, in fact, overly broad or vague. The allegations related to Athena's HUBZone certification are clear and specific as outlined in your complaint. Athena is simply requesting the production of the documents that you relied upon in making those allegations.

**Ex. 13**
**6 of 8**

Further, during our discussion, it became clear that you did not even attempt to identify any responsive documents at all in connection with the Request for Production of Documents. When I asked if you/your client even had the documents (i.e.. Did you maintain a copy of the hard drive when you turned the original over to Athena?) you indicated that you believed Budd & Baron probably had a copy.   It is hard to believe that neither your office nor Baron & Budd went through that hard drive at some point in the last four years and specifically identified any and all documents on that drive that support your allegations.  Athena is entitled to a response either providing copies of responsive documents or an answer advising that there are no documents in your possession that are responsive.

#6.  This request sought all documents in your possession that support your claims set forth in Count V of the Third Amended Complaint, including those that support Plaintiff's claims for damages.  Your response was a boiler plate objection of "unduly vague, overly broad and references several undefined terms".  Your explanation as to why this was "unduly vague and overly broad" was incoherent and made no sense in view of the allegations of Count V.  As with the prior request, you did not identify which "undefined terms" in this request caused issues with you responding fully.

Your client is claiming retaliation.  Your client is claiming certain damages as a result of that retaliation.  Our request clearly seeks documents that either support the claim of retaliation or the damages claimed as a result. It is not up to us to identify what types of damages you have or might claim and what documents might support said damages.

If I recall correctly, you indicated that there would be legal bills that supported your claims of damages and that you would produce same to us.  Beyond that, we are entitled to a response that clearly informs as to whether there are any documents, aside from legal invoices, which are responsive to this request.

**Interrogatories**

#4. This request for a more specific response sought information from Mr. Smith related to several of the subparts of the question.  Most specifically, we requested that Mr. Smith indicate the dates during which he held each position at Athena.  While you advised during our call that Mr. Smith did not remember, or probably did not remember, we are entitled to a response from Mr. Smith.  Please provide the dates that Mr. Smith held each position with Athena Construction.  If he does not have that information, please so advise. While I appreciate that we are free to ask Mr. Smith this question during his deposition as you pointed out, the same could be said for all written discovery. That is not an appropriate response, and the information should be provided in written form as requested.

#7. Seeks information related to how and when the information put forth in Paragraph 157 of the Third Amended Complaint was compiled.  If I understood your explanation, the information in Paragraph 157 was compiled with the use of Exhibit A that was attached to the Initial Disclosures, along with information you secured from public sources concerning the addresses of these individuals. I believe you indicated that you would provide additional responsive information to this specific request by Friday, August 5, 2022.

Since your representations during our call do not bind your client, we ask that you supplement the response to Interrogatory #7 indicating the source of the information that appears in Paragraph 157 of the Third Amended Complaint, including the reference to Ex A from your Initial Disclosures and also provide the additional information/documentation related to addresses, etc. of the identified employees.

#8.  Please provide the information that was contained on the employee rosters that were **Ex. 13** viewed and/or referenced by Mr. Smith. The request specifically sought the frequency with **7 of 8** he was provided these lists, the type of information provided on these lists (i.e., name, address,

phone, birthdate, age, etc.), and the last time he was able to access such a list. Please have Mr. Smith address these specific questions so that the response is full and complete. By time we completed our conversation, it was not clear to me if you would be addressing this with Mr. Smith. We request that you do so and provide a supplemental response. We note that you did not raise any objections to this request at the time you provided the incomplete response.

#9. This request sought clarification as to how you arrived at the number of contracts (31) and the total dollar amount ($87,646,677.06) as represented in the chart in Paragraph 164 of the Third Amended Complaint. Your boilerplate objections of "unduly vague, overly broad and references several undefined terms" were not explained during our conversation.  You did, however, indicate that you would review the chart to determine if there were errors in your representations.

I look forward to your supplementation in line with our discussion by Friday, August 5, 2022. With regard to the requests that we did not specifically agree would be supplemented, please advise by cob Friday, August 5, 2022 if your position with regard to those requests have changed.

Assuming fully responsive answers to all of the above referenced discovery requets are not received by COB Friday, we will be filing a motion to compel. In the event full and complete responses are received prior to the return date of that motion, we will simply withdraw the request. Otherwise, we would like the court to weigh in on the sufficiency of your objections and responses.

I remain available to discuss further if you think that would be beneficial. I look forward to receipt of the promised additional information tomorrow.

 Regards


Jill F. Helwig, Partner
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
(571) 500-1010
(703) 828-8414 (direct)
www.xlppllc.com


NOTICE: This message (including any attachments) from Executive Law Partners may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to the sender.

**Ex. 13**
**8 of 8**