IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* WILLIAM "BILL" SMITH<br><br>v.<br><br>ATHENA CONSTRUCTION GROUP, INC., *et al* | Civil Action No.: 1:18-cv-02080-APM |

## PLAINTIFF'S RESPONSE TO DEFENDANT ATHENA CONSTRUCTION GROUP, INC.'S SECOND INTERROGATORIES TO PLAINTIFF AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and applicable local rules, Plaintiff by and through his attorneys, Glenn Ellis Law, PLLC, responds to Defendant Athena's Second Set of Interrogatories (the Interrogatories) and Second Request for Production of Documents as follows:

### INTERROGATORIES

**INTERROGATORY No. 13:** With regard to Plaintiff's representation in Section I.A (9) of Initial Disclosures: "There are numerous individuals who have been identified as current or former employees of Athena who may have relevant information concerning Plaintiff's HUBZone allegations. These individuals are identified in Exhibit A," please explain who identified the individuals listed on Ex. A as "current or former employees of Athena," how each identification was made, and identify all sources of information that were used to locate and identify these "employees."

**RESPONSE:** Objection, this interrogatory is overly broad and unduly burdensome to the extent it calls for Plaintiff to reproduce, in narrative answer format, materials that are already in Defendant Athena's possession. *See* Federal Rule of Civil Procedure 33(d). Furthermore, Defendant has access to the addresses and/or telephone numbers of those persons listed on Exhibit A and can seek information by addressing formal or informal discovery directly from those entities.

Plaintiff further objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendant Athena from its own files. Providing such information in answering this interrogatory would be oppressive, unduly burdensome and unnecessarily

expensive, and the burden of providing such information in answering this interrogatory is substantially the same or less for Defendant as for Plaintiff. *See* Federal Rule of Civil Procedure 33(d).

Finally, Plaintiff objects to this interrogatory, in its entirety, pursuant to the work product doctrine. The information supporting the allegations of the Third Amended Complaint, including the names on Exhibit A, were obtained by Plaintiff's counsel and/or their staff. Defendant Athena knows that Exhibit A was created and compiled by the attorneys and staff of Plaintiff. Thus, their request, in essence, asks for the recollections of the attorneys representing the Plaintiff for information contained in tables, memoranda and notes prepared by those attorneys and their staff. Such materials contain the mental impressions, conclusions, opinions, and legal theories of the Plaintiff's attorneys. All such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine. *See* Federal Rule of Civil Procedure 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947).

To the extent this request calls for notes and/or memoranda prepared by the potential testifying expert, Plaintiff objects to the request as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

INTERROGATORY No. 14. In response to Interrogatory #10, Plaintiff stated: "Plaintiff's knowledge of Athena's HUBZone fraud does not come from any documents." Please identify and describe in detail and with specificity all "knowledge" of Plaintiff upon which he based his claims of Athena's HUBZone certification fraud at the time Relator filed his Second Amended Complaint.

RESPONSE: Objection, this interrogatory is vague, ambiguous, overly broad, and unduly burdensome to the extent it asks Plaintiff to "identify and describe in detail and with specificity all "knowledge" of the Plaintiff upon which he based his claims" relating to Athena's HUBZone certification. Plaintiff further objects to this request as vague and ambiguous because it relies on the undefined term "knowledge". By way of further response, the Plaintiff's "knowledge" stems from his years of working at Defendant Athena as its Superintendent and then Director of Operations.

INTERROGATORY No. 15. With regard to the representation in Paragraph 18 of the Third Amended Complaint: "Mr. Smith has direct knowledge of the conduct alleged in this Second [sic] Amended Complaint" (See DKT 66 filed 2 26 2021), please identify with specificity as to time, place and source of all "direct knowledge" that Mr. Smith possesses that supports his allegations as they relate to the HUBZone claims set forth in the Third Amended Complaint, including but not limited to, the information set forth in Paragraphs 150-165. ("Direct knowledge" as referenced in paragraph 18 of the Third Amended Complaint.)

**RESPONSE: Objection, this interrogatory is vague, ambiguous, overly broad, and unduly burdensome to the extent it asks Plaintiff to "identify and describe in detail and with specificity all "direct knowledge" of the Plaintiff. Plaintiff further objects to this request as vague and ambiguous because it relies on the undefined term "direct knowledge". By way of further response, the Plaintiff's "direct knowledge" stems from his years of working at Defendant Athena as its Superintendent and then Director of Operations.**

INTERROGATORY No. 16. With regard to Plaintiff's claims that Athena falsified information to secure HUBZone certification, identify with specificity all non-public information known to Plaintiff that formed the basis for this allegation. This is to include, but not be limited to, all conversations that Plaintiff alleges involved Plaintiff or that Plaintiff overheard that led him to believe that Athena had falsified its HUBZone certification, as well as the identification of all documents available to Plaintiff that provided a basis for this claim.

**RESPONSE: The Plaintiff was aware of Athena's HUBZone fraud because it was openly discussed by management. For example, the Plaintiff recalls being concerned that Athena could get in trouble for dumping construction waste into the common dumpster behind their offices. Ms. Peebles reassured the Plaintiff that it would not be an issue because the property manager was on Athena's payroll to help meet their HUBZone obligations.**

INTERROGATORY No. 17. Identify with specificity all the "non-public information" alleged in paragraph 19 of the Third Amended Complaint as "alleged in this Second [sic] Amended Complaint within the meaning of 31 U.S.C. 3730(e)(4)(A)-(B)" for which Mr. Smith is the "original source." Identify the specific paragraph(s) of the Third Amended Complaint where the "non-public information" is set forth. (See Paragraph 19 of the Third Amended Complaint Dkt 66).

**RESPONSE:** It is Plaintiff's position that he is the original source for the HUBZone allegations contained in the Third Amended Complaint.

INTERROGATORY No. 18. With regard to the information contained in Paragraph 157 of the Third Amended Complaint that purports to provide the Athena employee count by year, please identify with specificity the employees referred to in each year alleged and identify the information Mr. Smith possesses or is aware of that would either confirm or deny the accuracy of the information presented in that paragraph. If Mr. Smith relies on any documents to respond to this interrogatory, please provide copies of those documents with this response.

**RESPONSE:** Objection, this interrogatory is overly broad and unduly burdensome to the extent it calls for Plaintiff to reproduce, in narrative answer format, materials that are already in Defendant Athena's possession. *See* Federal Rule of Civil Procedure 33(d). Furthermore, Defendant has access to the addresses and/or telephone numbers of those persons listed on Exhibit A and can seek information by addressing formal or informal discovery directly from those entities.

Plaintiff further objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendant Athena from its own files. Providing such information in answering this interrogatory would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing such information in answering this interrogatory is substantially the same or less for Defendant as for Plaintiff. *See* Federal Rule of Civil Procedure 33(d).

Finally, Plaintiff objects to this interrogatory, in its entirety, pursuant to the work product doctrine. The information supporting the allegations of the Third Amended Complaint, including the names on Exhibit A, were obtained by Plaintiff's counsel and/or their staff. Defendant Athena knows that Exhibit A was created and compiled by the attorneys and staff of Plaintiff. Thus, their request, in essence, asks for the recollections of the attorneys representing the Plaintiff for information contained in tables, memoranda and notes prepared by those attorneys and their staff. Such materials contain the mental impressions, conclusions, opinions, and legal theories of the Plaintiff's attorneys. All such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine. *See* Federal Rule of Civil Procedure 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947).

To the extent this request calls for notes and/or memoranda prepared by the potential testifying expert, Plaintiff objects to the request as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

INTERROGATORY No. 19. Identify the "lawful acts" taken by relator "in furtherance of protected activities investigating and reporting fraud" for which "Athena retaliated against Relator by terminating his employment" as set forth in Paragraph 340 of Third Amended Complaint. Describe the act and the time that each act occurred.

**RESPONSE:** Defendant Athena's retaliation started after the Plaintiff was fired and was in response to his reporting of Athena's fraud to the Government.

INTERROGATORY No. 20. With regard to the information presented in Paragraph 157 of the Third Amended Complaint, provide by year the identity of each Athena employee included in the employee count, the identity of the employee(s) that you identified as the HUBZone employee(s), the method or documents that Plaintiff used to identify the employees and HUBZone employees, and the sources of all information used in preparing the table in Paragraph 157.

**RESPONSE:** Objection, this interrogatory is overly broad and unduly burdensome to the extent it calls for Plaintiff to reproduce, in narrative answer format, materials that are already in Defendant Athena's possession. See Federal Rule of Civil Procedure 33(d). Furthermore, Defendant has access to the addresses and/or telephone numbers of those persons listed on Exhibit A and can seek information by addressing formal or informal discovery directly from those entities.

Plaintiff further objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendant Athena from its own files. Providing such information in answering this interrogatory would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing such information in answering this interrogatory is substantially the same or less for Defendant as for Plaintiff. *See* Federal Rule of Civil Procedure 33(d).

Finally, Plaintiff objects to this interrogatory, in its entirety, pursuant to the work product doctrine. The information supporting the allegations of the Third Amended Complaint, including the names on Exhibit A, were obtained by Plaintiff's counsel

and/or their staff. Defendant Athena knows that Exhibit A was created and compiled by the attorneys and staff of Plaintiff. Thus, their request, in essence, asks for the recollections of the attorneys representing the Plaintiff for information contained in tables, memoranda and notes prepared by those attorneys and their staff. Such materials contain the mental impressions, conclusions, opinions, and legal theories of the Plaintiff's attorneys. All such information, prepared in anticipation of litigation and not disclosed or otherwise maintained in a way that is inconsistent with the purpose of the privilege, is protected by the work product doctrine. *See* Federal Rule of Civil Procedure 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947).

To the extent this request calls for notes and/or memoranda prepared by the potential testifying expert, Plaintiff objects to the request as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to the request, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

INTERROGATORY No. 21. For any of Defendant Athena's Requests for Admissions that you deny, provide in detail the factual and legal basis for each such denial of each such Request for Admission. To avoid doubt, the Requests for Admissions subject to this Interrogatory are attached to this Second Set of Interrogatories.

**RESPONSE: Objection, this interrogatory is an improper attempt to circumvent the limitation on interrogatories set forth in the Federal Rules of Civil Procedure.**

### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

11.     All documents provided by Plaintiff to the government at any time along with his written disclosure that supported any of the alleged facts set forth in Paragraphs 150-165 of the Third Amended Complaint as alleged in Paragraph 20 of the Third Amended Complaint.

**RESPONSE: The Plaintiff provided the Government a copy of the various complaints and access to the Hard Drive, which has already been provided to Athena. Any other materials and or notes that may have been provided to the Government would contain the mental impressions, conclusions, opinions, and legal theories of the Plaintiff's attorneys. All such information, prepared in anticipation of litigation and reporting Athena's fraud is protected by the work product doctrine. *See* Federal Rule of Civil Procedure 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495**

(1947).

12. A copy of the "employee list" referenced in Paragraph 155 of the Third Amended Complaint.

**RESPONSE:** See attached and Exhibit A.

*[signature]*

Glenn Andrew Ellis
GLENN ELLIS LAW, PLLC
2501 Bryn Mawr Ave.,
Philadelphia, PA 19131
gae@glennellislaw.com
*Counsel for William Smith*

W. Scott Simmer
Andrew M. Miller
BARON & BUDD, P.C.
600 New Hampshire Ave, N.W., Suite 10-A
Washington, D.C. 20037
amiller@baronbudd.com
ssimmer@baronbudd.com
*Counsel for William Smith*

Dated: 8/22/22

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via email to the following:

Amibka J. Biggs, Esqurie
Hirschler Fleischer
8270 Greensboro Drive, Suite 700
Tysons, VA 22102

Matthew A. Lipman, Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1617 JFK Blvd., Suite 1500
Philadelphia, PA 19102

Milton C. Johns, Esquire
Executive Law Partners, PLLC
11130 Fairfax Blvd., Suite 303
Fairfax, VA 22030

_____
GLENN A. ELLIS, ESQUIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* WILLIAM "BILL" SMITH <br><br> v. <br><br> ATHENA CONSTRUCTION GROUP, INC., *et al* | Civil Action No.: 1:18-cv-02080-APM |

## VERIFICATION

I, William "Bill" Smith, state that I have read Defendant Athena's Second Set of Interrogatories and Requests for Production of Documents, my answers to those interrogatories and requests, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
William "Bill" Smith

# RECALL ROSTER

| | | | |
|---|---|---|---|
| Main Office | O 703-221-7131 | Jorge Sandoval | C 703-625-4979 |
| | F 703-221-7929 | Brian Thomas | O 703-884-2093 |
| New Orleans Office | O 504-281-4450 | | C 228-233-6687 |
| San Antonio Office | O 703-448-3116 | Jerome Cook | C 202-423-7658 |
| Amber Peebles – President | O 703-348-2720 | Ryan Basile | C 540-446-8943 |
| | C 202-270-9695 | | |
| | H 703-221-8294 | Jairo Perez | C 703-401-5842 |
| Melissa Schneider – Vice President | O 703-870-3713 | Brandon Berryman | C 571 302 1291 |
| | C 571-259-2872 | | |
| | H 703-221-8294 | Alex Kopp | C 540-216-4810 |
| Clay Frook – Chief Operations Officer | O 703-763-4208 | Aime Kongolo | C 301-512-5804 |
| | C 202-793-0399 | | H 240-532-5210 |
| Sheila Henderson – Chief Admin. Officer | O 703-763-4281 | Darrel Cason | C 443-559-2066 |
| | C 703-801-3584 | | |
| | H 703-751-3316 | Rocky Guerrero-Asst. Foreman-SAT | C 210-255-9256 |
| Bill Smith – Proj. Superintendent | O 703-870-3729 | Greg Grant | C 571-393-9829 |
| | C 407-489-7191 | | |
| | | Brian Kaffenbarger | C 252-422-3170 |
| Karen Papa – Contract Administrator | O 703-221-7748 | | |
| | C 703-362-9475 | Eureka Herring | C 703-473-9032 |
| Marla Strother – Safety Director | C 504-430-2341 | Rose Robinson | H 703-291-1595 |
| | H 225-588-4293 | | C 571-330-6536 |
| Valdo Henderson – Superintendent San Antonio | C 830-660-7293 | Yvonne Grant-Robinson | C 571-278-3989 |
| | H 830-433-9042 | | |
| | | Gay Dameron | H 703-221-5084 |
| Carl Armstrong – Project Manager | C 301-922-9475 | | |
| | | Lynn Nelson | C 703-789-5888 |
| Elliott Sauvinet – Project Manager | O 703-884-2094 | | |
| | C 214-663-5350 | Mary Palmer | H 703 441-1700 |
| Phillipe Douthard – Project Engineer | O 571-989-7571 | DSC Main Office | O 703-441-2504 |
| | C 703-498-5011 | Stanley's Cell | C 540-621-7867 |
| | H 703-498-5011 | Dan's Cell | C 740-336-1922 |
| Jamie Hardey – Office Engineer | C 703-431-5209 | Sharepoint Customer Support | 866-531-4891 option 1 |
| | | Conference Room | O 571-989-7570 |

# RECALL ROSTER

| Name / Role | Contact | Name / Role | Contact |
|---|---|---|---|
| Main Office | O 703-221-7131<br>F 703-221-7929 | Jorge Sandoval | C 703-625-4979 |
| New Orleans Office | O 504-281-4450 | Brian Thomas | O 703-884-2093<br>C 228-233-6687 |
| San Antonio Office | O 703-448-3116 | Jerome Cook | C 202-423-7658 |
| Amber Peebles - President | O 703-348-2720<br>C 202-270-9695<br>H 703-221-8294 | Ryan Basile | C 540-446-8943 |
|  |  | Jairo Perez | C 703-401-5842 |
| Melissa Schneider - Vice President | O 703-870-3713<br>C 571-259-2872<br>H 703-221-8294 | Brandon Berryman | C 571 302 1291 |
|  |  | Alex Kopp | C 540-216-4810 |
| Clay Frook - Chief Operations Officer | O 703-763-4208<br>C 202-793-0399 | Aime Kongolo | C 301-512-5804<br>H 240-532-5210 |
| Sheila Henderson - Chief Admin. Officer | O 703-763-4281<br>C 703-801-3584<br>H 703-751-3316 | Darrel Cason | C 443-559-2066 |
|  |  | Rocky Guerrero-Asst. Foreman-SAT | C 210-255-9256 |
| Bill Smith - Proj. Superintendent | O 703-870-3729<br>C 407-489-7191 | Greg Grant | C 571-393-9829 |
|  |  | Brian Kaffenbarger | C 252-422-3170 |
| Karen Papa - Contract Administrator | O 703-221-7748<br>C 703-362-9475 | Eureka Herring | C 703-473-9032 |
| Darla Strother - Safety Director | C 504-430-2341<br>H 225-588-4293 | Rose Robinson | H 703-291-1595<br>C 571-330-6536 |
| Waldo Henderson - Superintendent San Antonio | C 830-660-7293<br>H 830-433-9042 | Yvonne Grant-Robinson | C 571-278-3989 |
|  |  | Gay Dameron | H 703-221-5084 |
| Carl Armstrong - Project Manager | C 301-922-9475 | Lynn Nelson | C 703-789-5888 |
| Elliott Sauvinet - Project Manager | O 703-884-2094<br>C 214-663-5350 | Mary Palmer | H 703 441-1700 |
| Phillipe Douthard - Project Engineer | O 571-989-7571<br>C 703-498-5011<br>H 703-498-5011 | DSC Main Office<br>Stanley's Cell<br>Dan's Cell | O 703-441-2504<br>C 540-621-7867<br>C 740-336-1922 |
| Jamie Hardey - Office Engineer | C 703-431-5209 | Sharepoint Customer Support | 866-531-4891 option 1 |
|  |  | Conference Room | O 571-989-7570 |

Ex. 15
11 of 12

Updated 8-6-15

Slava Komc
Code 64 FCA.

# RECALL ROSTER

| | | | |
|---|---|---|---|
| Main Office  *4950 | O 703-221-7131<br>F 703-221-7929 | Jorge Sandoval | C 703-625-4979 |
| | | Jerome Cook | C 202-423-7658 |
| New Orleans Office | O 504-281-4450 | John (Rusty) Fielden - Carpenter | C 540-~~748-2104~~ 360 5876<br>H 540-894-5167 |
| San Antonio Office | O 703-448-3116 | | |
| Amber Peebles - President | O 703-348-2720<br>C 202-270-9695<br>H 703-221-8294 | Jairo Perez | C 703-401-5842 |
| | | Brandon Berryman | C 571 302 1291 |
| Melissa Schneider - Vice President | O 703-870-3713<br>C 571-259-2872<br>H 703-221-8294 | Schyler Kopp | C 540-522-8045 |
| | | Aime Kongolo | ~~C 301-512-5804~~<br>H 240-532-5210 |
| Clay Frook - Chief Operations Officer | O 703-221-7131<br>C 202-793-0399 | Darrel Cason | C 443-559-2066 |
| | | Alex Kopp | 540 216 4816 |
| Sheila Henderson - Chief Administrative Officer | C 703-801-3584 | Rocky Guerrero - Asst. Foreman - SAT | C 210-255-9256 |
| Bill Smith - Proj. Superintendent | O 703-870-3729<br>C 407-489-7191 | Greg Grant | C 571-393-9829 |
| | | Brian Kaffenbarger | C 252-422-3170 |
| Karen Papa - Contract Administrator | O 703-221-7748<br>C 703-362-9475<br>H 540-659-2575 | Lynn Nelson | C 703-789-5888 |
| | | ~~Mary Frezza~~ | ~~C 571-270-6333~~ |
| Darla Strother - Safety Director | C 504-430-2341<br>H 225-588-4293 | Gay Dameron | H 703-221-5084 |
| Waldo Henderson - Superintendent<br>San Antonio | C 830-660-7293<br>H 830-433-9042 | Sarah Anderson | C 434-238-5977 |
| | | Mary Palmer | H 703 441-1700 |
| Carl Armstrong - Project Manager | C 301-922-9475 | DSC Main Office | O 703-441-2504 |
| Said Chari - Project Engineer | C 757-292-1240 | Stanley's Cell<br>Dan's Cell | C 540-621-7867<br>C 740-336-1922 |
| Zachary Daly - Project Engineer | C 404-663-6990 | Rose Robinson | H 703-291-1595<br>C 571-406-8889 |
| Phillipe Douthard - Project Engineer | C 703-498-5011<br>H 703-498-5011 | | |
| | | Yvonne Grant-Robinson | C 571-278-3989 |
| Esther Kwon - Project Engineer | C 571-265-1819<br>H 703-450-2012 | Sharepoint Customer Support | 866-531-4891<br>option 1 |
| Bhuvana Malli - Project Engineer | C 571-208-6768<br>O 703-221-7131 x403<br>H 703-257-5909 | | |

Ex. 15
12 of 12
Updated 1-2-15