**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel* ) | |
| WILLIAM "BILL" SMITH ) | |
| ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:18-cv-02080-APM |
| ATHENA CONSTRUCTION GROUP, ) | |
| INC, *et al* ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

<u>**DEFENDANT ATHENA CONSTRUCTION GROUP, INC's. OBJECTIONS AND**</u>
<u>**RESPONSES TO FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION**</u>
<u>**OF DOCUMENTS**</u>

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedures, Defendant Athena

Construction Group, Inc., ("Athena"), provides objections and responses to the First

Interrogatories and Requests for Production of Documents served on behalf of Plaintiff William

"Bill" Smith.

**DEFINITIONS**

**Definition I:** The period of time encompassed by these requests shall be from 2011 to the

present, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

**OBJECTION:** Defendant Athena objects to the timeframe imposed for responses to these

discovery requests. Mr. Smith was terminated from Athena on January 18, 2016 and despite

assertions in the Third Amended Complaint that the alleged fraud continued after his termination

to the present, he testified that he has no knowledge of the activities of Athena subsequent to his

January 18, 2016 termination and no basis for any belief that the alleged fraud continued beyond

that time period.  Athena will provide responses for the time period of 2011 through January 18, 2016.

## INTERROGATORIES

1.  Provide a complete list of all of your office locations from 2011 to 2017.

> **OBJECTION:**  Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a fishing expedition not supported by a good faith belief, and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

> **RESPONSE:** Without waiving these objections, Defendant provides the following:

> 18031 Dumfries Shopping Plaza
> Dumfries, VA 22026
> 9/20/2010 – 1/18/2016

> 4203 Woodcock Dr
> San Antonio, TX
> 7/19/2013 – 1/18/16

> 26601 Tulane Avenue
> New Orleans, LA  70119
> 9/1/2013 – 1/18/16

2.  For each of the office locations listed in response to Interrogatory No. 1, provide the following:

> a. the years that location was used by you;

2

See response to #1 above.

b. the complete address;

See response to #1 above.

c. the names of employees working at that location;

Athena has not maintained records responsive to this request.

d.  the number of hours each employee works [sic] that location;

See response to subpart c.

e.  the days of week and business hours the that [sic] location is staffed.

M-F, 7:30 - 5

**OBJECTION:** Athena objects to this request to the extent it is formulated to circumvent the Court's limitation on the number of Interrogatories.  "When a subpart introduces a "separate and distinct" line of inquiry from the one that precedes it, it should be counted as a new interrogatory. *In re ULLICO Inc. Litigation,* No. Civ.A. 03–01556, 2006 WL 2398744 at *2 (D.D.C. June 30, 2006) (Kay., J.); *Willingham v. Ashcroft,* 226 F.R.D. 57, 59 (D.D.C.2005); *see also Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 685 (D.Nev.1997) (asking whether subsequent questions within an interrogatory are "logically or factually subsumed" within the primary question and whether the subsequent questions can stand independently of the first question)." *Kline v. Berry*, 287 F.R.D. 75, 79 (D.D.C. 2012).  Subparts a, b and e constitute one interrogatory with subparts c and d constituting a second interrogatory.

Athena also objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud

3

occurred while he was employed by Athena, he has alleged no evidence of fraud continuing

beyond his term of employment with Athena and testified that he has no information for

that time period or factual basis upon which to put forth allegations of fraud for that time

period.  Any efforts to seek information beyond January 2016 is nothing more than a fishing

expedition not supported by a good faith belief and is not appropriate. This request is overly

broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:**  Without waiving these objections, see responses above.


3.   Identify, by contract number, subcontract number, task order, or purchase order, all federal

executive branch agency small business set-aside contracts under which you performed in any

capacity and include in your description whether you performed as a prime contractor,

subcontractor, vendor, joint venture member, teaming partner, supplier or otherwise.

**OBJECTION:** Pursuant to Order of March 25, 2022 (Dkt. 107), the fraud claims of this

case were limited to allegations related to Athena's HUBZone certification.  All claims

related to other certifications have been dismissed.  Accordingly, Athena objects to this

request on the basis that it is overly broad and not likely to lead to relevant or admissible

information given the remaining claims in this matter.

Athena also objects on the basis that this request seeks contracts for the time

period of 2011 through the present. Mr. Smith was terminated from Athena in January

2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud

occurred while he was employed by Athena, he has alleged no evidence that fraud

occurred during times he was not employed by Athena and testified that he has no

information for that time period or factual basis upon which to put forth allegations of

fraud for that time period.  This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:**

During the time period of Mr. Smith's employment, Athena received one contract that was a Hub-Zone set aside.  A copy of HQ003414D0005 will be produced.


4.  For each contract or subcontract identified in response to Interrogatory No. 3, provide:

    a. The federal agency customer

    b. The prime contractor;

    c. The subcontractor(s);

    d. The vendor, joint venture member, teaming partner, and/or supplier;

    e. The North American Industry Classification Systems ("NAICS") codes of the entities in 4 (a) – (d);

    f. The date(s) of award;

    g. Any subsequent modifications to the contract after the award date;

    h. A narrative description of the origin of the contract (including how you were made aware of the opportunity), and work performed by you;

    i. The names, titles, and last-known contact information for all  your past and present owners, officers, directors, contractors, and employees who were involved in the decision to bid on and/or perform the contract or subcontract;

    j. The date(s) and location(s) of your performance under the contract or subcontract;

    k. The type of small business set-aside; and

    l. The total amount you received in connection with the award.

**OBJECTION:**  Athena objects to this request to the extent it is formulated to circumvent the Court's limitation on the number of Interrogatories.  "When a subpart introduces a "separate and distinct" line of inquiry from the one that precedes it, it should be counted as a new interrogatory. *In re ULLICO Inc. Litigation,* No. Civ.A. 03–01556, 2006 WL 2398744 at *2 (D.D.C. June 30, 2006) (Kay., J.); *Willingham v. Ashcroft,* 226 F.R.D. 57, 59 (D.D.C.2005); *see also Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 685 (D.Nev.1997) (asking whether subsequent questions within an interrogatory are "logically or factually subsumed" within the primary question and whether the subsequent questions can stand independently of the first question)." *Kline v. Berry*, 287 F.R.D. 75, 79 (D.D.C. 2012). Subparts (a)-(g), k, and l are on interrogatory, subparts (g), (h), (i) and (j) are all separate interrogatories.

Athena further objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that he has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment  and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE**: Without waiving this objection, please the contract produced in response to #3.

5. Provide a complete list of everyone who worked for you from 2011 to 2017, including paid or unpaid owners, salaried or hourly-wage employees, and temporary workers.

> **OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

> **RESPONSE:** Without waiving this objection, and pursuant of FRCP 33 (d)(1),(2), Athena will make available payroll records from 2011 through January 2016 at their office in Triangle, Virginia at a mutually convenient time upon 72-hours' notice and the signing of a Protective Order establishing that all documents reviewed and subsequently copied shall be considered "CONFIDENTIAL - Attorneys' Eyes Only".

6. For each individual listed in response to Interrogatory No. 5, provide the following:

a. Their complete name;

b. a description of what type of worker they are: Salaried, included in payroll, owner, leased, obtained through PEO, obtained through union agreement, shared with affiliate, temporary, etc.,;

c. title;

d. their complete residential address;

e. whether or not they reside in a HUBZone;

f. number of hours worked per month; and

g. their primary work location

**OBJECTION:**  Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE**: Without waiving this objection, see response to Interrogatory #5.


7. Provide a complete list of independent contractors who worked at least 40 hours per month for you from 2011 to 2017.

**OBJECTION:**  Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.

Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

Athena also objects on the basis that Plaintiff has failed to define what it means by "independent contractor".

**RESPONSE:** Without waiving these objections and based on Athena's understanding of the term "independent contractor", to the best of Athena's knowledge at this time, none.

8. For each individual listed in response to Interrogatory No. 7, provide the following:

    a. the contractor's full name;

    b. their complete residential address;

    c. signed copies of executed contracts;

    d. detailed description of work performed;

    e. the number of hours;

    f. the type of work performed;

    g. amount paid; and

    h. where the work was performed.

**OBJECTION:** Athena objects to this request to the extent it is formulated to circumvent the Court's limitation on the number of Interrogatories. "When a subpart introduces a "separate and distinct" line of inquiry from the one that precedes it, it should be counted as a new interrogatory. *In re ULLICO Inc. Litigation,* No. Civ.A. 03–01556, 2006 WL 2398744 at *2 (D.D.C. June 30, 2006) (Kay., J.); *Willingham v. Ashcroft,* 226 F.R.D. 57, 59 (D.D.C.2005); *see also Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 685

(D.Nev.1997) (asking whether subsequent questions within an interrogatory are "logically or factually subsumed" within the primary question and whether the subsequent questions can stand independently of the first question)." *Kline v. Berry*, 287 F.R.D. 75, 79 (D.D.C. 2012). Subparts (a), (b), (d), (f) and (h) comprise one interrogatory.  Subpart (c) is a separate interrogatory with subparts (e) and (g) and final interrogatory.

Athena further objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that he has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

Athena also objects on the basis that Plaintiff has failed to define what it means by "independent contractor".

**RESPONSE**: Without waiving these objections, see response to Interrogatory #7.


9. Provide a complete list of all independent contractors listed in response to Interrogatory No. 7 that have had email accounts and/or business cards issued to them by you from 2011 to 2017

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that he has any basis to allege that fraud

occurred while he was employed by Athena, he has alleged no evidence of fraud continuing

beyond his term of employment and testified that he has no information for that time period

or factual basis upon which to put forth allegations of fraud for that time period.  Any

efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing

expedition unsupported by any evidence and is not appropriate. This request is overly broad

and will not be answered beyond the time period of Mr. Smith's employment.

Athena also objects on the basis that Plaintiff has failed to define what it means by

"independent contractor".

**RESPONSE**:  Without waiving these objections, none


10. All documents identified  by you in response to the foregoing Interrogatories, or used,

considered or relied upon by you in preparing its response to those Interrogatories.

**RESPONSE:**  Pursuant of FRCP 33 (d)(1),(2), Athena will make available payroll

records from 2011 through January 2016 at their office in Triangle, Virginia at a mutually

convenient time upon 72-hours' notice and the signing of a Protective Order establishing

that all documents reviewed and subsequently copied shall be considered

"CONFIDENTIAL - Attorneys' Eyes Only".

A copy of the HUBZone set-aside contract will be provided.


11.  Provide the full name and last-known contact information for all individuals whom you

consulted with in connection with your response to the above interrogatories.

**RESPONSE:** Information utilized in response to these Interrogatories was provided by Amber Peebles, Sheila Henderson and Melissa Schneider. Responses were prepared with the assistance of counsel.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce a copy of all documents relating to your HUBZone certification from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

Athena further objects to this request to the extent that it is overly broad and vague in that it could encompass payroll, personnel, email communications and countless other documents spanning a significant time period.

**RESPONSE:** Without waiving these objections, to the extent this request seeks documents related to Athena's application for certification and recertification, Athena will provide to the extent such documents are available.

2. Produce a copy of all documents relating to your initial application to the SBA for HUBZone certification, including all exhibits and attachments.

> **OBJECTION:**  Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.
>
> Athena further objects to this request on the basis that it is overly broad and vague in its request for "all documents relating to" the initial application.  Again, this request could include all payroll and personnel records, email communications and other documents that might peripherally relate to Athena employees and/or Athena's HUBZone certification.
>
> **RESPONSE:**   Without waiving these objections, to the extent this request seeks documents related to Athena's application for certification and recertification, Athena will provide to the extent such documents are available.

3. Produce a copy of all communications with the SBA relating to your HUBZone certification from 2011 to 2017.

13

**OBJECTION**: Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving these objections, Athena believes that it received a communication from the SBA confirming its recertification.  Attempts are being made to locate this letter and it will be produced if and when it is located.

4. Produce a copy of all internal documents and/or communications from 2011 to 2017 relating to your eligibility and maintenance of your HUBZone certification.

**OBJECTION**: Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith

fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

Athena further objects to this request to the extent that it is overly broad and vague in that it could encompass payroll, personnel, email communications and countless other documents spanning a significant time period.

**RESPONSE:** Without waiving these objections, Athena will produce to the extent responsive documents are available through January of 2016.

5. Produce a copy of all communications with any and all prime contractors, including but not limited to all co-defendants named in the Second Amended Complaint, from 2011 to 2017 regarding your eligibility and maintenance of your HUBZone certification.

**OBJECTION**: Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, none.

**Ex. 17**
**15 of 33**

6.  All documents, including communications concerning your understanding of, and efforts to comply with, any contractual or legal requirements concerning small business set-aside programs, including but not limited to:

a. SBA's limitation on subcontracting found at 12 C.F.R. §125.6 ; and

b. SBA's requirements regarding HUBZone small businesses found at 12 C.F.R. Part 126, Subpart B.

> **OBJECTION**: Pursuant to Order of March 25, 2022 (Dkt. 107), the fraud claims of this case were limited to allegations related to Athena's HUBZone certification.  Any claims related to limitations on subcontracting were dismissed.  Accordingly, Athena objects to subpart (a) of this request on the basis that it is overly broad and not likely to lead to relevant or admissible evidence.
>
> Athena also objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.
>
> **RESPONSE:** Without waiving this objection, to the extent that Athena understands the request in subpart (b), see documents produced in response to Request #4.

7. Produce a copy of all HUBZone set aside contracts that you were awarded from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks contracts for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** A copy of HQ003414D0005 and related task orders will be produced to the extent that Athena is able to locate such documents.

8. Produce a copy of all documents relating to your annual HUBZone certifications, including all exhibits and attachments.

**OBJECTION:** Athena objects to this request to the extent that it assumes that Athena was subject to "annual" certifications from 2011 through the present.

Athena further objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for

that time period or factual basis upon which to put forth allegations of fraud for that time

period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-

faith fishing expedition unsupported by any evidence and is not appropriate. This request

is overly broad and will not be answered beyond the time period of Mr. Smith's

employment.

**RESPONSE:** Without waiving these objections, to the extent this request seeks documents

related to Athena's application for certification and recertification, Athena will provide to

the extent such documents are available.


9. Produce a copy of all documents submitted to the SBA relating to your HUBZone certification

from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for

the time period of 2011 through the present. Mr. Smith was terminated from Athena in

January 2016 and while Athena does not agree that Plaintiff has any basis to allege that

fraud occurred while he was employed by Athena, he has alleged no evidence of fraud

continuing beyond his term of employment and testified that he has no information for

that time period or factual basis upon which to put forth allegations of fraud for that time

period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-

faith fishing expedition unsupported by any evidence and is not appropriate. This request

is overly broad and will not be answered beyond the time period of Mr. Smith's

employment.

**RESPONSE:** Without waiving these objections, to the extent this request seeks documents related to Athena's application for certification and recertification, Athena will provide to the extent such documents are available.

10.   Produce a copy of each of your fully executed lease/rental agreements or deeds for your principal office location from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:**  Without waiving objections, Athena is making attempts to locate these documents and will produce for the time period of 2011 through January 2016 to the extent they are available.

11. Produce a copy of each of the insurance policies that covered your principal office location from 2011 to 2017.

**Ex. 17**
**19 of 33**

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:**  Without waiving this objection, Athena is making attempts to locate these documents and will produce for the time period of 2011 through January 2016 to the extent they are available.

12. Produce a copy of each of your fully executed lease/rental agreements or deeds for each of your satellite office locations from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-

20

faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, Athena is making attempts to locate these documents and will produce for the time period of 2011 through January 2016 to the extent they are available.


13.  Produce a copy of each of the insurance policies that covered your satellite office locations from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, Athena is making attempts to locate these documents and will produce for the time period of 2011 through January 2016 to the extent they are available.

21

14.  Produce a copy of each or your utility bills, including but not limited to gas, electric, water, sewer, cellular and landline telephone phone bills, for your principal office location from 2011 to 2017.

> **OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

> **RESPONSE:** Without waiving this objection, Athena will produce responsive documents to the extent they exist.

15. Produce a copy of each or your utility bills, including but not limited to gas, electric, water, sewer, cellular and landline telephone phone bills, for your satellite office locations from 2011 to 2017.

> **OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that he has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period

or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, none.


16. All documents that reflect your organizational structure, including but not limited to, organizational charts from 2011 to 2017.  The documents should also include information regarding the physical location where each employee works, and if remote, each employee's remote work location.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, none.


17. Produce a copy of your payroll records, which should include the name/number of hours worked/wages, for each of your employees from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, Plaintiff has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, pursuant to Federal Rules of Civil Procedure Rule 33(d)(1),(2), payroll records maintained by Athena for the years of 2011 through January of 2016 will be made available for inspection during business hours at Athena's office in Triangle, Virginia at a mutually convenient time upon 72-hours' notice and the signing of a Protective Order establishing that all documents reviewed and subsequently copied shall be considered "CONFIDENTIAL - Attorneys' Eyes Only".

18. Produce a copy of your payroll records, which should include the name/number of hours worked/wages, for each of your principals and/or owners from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, Plaintiff has alleged no evidence of

24

fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, pursuant to Federal Rules of Civil Procedure Rule 33(d)(1),(2), payroll records maintained by Athena for the years of 2011 through January of 2016 will be made available for inspection during business hours at Athena's office in Triangle, Virginia at a mutually convenient time upon 72-hours' notice and the signing of a Protective Order establishing that all documents reviewed and subsequently copied shall be considered "CONFIDENTIAL - Attorneys' Eyes Only".

19. Produce a copy of all W2s and 1099s from 2011 to 2017 issued by you.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, Plaintiff has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This

25

request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:**   Without waiving this objection, these records are contained within the personnel records maintained by Athena. Pursuant to Federal Rules of Civil Procedure Rule 33(d)(1),(2), the personnel records maintained by Athena for the years of 2011 through January of 2016 will be made available for inspection during business hours at Athena's office in Triangle, Virginia at a mutually convenient time upon 72-hours' notice and the signing of a Protective Order establishing that all documents reviewed and subsequently copied shall be considered "CONFIDENTIAL - Attorneys' Eyes Only".

20. Produce a copy any [sic] and all agreements and/or invoices you entered into or received from any and all temporary employee agency, leasing concern, or through a union agreement or co-employed pursuant to a professional employer organization agreement from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, Plaintiff has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, none.

21. Produce a copy of the following:

    a.  any and all written offers of employment;

    b. published advertisements for open positions; and

    c. attendance at job fairs.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, Plaintiff has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:**  Without waiving this objection, Athena will produce responsive documents to the extent they exist.

22. Provide copies of driver's licenses, identification cards, or voter registration cars indicating the home address of each of your employees from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in

January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, Plaintiff has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, documents responsive to this request are maintained within the personnel files of Athena Construction.  Pursuant to Federal Rules of Civil Procedure Rule 33(d)(1),(2), personnel records maintained by Athena for the years of 2011 through January of 2016 will be made available for inspection during business hours at Athena's office in Triangle, Virginia at a mutually convenient time upon 72-hours' notice and the signing of a Protective Order establishing that all documents reviewed and subsequently copied shall be considered "CONFIDENTIAL - Attorneys' Eyes Only".

23. Provide a copy of a HUBZone map for each employee you claimed as residing in a HUBZone from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, Plaintiff has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information

for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, documents responsive to this request are maintained within the personnel files of Athena Construction.  Pursuant to Federal Rules of Civil Procedure Rule 33(d)(1),(2), personnel records maintained by Athena for the years of 2011 through January of 2016 will be made available for inspection during business hours at Athena's office in Triangle, Virginia at a mutually convenient time upon 72-hours' notice and the signing of a Protective Order establishing that all documents reviewed and subsequently copied shall be considered "CONFIDENTIAL - Attorneys' Eyes Only".

24. Provide a copy of your state unemployment tax filing, which should include the employee listing supporting the summary of wages, from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, Plaintiff has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This

request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, documents responsive to this request are maintained within the personnel files of Athena Construction.  Pursuant to Federal Rules of Civil Procedure Rule 33(d)(1),(2), personnel records maintained by Athena for the years of 2011 through January of 2016 will be made available for inspection during business hours at Athena's office in Triangle, Virginia at a mutually convenient time upon 72-hours' notice and the signing of a Protective Order establishing that all documents reviewed and subsequently copied shall be considered "CONFIDENTIAL - Attorneys' Eyes Only".

25. Provide a copy of your federal employment quarterly report (Form 941-Employer's Quarterly Federal Tax Form) from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that he has any basis to allege that fraud occurred while he was employed by Athena, Plaintiff has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period.  Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

**RESPONSE:** Without waiving this objection, documents responsive to this request are

maintained within the personnel files of Athena Construction.  Pursuant to Federal Rules of Civil Procedure Rule 33(d)(1),(2), personnel records maintained by Athena for the years of 2011 through January of 2016 will be made available for inspection during business hours at Athena's office in Triangle, Virginia at a mutually convenient time upon 72-hours' notice and the signing of a Protective Order establishing that all documents reviewed and subsequently copied shall be considered "CONFIDENTIAL - Attorneys' Eyes Only".

26. Provide a copy of your Federal Business Income Tax Returns from 2011 to 2017.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

Athena further objects to this request on the basis that it is overly broad and not likely to lead to admissible or relevant information based on the allegations remaining in the Third Amended Complaint.  If Plaintiff provides an explanation for the basis for this request, Athena will reconsider this objection.

27. Provide the Federal Personal Income Tax Returns from 2011 to 2017 for all owners of Defendant Athena who have 20% or more ownership, including all attachments and schedules.

**OBJECTION:** Athena objects to this request on the basis that it seeks documentation for the time period of 2011 through the present. Mr. Smith was terminated from Athena in January 2016 and while Athena does not agree that Plaintiff has any basis to allege that fraud occurred while he was employed by Athena, he has alleged no evidence of fraud continuing beyond his term of employment and testified that he has no information for that time period or factual basis upon which to put forth allegations of fraud for that time period. Any efforts to seek information beyond January 2016 is nothing more than a bad-faith fishing expedition unsupported by any evidence and is not appropriate. This request is overly broad and will not be answered beyond the time period of Mr. Smith's employment.

Athena further objects to this request on the basis that it is overly broad and not likely to lead to admissible or relevant information based on the allegations remaining in the Third Amended Complaint.  If Plaintiff provides an explanation for the basis for this request, Athena will reconsider this objection.

__/s/ Milton C. Johns_____
Milton C. Johns, VSB #42305
D.D.C. Attorney No. VA072
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
(571) 500-1010
(571) 408-8102 Facsimile
mjohns@xlppllc.com
*Counsel for Defendant*
*Athena Construction Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24nd day of August 2022, a true copy of Defendant Athena Construction Group, Inc.'s Responses to First Interrogatories and Requests for Production of Documents was sent by email to the following:

Glenn Andrew Ellis, Esq.
GLENN ELLIS LAW, PLLC
2301 Bryn Mawr Ave.
Philadelphia, PA 19131
gae@glennellislaw.com
*Counsel for William Smith*

W. Scott Simmer
Andrew W. Miller
BARON & BUDD, P.C.
600 New Hampshire Ave, N.W., Suite 10-A
Washington, D.C. 20037
amiller@baronbudd.com
ssimmer@baronbudd.com
*Counsel for William Smith*

Amibka J. Biggs, Esq
Hirschler Fleischer
8270 Greensboro Drive, Suite 700
Tysons, VA 22102
abiggs@hirschlerlaw.com
*Counsel for Balfour Beatty*
*Construction, LLC*

Matthew A. Lipman, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1617 JFK Blvd, Suite 1500
Philadelphia, PA 19102
mlipman@mdmc-law.com
*Counsel for Component Assembly Systems, Inc.*

33