**RE: Athena - Opposition Exhibits -**

Glenn Ellis <gae@glennellislaw.com>
Tue 10/31/2023 9:06 PM

To: Milt Johns <mjohns@xlppllc.com>; Jill Helwig <jhelwig@xlppllc.com>
Cc: Catherine Dorsey <cdorsey@baronbudd.com>; ssimmer@baronbudd.com <ssimmer@baronbudd.com>; amiller@baronbudd.com <amiller@baronbudd.com>

Milt,

I find it odd that you now claim that the *RE Construction v. Athena* litigation, which you have repeatedly referred to in your filings, is not a "companion matter". In your motion for summary judgment, you state: "**In a companion matter**, counsel for Mr. Smith affirmed to that court and represented to opposing counsel that Mr. Smith was employed by RE Construction subsequent to his termination from Athena. Ex. W" Dkt. 158 p. 4, fn. 3 (emphasis added) The exhibit you attached is a several page document from that 2017 litigation. So I guess what you are really saying is that it is ok for you to refer to that matter and attach documents from it but not for the Plaintiff to do the same. Obviously, we do not agree.

Moreover, the vast majority of the documents you are objecting to are Athena documents or government summaries of contracts between Athena and various contracting agencies. Let me repeat that: these are Athena documents. So what is the harm and prejudice to Athena for the Court to consider documents that they created/contributed to and are fully aware of. Surely your client is not claiming that they are surprised to learn that they were awarded HUBZone set-aside contracts or that they were paid by the government for the work they did on those contracts?

I will be on the call.

Glenn

Glenn Ellis Law, PLLC
gae@glennellislaw.com
2301 Bryn Mawr Ave.,
Philadelphia, PA 19131
www.glennellislaw.com

---

**From:** Milt Johns
**Sent:** Tuesday, October 31, 2023 8:30 PM
**To:** Glenn Ellis; Jill Helwig
**Cc:** Catherine Dorsey; ssimmer@baronbudd.com; amiller@baronbudd.com
**Subject:** RE: Athena - Opposition Exhibits -

    Glenn – thank you for this information. It does not change our position, however, that the exhibits identified must be excluded from the court's consideration. FRCP 37(c) directs that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Rule 26(e) requires that a party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some

**Ex. 31**
**1 of 5**

material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court. Your various exhibits and information were never identified as being responsive to or supplementing any particular answers; some of them were never produced in discovery at any time. There is no threshold showing here under the Rule that the failure to provide information or identify witnesses was substantially justified or harmless. Only after that showing is made would the court look at whether the information was made known during discovery. Again, much of this information was not disclosed at all, and certainly not the purpose for which the information was to be used, until it was included in the Opposition to Motion for Summary Judgment some 8 months after discovery closed.

Finally, the arbitration in *RE Construction v. Athena* was not a companion case to this FCA case in any way, and RE Construction is not a party to the FCA case. Further, during Bill Smith's deposition, you objected on the record to my question posed to Bill Smith (specifically why you identified him as an employee of RE Construction during the arbitration but in this case you claim he was never an employee of RE Construction) about an email that was produced in the arbitration and you said that those records were subject to a protective order. We have never seen that protective order produced, but if it existed at all, and it barred Bill Smith from answering a question about an email included in that arbitration, I don't see how any of the documents you put forward (which were never identified or referred to at any time in discovery in the instant matter) would also not be barred from production in this case.

We will be on the call at 10:45 as scheduled.

Best regards,


**Milt Johns**
*XLP*
[www.xlppllc.com](http://www.xlppllc.com)

O: 571.500.1010 | F: 571.408.8102

NOTICE: This message (including any attachments) from Executive Law Partners, PLLC may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to the sender.

---

**From:** Glenn Ellis <gae@glennellislaw.com>
**Sent:** Tuesday, October 31, 2023 4:39 PM
**To:** Jill Helwig <jhelwig@xlppllc.com>; Milt Johns <mjohns@xlppllc.com>
**Cc:** Catherine Dorsey <cdorsey@baronbudd.com>; ssimmer@baronbudd.com; amiller@baronbudd.com
**Subject:** RE: Athena - Opposition Exhibits -

Jill,

Here is Plaintiff's response to your request for information regarding the following exhibits:

- Exhibit B (Brief) –SBA Information Notice – This notice, created by the SBA, was issued to all HUBZone certified companies and published to the public on 08/23/2023. Athena should have received a copy of this document directly from the SBA. Accordingly, there is no surprise or prejudice to Athena in the Court being made aware of the SBA's notice. Furthermore, it is well established that courts may take judicial notice of publicly available information found on government websites. *Seifert v. Winter*, 555 F.Supp.2d 3, 11 n.5 (D.D.C.2008) (Walton, J.) (citing

**Ex. 31**
**2 of 5**

cases that allow the taking of judicial notice of information published on government websites); *Bega v. Jaddou*, No. CV 22-02171 (BAH), 2022 WL 17403123, at *4-5 (D.D.C. Dec. 2, 2022) (taking judicial notice of "facts regarding the operation of the EB-5 visa program made publicly available on the USCIS website" and collecting cases supporting same), *aff'd sub nom. Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330 (D.C. Cir. 2023).

- Exhibit E SOF – Time Sheets – These time sheets were contained in the Smith Hard Drive and were produced during the deposition of Ms. Papa. Moreover, these are Athena time sheets that were created by the company and should still be in the company's possession. Accordingly, there is no surprise or prejudice to Athena in the Court considering these documents. *Estevan v. Garland*, No. 1:21-CV-02497 (TNM), 2023 WL 1100448, at *8 (D.D.C. Jan. 30, 2023) (refusing to exclude information which the opposing party learned about during discovery because "a party only needs to supplement a response 'if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.' " (quoting Fed. R. Civ. P. 26(e)(1)(A)) (citing *Kapche v. Holder*, 677 F.3d 454, 468 (D.C. Cir. 2012))); *U.S. ex rel. Morsell v. NortonLifeLock, Inc.*, 567 F. Supp. 3d 248, 271 (D.D.C. 2021) (refusing to preclude the use of documents at trial under Rule 37 because " 'preclusion of evidence is an extreme sanction.' Excluding this evidence would be too strong a remedy here given that Norton has not provided specifics about the harm it would face. The harm Norton describes could be said for any late-disclosed documents or witnesses." (quoting *Richardson v. Korson*, 905 F. Supp. 2d 193, 200 (D.D.C. 2012))); *Newell v. Mnuchin*, No. CV 17-2695 (RC), 2020 WL 136648, at *9 (D.D.C. Jan. 13, 2020) (refusing to exclude documents under Rule 37 at the summary judgment stage where the party asking for exclusion had moved for, and was granted, additional time to review the very same documents and to incorporate them into the party's responsive brief).

- Exhibit F SOF – Corrected Expert Report of Arthur E. Collins – As noted in my email to Milt, Mr. Collins report was corrected to address the typos spotted by Ms. Bailey. The report does not change any of Mr. Collins previous opinions. Thus, there is no surprise or prejudice to Athena. *Estevan v. Garland*, No. 1:21-CV-02497 (TNM), 2023 WL 1100448, at *8 (D.D.C. Jan. 30, 2023); *U.S. ex rel. Morsell v. NortonLifeLock, Inc.*, 567 F. Supp. 3d 248, 271 (D.D.C. 2021); *Newell v. Mnuchin*, No. CV 17-2695 (RC), 2020 WL 136648, at *9 (D.D.C. Jan. 13, 2020).

- Exhibit H SOF – Google Map – This google map corroborates the testimony of Ms. Papa and is appropriate for the Court to take judicial notice of. *See United States v. Burroughs*, 810 F.3d 833, 835 n.1 (D.C. Cir. 2016) (taking judicial notice of Google map whose " 'accuracy [could not] reasonably be questioned' " for relevant purpose) (quoting FED. R. EVID. 201(b)(2)).

- Exhibits J, K, L, and M SOF – USASpending.gov Profiles – The relevance and use of the USASpending.gov data is discussed in Mr. Collins report. Moreover, these government profiles summarize contracting information that is known to and in Athena's possession. The actual contract and task orders for HQ003414D005 was produced. Accordingly, there is no surprise or prejudice to Athena in the Court considering these documents which summarize the hundreds of pages of contract documents. Furthermore, it is well established that courts may take judicial notice of publicly available information found on government websites. *Seifert v. Winter*, 555 F.Supp.2d 3, 11 n. 5 (D.D.C.2008) (Walton, J.); *Bega v. Jaddou*, No. CV 22-02171 (BAH), 2022 WL 17403123, at *4-5 (D.D.C. Dec. 2, 2022).

- Exhibit N &O SOF – Proof of Payment – These documents were produced by Athena in the

**Ex. 31**
**3 of 5**

companion litigation of *RE Construction v. Athena*. Athena has referred to and has attached documents/emails from that litigation to its MSJ filed in this litigation. It is rather odd that now Athena does not want the Court to consider the documents it produced in that companion litigation. Moreover, these documents were requested during discovery and are Athena documents, which should be in its possession. Accordingly, there is no surprise or prejudice to Athena in the Court considering these documents. *Estevan v. Garland*, No. 1:21-CV-02497 (TNM), 2023 WL 1100448, at *8 (D.D.C. Jan. 30, 2023); *U.S. ex rel. Morsell v. NortonLifeLock, Inc.*, 567 F. Supp. 3d 248, 271 (D.D.C. 2021); *Newell v. Mnuchin*, No. CV 17-2695 (RC), 2020 WL 136648, at *9 (D.D.C. Jan. 13, 2020).

- Exhibit C pg. 81-103 – Native Recall Rosters – These documents were produced by Athena in a folder titled: ACG617-627 NATIVE Recall Rosters Native.

Glenn

Glenn Ellis Law, PLLC
gae@glennellislaw.com
2301 Bryn Mawr Ave.,
Philadelphia, PA 19131
www.glennellislaw.com

---

**From:** Jill Helwig
**Sent:** Friday, October 27, 2023 9:43 AM
**To:** Glenn Ellis; Milt Johns
**Cc:** Catherine Dorsey; ssimmer@baronbudd.com; amiller@baronbudd.com
**Subject:** Athena - Opposition Exhibits -

Good Morning Glenn
After reviewing the exhibits identified in support of your Opposition to Motion for Summary Judgment, we have identified a number of documents not previously produced or identified during discovery. The introduction of these documents at this point in the litigation process is in violation of FRCP 37 and these documents must be withdrawn from the court along with those portions of your opposition brief that discuss these documents.

The following materials were not produced during the open discovery period:

-Exhibit B – 8 23 2023 SBA information Notice

-Exhibit E SOF – if it is your position that these documents were previously produced, please provide the associated bates numbers for confirmation

-Exhibit F SOF – Corrected Expert Report of Arthur E. Collins

-Exhibit H SOF

-Exhibit J SOF

-Exhibit K SOF

-Exhibit L SOF

**Ex. 31**
**4 of 5**

-Exhibit M SOF

-Exhibit N SOF

-Exhibit O SOF

With regard to Pages 81-103 of Exhibit C, please provide the bates designations for these documents to enable us to confirm if they were contained within Relator's document production of February 2023.

Please advise when you are available to conduct a meet and confer regarding these materials. It is our intention to seek the intervention of the court if the parties are unable to agree to the appropriate treatment of these materials.

We look forward to hearing from you on this matter.

Regards

Jill F. Helwig, Partner
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
(571) 500-1010
(703) 828-8414 (direct)
www.xlppllc.com

NOTICE: This message (including any attachments) from Executive Law Partners may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to the sender.

**Ex. 31**
**5 of 5**