RE: Athena - Opposition Exhibits -

Glenn Ellis <gae@glennellislaw.com>
Mon 11/6/2023 1:43 PM

To:Jill Helwig <jhelwig@xlppllc.com>;Milt Johns <mjohns@xlppllc.com>
Cc:Catherine Dorsey <cdorsey@baronbudd.com>;ssimmer@baronbudd.com <ssimmer@baronbudd.com>; amiller@baronbudd.com <amiller@baronbudd.com>

📎 2 attachments (1 MB)
Expert Report of Arthur Collins (Corrected) (Signed) (11.6.23).pdf; Expert Report of Arthur Collins (Corrected) (Track Changes) (11.6.23).pdf;

Milt and Jill,

I am writing to provide an additional response to Athena's objection to certain exhibits attached to Plaintiff's Opposition to Athena's Motion for Partial Summary Judgment on the HUBZone Allegations. First, as discussed during our recent meet and confer, Athena has withdrawn its objections to Exhibits E, H, and C (pgs. 81-103). Regarding Ex. K, I have attached a corrected copy of Mr. Collins's report that corrects the inadvertent deleting of the references to the original reports attachments. If this is satisfactory we can prepare a praecipe to switch out Ex. K for the attached corrected report. In addition, Athena has no objection as to the relevancy or authenticity of the exhibits at issue.

As I understand it, Athena's objection to the remaining exhibits (J, K, L, M, N, and O) is based solely on an alleged violation of Rule 37(c) for failing to provide these documents in response to your discovery requests as required by Rule 26 (a) or (e). At the recent meet and confer, you stated that the documents at issue should have been produced in response to Athena's previous general request for "all documents in your possession that support the claims set forth in Count I and II of the [TAC]." As you may recall, Plaintiff objected to this request on the grounds that it was unduly vague and overly broad. The Plaintiff's response also referred you back to the Hard Drive, which contains various contracting documents including pay apps, that had already been produced. Athena did not request a more specific response nor did Plaintiff have any additional documents in his possession.

In fact, Plaintiff requested these very documents from Athena. The Plaintiff requested that Athena produce all HUBZone set-aside contracts that Athena was awarded from 2011 to 2017. Included in Plaintiff's request for contracting documents would have been the pay apps submitted by Athena to the Government for payment. FAR 4.803(c)(3) (Record of payments or receipts). In response, Athena agreed to produce a copy of one HUBZone set-aside - HQ0034314D0005 and related task orders to the extent that Athena is able to locate such documents. Athena did not identify any of the other HUBZone contracts that are detailed and evident in Ex. J. Ultimately, Athena did not produce all of the contracting documents and task orders for HQ0034314D0005 that are detailed and evident in Exs. K, L, M. If Athena has found the original contracting documents, Plaintiff has no objection to including them along with Plaintiff's response.

Once the issue of claim/payment was raised in Athena's Motion for Summary Judgment, Plaintiff sought alternative evidence to establish what Athena admits to on its website and promotional material – i.e. that it does business with the Government. As noted on the top left corner of several exhibits (J, K, L, and M), these documents were not in Plaintiff's possession until October 17, 2023. Similarly, exhibits N and O were not in Plaintiff's possession until October 20, 2023. Accordingly, it simply cannot be said that Plaintiff has in any way violated Rule 37 (c) or 26 (a) and (e) since you were

Ex. 32
1 of 5

in possession of the documents only a week after Plaintiff.

Finally, I am at a loss as to why Athena would object to its own documents in Exs. N and O. While it may be the case that Athena no longer has these documents since they were initially produced in 2017, their use here in no way prejudices or harms Athena. *U.S. ex rel. Miller v. Bill Harbert Int'l Const.*, No. CIV.A.95 1231 RCL, 2007 WL 861111, at *1 (D.D.C. Mar. 20, 2007)("[T]hough a party is required to make relevant information available to its opponent, it is not expected to point out to its opponent information that the opponent can clearly gleam on its own during discovery."). In addition, the Plaintiff agreed to Athena's request for an extension of time to provide its Reply. Accordingly, any harm suffered by Athena has been mitigated by the provision of extra time to reply to the evidence put forward in Plaintiff's response. *See Newell v. Mnuchin*, No. CV 17-2695 (RC), 2020 WL 136648, at *10 (D.D.C. Jan 13, 2020).

Let me know if you would like to discuss further.

Glenn

Glenn Ellis Law, PLLC
gae@glennellislaw.com
2301 Bryn Mawr Ave.,
Philadelphia, PA 19131
www.glennellislaw.com

**From:** Jill Helwig
**Sent:** Tuesday, October 31, 2023 9:46 AM
**To:** Glenn Ellis; Milt Johns
**Cc:** Catherine Dorsey; ssimmer@baronbudd.com; amiller@baronbudd.com
**Subject:** Re: Athena - Opposition Exhibits -

All

I generated at teams call invite for tomorrow.

If you have not received the invite, please let me know.

Thanks

Jill F. Helwig
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
(571) 500-1010
(703) 828-8414 (direct)
www.xlppllc.com

NOTICE: This message (including any attachments) from Executive Law Partners may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do

**Ex. 32**
**2 of 5**

not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to the sender.

**From:** Glenn Ellis <gae@glennellislaw.com>
**Sent:** Monday, October 30, 2023 10:20 PM
**To:** Jill Helwig <jhelwig@xlppllc.com>; Milt Johns <mjohns@xlppllc.com>
**Cc:** Catherine Dorsey <cdorsey@baronbudd.com>; ssimmer@baronbudd.com <ssimmer@baronbudd.com>; amiller@baronbudd.com <amiller@baronbudd.com>
**Subject:** RE: Athena - Opposition Exhibits -

That works for us.

Glenn

Glenn Ellis Law, PLLC
gae@glennellislaw.com
2301 Bryn Mawr Ave.,
Philadelphia, PA 19131
www.glennellislaw.com

**From:** Jill Helwig
**Sent:** Monday, October 30, 2023 1:47 PM
**To:** Glenn Ellis; Milt Johns
**Cc:** Catherine Dorsey; ssimmer@baronbudd.com; amiller@baronbudd.com
**Subject:** Re: Athena - Opposition Exhibits -

Glenn
Milt and I have availability on Wednesday at 10:45. Will that work with your schedule?

Jill F. Helwig, Partner
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
(571) 500-1010
(703) 828-8414 (direct)
www.xlppllc.com

NOTICE: This message (including any attachments) from Executive Law Partners may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to the sender.

**From:** Glenn Ellis <gae@glennellislaw.com>
**Sent:** Monday, October 30, 2023 10:27 AM
**To:** Jill Helwig <jhelwig@xlppllc.com>; Milt Johns <mjohns@xlppllc.com>
**Cc:** Catherine Dorsey <cdorsey@baronbudd.com>; ssimmer@baronbudd.com <ssimmer@baronbudd.com>;

**Ex. 32**
**3 of 5**

amiller@baronbudd.com <amiller@baronbudd.com>
**Subject:** RE: Athena - Opposition Exhibits -

Jill,

We are available to hold a meet and confer on Wednesday or Thursday (before 3:30 pm) of this week. We are pulling together the information requested and expect to have a substantive response to your email prior to Wednesday. If neither of those dates work for your schedule let me know and we can provide some additional dates.

Finally, we would also like to add to the meet and confer a discussion of Athena's current HUBZone status. In its motions for summary judgment Athena has repeatedly asserted that it has maintained its HUBZone certification. In fact, Athena has asserted that the Court should use the fact that it has maintained its HUBZone certification as evidence that it has not committed any wrongdoing. As you know these statements are now false and Athena was decertified on 10/20/23.

It is surprising that you have not updated your filings and that that you have not provided Plaintiff with information on Athena's recent decertification. Athena has an ethical obligation to correct these false statements in its motions for summary judgment and is under a continuing obligation to supplement its discovery responses, which would include providing documents relating to its decertification.

We look forward to discussing with you how you intend on correcting this oversight.


Glenn

Glenn Ellis Law, PLLC
gae@glennellislaw.com
2301 Bryn Mawr Ave.,
Philadelphia, PA 19131
www.glennellislaw.com

---

**From:** Jill Helwig
**Sent:** Friday, October 27, 2023 9:43 AM
**To:** Glenn Ellis; Milt Johns
**Cc:** Catherine Dorsey; ssimmer@baronbudd.com; amiller@baronbudd.com
**Subject:** Athena - Opposition Exhibits -

Good Morning Glenn
After reviewing the exhibits identified in support of your Opposition to Motion for Summary Judgment, we have identified a number of documents not previously produced or identified during discovery. The introduction of these documents at this point in the litigation process is in violation of FRCP 37 and these documents must be withdrawn from the court along with those portions of your opposition brief that discuss these documents.

The following materials were not produced during the open discovery period:

-Exhibit B – 8 23 2023 SBA information Notice

-Exhibit E SOF – if it is your position that these documents were previously produced, please provide

**Ex. 32**
**4 of 5**

the associated bates numbers for confirmation

-Exhibit F SOF – Corrected Expert Report of Arthur E. Collins

-Exhibit H SOF

-Exhibit J SOF

-Exhibit K SOF

-Exhibit L SOF

-Exhibit M SOF

-Exhibit N SOF

-Exhibit O SOF

With regard to Pages 81-103 of Exhibit C, please provide the bates designations for these documents to enable us to confirm if they were contained within Relator's document production of February 2023.

Please advise when you are available to conduct a meet and confer regarding these materials. It is our intention to seek the intervention of the court if the parties are unable to agree to the appropriate treatment of these materials.

We look forward to hearing from you on this matter.

Regards

Jill F. Helwig, Partner
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
(571) 500-1010
(703) 828-8414 (direct)
www.xlppllc.com

NOTICE: This message (including any attachments) from Executive Law Partners may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to the sender.

**Ex. 32**
**5 of 5**