**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VICKIE SMITH, Personal Representative of the Estate of WILLIAM SMITH **)** **)** **)** **)** | |
| Plaintiff | ) ) |
| v. | ) ) |
| ATHENA CONSTRUCTION GROUP, INC, *et al* | ) Civil Action No. 1:18-cv-02080-APM ) ) |
| Defendant. | ) ) **)** **)** |

## <u>DEFENDANT ATHENA CONSTRUCTION GROUP, INC's. REPLY TO OPPOSITION TO MOTION TO CONTINUE TRIAL DATE OF OCTOBER 14, 2025</u>

Defendant Athena submits this reply to Plaintiff Smith's Opposition to Athena's Motion for a Continuance of the Trial Date. Despite Relator's assertions, Athena's request is not untimely, is not made for the purpose of delay and seeks only a brief continuance to allow the full participation of Athena's President and key fact witness, Amber Peebles during trial. However, Relator's argument relies on fabricated, nonexistent case law, as well as material misrepresentations of existing case law, in addition to hyperbolic accusations of Athena seeking to delay trial "indefinitely" and makes unsupported allegations that Athena has previously wl

**Fabrication of Legal Authority for Plaintiff's Arguments:** Defendant reviewed each case citation contained within Relator's brief presented in support of her arguments in opposition to Defendant's request. One of the cases, discussed *infra*, is nonexistent in the major legal databases, and the quote cited from this non-existent case is itself non-existent. Three cases cited

are actual cases, but quotes from those cases are also non-existent and fabricated.  Finally, two cases are real, and deal with requests for continuances, but Relator's assertions of the case holdings stretches credulity for its application to the point of being a knowing misrepresentation. None of the actual cases provided the support claimed by Plaintiff for the positions Plaintiff espoused.

**Evidence:**  A sworn affidavit prepared by Athena President, Amber Peebles is provided with this reply for the court's consideration in support of this request.

**Athena Provided a Clear Alternative Trial Date:**  The motion submitted on behalf of Athena clearly provided an alternative trial date. Based on the period-of-performance of the current Task Orders, the likely additional Task Orders and required post-contract responsibilities, Athena advised this court that Ms. Peebles, and therefore, Athena would be prepared to move forward with trial at any point after the end of 2025.

**Unavoidable Scheduling Conflict/Timely Addressed:**  This conflict was unforeseeable and unavoidable.  Athena took timely and appropriate steps to mitigate the issue, but for the reasons set forth in the attached affidavit, it was determined utilizing best business judgment that the best outcome for both Athena and the client, Laughlin Air Force Base ("Laughlin AFB"), was for Ms. Peebles to continue in the role of superintendent that she was required to assume when the long-standing superintendent became ill and was unable to continue with the assigned duties. Athena could not have predicted an unexpected and sudden medical crisis.

Athena is not requesting a continuance because of "conflicting obligations that they chose to undertake" (Relator Brief at 3). Athena is a construction company. As part of that business, Athena bid on, and won, the SABER contract with an initial period of performance starting on September 30, 2023. Athena was required to commit to the current option year in September

2024.  At that time, Athena's Motion for Summary Judgment (Dkt. 160) was under consideration by this court (pending since filing on September 22, 2023). Athena has already advised Laughlin AFB that while they will complete the work required under fiscal year 2025, they will not exercise the option for the next option year because of their personnel difficulties.

This matter was set for trial on February 7, 2025. As of February 7, 2025, Athena was standing employment of the superintendent, Athena had every reason to believe that the work on the SABER contract would continue without issue while at the same time allowing Ms. Peebles to be fully available to participate in the trial and required preparation. Athena did not voluntarily assume contractual obligations after the personnel issues arose; Athena simply agreed to meet its existing contractual obligations through the option year of fiscal 2025 thereby not leaving Laughlin AFB without the ability to complete its mission.

The argument that Athena had two years to come up with staffing contingencies is simply ridiculous. At the time Athena accepted this contract, there was no trial date and no idea of when/if one would be set.  Under Relator's argument, Athena should have hired an extra superintendent and kept him in the wings in anticipation of some sudden, unanticipated personnel issue.  That is not a realistic business practice.  Athena is a small business with a total of ten employees, including the two owners.  Athena did have contingency plans.  As with most small businesses, in the event of emergencies, the remaining employees take on additional tasks – in this case, as superintendent for the project. A business the size of Athena does not have the luxury of redundancy in staffing.

**Only Delays Incurred at Request of Relator:** Defendant Athena advised this Court that they would be available for a trial at any point after the last day of 2025.  Given the current

October 14, 2025 trial date, that is only an eighty-three day delay that encompasses the Veterans Day, Thanksgiving, Christmas, New Years and Hanukkah holidays.

To put the 83 days in perspective, over the course of this litigation, Relator requested an extension on eight occasions totaling 201 days. In addition, previously undisclosed documents produced with Plaintiff's Opposition to Motion for Summary Judgment necessitated the reopening of discovery for forty-five (45) days to permit Athena the opportunity to explore the new evidence.

A review of the docket reveals that this is only the second time that Athena has made any request for an extension. The first was a two-week extension requested on October 25, 2023 to file its response to Opposition to Motion for Summary Judgment. Dkt. 168. Relator's Opposition was filed only after Relator secured one of their many extensions, this one for thirty days, in which to file the opposition.

This matter has been pending since January 10, 2017. Relator crafted and filed four versions of the complaint to survive motions to dismiss with the Third Amended Complaint being filed on February 26, 2021 – four years after this matter was initiated. Thereafter, the parties engaged in discovery and extensive motions practice. If Defendant's request is granted, it would bring the total days' extension requested on behalf of Defendant to less than 100 days out of the total 3,118 days (or just 3% of the time) that this matter has been pending as of the filing of this brief. That is not an unreasonable request and hardly rises to the level of a pattern of delay as Relator asserts.

**Mediation:** Mediation by the parties is a red herring, and has no bearing on whether a continuance is appropriate. There is no motion or order to mediation in the case. There is also no actual case law (discussed *infra*) to support this position. Although Relator inquired if Athena

was interested in pursuing resolution through mediation subsequent to the decision on the

Motion for Summary Judgment, it was not until after Athena advised Relator of its intent to seek

a continuance of the trial date on July 17, 2025 that Relator provided any type of settlement

demand.  While awaiting a settlement demand, Relator's counsel did inquire as to Defendant's

interest in participating in mediation.  Earlier this year, counsel for Athena indicated that it was

being considered, but never advised Relator that Athena would participate.

At this point, Athena has unequivocally declined to engage in mediation. Athena has not

delayed "pursuing mediation", Athena simply does not believe that it can engage in mediation in

good faith as it does not believe that it violated HUBZone regulations and does not agree that

Relator has evidence to support his allegations.  Athena is entitled to its day in court to defend

itself against what it believes to be baseless allegations of fraud and unethical behavior.  Even if

this court has the authority to force a party to mediation, the Court cannot force a party to adopt a

mind-set  - i.e., agree to participate in good faith - as demanded by Relator.  Further, Relator

misses the point that Athena's  need for a continuance for the trial would also impact the timing

of any forced mediation as well.  Ms. Peebles is the majority owner of Athena and in accordance

with the requirements imposed upon Athena by its 8a and SDVOSB certifications, Ms. Peebles is

the only Athena representative with the required authority to speak for Athena's settlement

position. Finally, there is no legal authority for any of Relator's positions, discussed *infra*.

**Fabrication and Misrepresentation of Legal Authority:**  On page 4 of Relator's

opposition brief, Relator makes the following representation to the Court:

> ""[P]arties are not entitled to continuances simply because they  have conflicting
> obligations that they chose to undertake." *United States v. Jorgensen*, 134 F.3d
> 1291, 1293 (8th Cir. 1998); see also *United States v. Burton*, 584 F.2d 485, 490
> (D.C. Cir. 1978)(holding that continuances may be denied if the circumstances are
> foreseeable or self-imposed)."

The case *United States v. Jorgensen*, 134 F.3d 1291, 1293 (8th Cir. 1998) does not appear to exist in the Westlaw or Fastcase legal databases.  The citation "134 F.3d 1291" occurs on the last page of *Compuware Corp. v. N.L.R.B.*, 134 F.3d 1285 (1998), which involves an appeal of an NLRB decision, and does not contain the word "continuance" anywhere in its text. Attached as Ex. A. The citation "134 F.3d 1293" occurs on the second page of *American Nuclear Resources, Inc. v. U.S. Dept. of Labor,* 134 F.3d 1292 (1998) which involves an appeal of a finding of a violation of the Energy Reorganization Act. The word "continuance" does not appear in that opinion either. Attached as Ex. B. There are only two cases in the 8th Circuit styled, *United States v. Jorgensen.* [1]  Neither contains a single occurrence of the word "continuance." Counsel for Defendant searched the entire Westlaw legal database, across all Federal Circuits, and found 7 cases styled,  *United States v. Jorgensen* in Circuits other than the 8th Circuit.[2] None of these cases contain a single occurrence of the word "continuance." The case cited is fabricated, and the direct quote is fabricated.

Turning to *United States v. Burton,* this is an actual case, but it involves a criminal defendant seeking a continuance on the night before his criminal trial, when one of his two appointed defense counsel's motion to withdraw was granted. Ex. C. The holdings of this case are about the 6th Amendment and whether denying a continuance for the purpose of changing counsel infringes on the right to counsel.  Not only are the legal and factual considerations

---

[1] U.S. v. Jorgensen, 871 F.2d 725 (1989) and U.S. v. Jorgensen, 144 F.3d 550 (1998).
[2] United States v. Jorgensen, Not Reported in Fed. Rptr. (2024) (5th Circ.)
U.S. v. Jorgensen, 13 F.3d 407 (1993) (10th Circ.)
U.S. v. Jorgensen, Not Reported in F.Supp.2d (2004) (D. Minn.)
U.S. v. Jorgensen, 66 F.2d 292 (1933) (9th Circ.)
U.S. v. Jorgensen, 116 F.3d 1487 (1997) (9th Circ.)
U.S. v. Jorgensen, Not Reported in M.J. (2012) (U.S. Army Court of Criminal Appeals)
U.S. v. Jorgensen, Not Reported in F.Supp.2d (2004) (D. Minn.)

completely different from the issue at bar, the terms "foreseeable" and "self-imposed" do not appear anywhere in the opinion.

In turning next to the argument that somehow not agreeing to participate in mediation disqualifies Defendant from seeking a continuance, Relator represents to the Court:

> "Indeed, "dilatory conduct in the face of settlement efforts weighs against granting continuances." *United States v. Johnson*, 537 F.2d 1170, 1172 (4th Cir. 1976). Courts often condition continuances on participation in alternative dispute resolution. *See De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993) (affirming trial court's authority to condition extensions on mediation participation)."

In *United States v. Johnson*, which is a real case, at 1170, the Fourth Circuit Court (actually) recites,

> This appeal presents the question whether, after a guilty plea has been vacated on appeal, a defendant may be prosecuted for charges more serious than those in his original indictment when the prosecutor was aware of the new charges at the time of the plea.

*United States v. Johnson*, 537 F.2d at 1170.

The opinion is attached at Exhibit D for the Court's convenience.  There is no occurrence of the words "dilatory," "settlement," or even the word "weighs" anywhere in the opinion, let alone at page 1172.  Relator's quote of authority is fabricated.

Likewise, *De Aguilar v. Boeing Co* is a real case, and the opinion is attached for  the court's convenience. Ex. E.  Nowhere in the opinion do the words, "continuance," "extension," "mediation" or "participation" appear in the opinion.  It is an analysis of the application of the *forum non coveniens* doctrine.  Relator's case authority citation is fabricated.

Relator further cites to *Morris v. Slappy*, 461 U.S. 1, 11-12 )1983) (Ex. F) and quotes from *United States v. Burton (Ex. C)* , "A scheduling conflict, without more, is not sufficient

grounds for a continuance." to support its proposition that "a party seeking a continuance due to unavailability of key personnel must demonstrate diligent attempts to resolve the conflict." Brief at 3. However, the term "scheduling conflict" appears nowhere in the *Burton* or *Morris* opinions and this quote is completely fabricated.  Further, neither of these cases supports this proposition as a general premise.  Both concern a criminal defendant who sought a continuance of a trial to retain new or additional counsel. Beyond that, the quote referenced by Relator appears in neither of those cases.  Citing to *Burton* at 490, as discussed *supra* Relator also maintains that the *Burton* court held that "continuances may be denied if the circumstances are foreseeable or self-imposed." Brief at 4. However, the *Burton* court does not discus the foreseeability or self-imposition of the need for a continuance or even use those words.

The *Morris* court found defendant's request for a continuance that was not made until the third day of trial to be untimely and denied the request particularly where the replacement counsel indicated that he was well prepared to represent the defendant.  In *Burton*, defendant sought a 30-60 day continuance of a trial date on the first day of trial to replace one of his two counsel who withdrew that same day.  Neither *Morris* nor *Burton* are analogous to the present situation where the president of a defendant company is unavailable for trial.

The *Burton* court found that while a "defendant cannot insist on an unnecessary delay or a delay of unreasonable proportions" (*Burton* at 490), the decision to grant a continuance is at the sound discretion of the trial court. *Id.*

Because of the egregious nature of these fabrications and misrepresentation, Defendant asks this Court to sanction Relator and Relator's counsel including, but not limited to, the revocation of the pro hoc vice status of Glenn Ellis.

**Conclusion:** Defendant Athena makes this request in good faith and in a timely manner with trial nearly three months away. This request is not made on the "eve" of trial or trial preparation as asserted by Relator. There is no prejudice to Relator if this brief continuance is granted. Mrs. Smith is not awaiting reimbursement of legal fees nor was she personally harmed by the alleged actions of Athena. She is simply standing in the place of the original Relator in this matter. In contrast, the prejudice to Athena if this request is not granted is significant. Ms. Peebles is the sole fact witness for Athena as she is the only employee with knowledge of the relevant time period and practices at issue in this matter. Relator failed to secure a deposition of a corporate representative so there are no other individuals who can provide the required testimony. Ms. Peebles' ability to focus her attention on this matter and to properly prepare for trial is mandatory for a fair trial. For all of these reasons, it is respectfully requested that this Court grant Athena's motion for a brief continuance of the trial date to permit the full and fair participation of Ms. Peebles at trial. A proposed form of Order is provided for this Court's consideration.

Dated: July 25, 2025

Respectfully Submitted,
Defendant Athena Construction
Group, Inc.
By counsel

/s/ Milton C. Johns
Milton C. Johns, VSB # 42305
D.D.C. Attorney No. VA072
Jill F. Helwig, VSB #83202
D.D.C. Attorney No. VA145
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite, 303
Fairfax, Virginia 22030
(571) 500-1010
(571) 408-8102 Facsimile
mjohns@xlppllc.com

jhelwig@xlppllc.com
*Counsel for Defendant*
*Athena Construction Group, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, the foregoing was filed via the CM/ECF system

and an electronic copy was served via notice of electronic filing (NEF) on all parties of record.

/s/ Milton C. Johns
Milton C. Johns, VSB # 42305
D.D.C. Attorney No. VA072
Jill F. Helwig, VSB #83202
D.D.C. Attorney No. VA145
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite, 303
Fairfax, Virginia 22030
(571) 500-1010
(571) 408-8102 Facsimile
mjohns@xlppllc.com
jhelwig@xlppllc.com
*Counsel for Defendant*
*Athena Construction Group, Inc.*