**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. VICKIE SMITH, *Personal Representative of the Estate of William Smith*, <br><br> Plaintiff-Relator, <br><br> v. <br><br> ATHENA CONSTRUCTION GROUP, INC., <br><br> Defendant. | No. 18-cv-2080 (APM) |

**GLENN ELLIS'S RESPONSE TO THE COURT'S
<u>ORDER TO SHOW CAUSE</u>**

Undersigned counsel, Glenn Ellis, respectfully submits this response to the Court's Order to Show:

(1) On July 17, 2025, Defendant Athena Construction Group, Inc. filed a Motion to Continue the Trial Date of October 14, 2025. On July 20, 2025, the Court ordered Relator's counsel to respond to Athena's motion by July 23, 2025.

(2) On July 21, 2025, co-counsel and I had a call to discuss our proposed response. I agreed to draft the response in opposition and began working on the three core arguments: Athena's request was unsupported by evidence; Athena's request was vague and open ended; and the continuance should be conditioned on the parties participating in a mediation effort as suggested by the government.

1

(3) I was wholly responsible for researching and preparing the opposition brief, including finding the citations and cite-checking the brief.

(4) On July 22, 2025, I reached out to Athena's counsel to see if an agreement could be reached on Defendant Athena Construction Group, Inc.'s Motion to Continue the Trial Date. On July 23, 2025, Athena's counsel responded that they were not interested in mediating in exchange for Relator withdrawing her objection. Since an agreement could not be reached, I finalized my draft response in opposition to Athena's motion.

(5) Since I was traveling the afternoon of June 23, 2025, the day the opposition brief was due, I asked co-counsel to file the brief for me. I had previously told co-counsel that I would be checking the citations.

(5) In preparing and finalizing the brief, I used the following software tools: Pages with Grammarly and ProWritingAid. I was also working on a brief involving criminal law. I suspect but have not been able to confirm that one or a combination of these tools led to the erroneous inclusion of quotes around paraphrased statements.

As the Court's order also notes, one case was cited that does not appear to exist: *United States v. Jorgensen*, 134 F.3d 1291, 1293 (8th Cir. 1998). I have tried to figure out where that case came from and how it ended up in the brief, but regretfully I do not have a good explanation. Unfortunately, this error was not caught, or I did not recognize it, through Lexis' cite-checking tool.

As to the category of cases that this Court identified as being cited for a false proposition of law, those were a result of my own error. In hindsight, I now recognize that

the language that I used to describe those cases was not accurate. In trying to apply the general principles of those cases to the specifics of this case, I realize that I did not separate the description of those cases from their application to this case, resulting in language that inaccurately described the cases. For example, I cited *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983), to emphasize that trial courts have significant discretion in granting or denying continuances, which includes consideration of whether there is a well-supported and justifiable basis for the continuance. Applying that principle here would suggest that, to show a well-supported and justifiable basis for the continuance, "[a] party seeking a continuance due to the unavailability of key personnel must demonstrate diligent attempts to resolve the conflict," Pls. Opp'n at 3. But *Morris* itself does not state that; that was my legal conclusion based on application of *Morris* to the facts here. I did not intend to misrepresent that case (or any others), but see now that my chosen language as to several of these cases gave the misimpression that they had more specific holdings or discussions than they did.

(6)     When I sent the brief to co-counsel for filing, I did not inform co-counsel that I had failed to check the cites and review the document after sending it them..

(7)     As explained above, through inadvertence or oversight, I was unaware of that quotes had been added or that I had included a case that did not actually exist until after I read Athena's reply brief on July 26, 2025. After I read Athena's reply, I immediately started trying to figure out what had happened. I spent all day with IT trying to figure out what went wrong, and preparing a corrected opposition brief.

(8)     Co-counsel also contacted me on the morning of July 26, 2025, for an explanation. As I spent the day trying to understand how the errors came to be, reviewing the cited cases, and preparing a corrected opposition brief, I did not respond to co-counsel until later that night.

(9)     The following day, on July 27, 2025, I reached out to co-counsel to discuss the matter, as I was eager to file a corrected brief or otherwise explain to this Court the circumstances behind my citation errors. Co-counsel informed me that they were going to withdraw the opposition brief and consent to Athena's motion for a continuance. After discussion with co-counsel, I decided that I should withdraw as counsel for Plaintiff, and subsequently filed a motion with this Court to do so.

(10)    On July 27, 2025, I emailed Athena's counsel and apologized for the above errors. I also informed him of my withdrawal and if he would be willing to agree to a stipulated sanction. A copy of my email exchange with Defense counsel is attached as Exhibit A.

(11)    I have also prepared a letter to the Pennsylvania Disciplinary Board to self-report this incident and offer corrective measures. I have emailed a copy of that letter to the Court's chambers and ask that it be kept under seal since it contains personal information.

In conclusion, I apologize to the Court, opposing counsel, and co-counsel for my errors. Although none of these errors was intentional or purposely fabricated, I take full responsibility for not being more diligent in cite-checking my brief and for not accurately

describing the holdings or discussions of the cases that I relied upon. I realize the gravity of these errors and, as a consequence, I have moved to withdraw as counsel for Plaintiff.

        Respectfully submitted,

        _____
        Glenn A. Ellis, Esquire
        GLENN ELLIS LAW, PLLC
        100 S. Juniper St., Fl 3
        Philadelphia, PA 19107
        p - (215) 847-2557
        f -  (215) 689-4647

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 28, 2025, the foregoing was filed via the CM/ECF system and an electronic copy was served via a notice of electronic fling (NEF) on all parties of record:

Respectfully submitted,

_____
Glenn A. Ellis, Esquire
GLENN ELLIS LAW, PLLC
100 S. Juniper St., Fl 3
Philadelphia, PA 19107
p - (215) 847-2557
f -  (215) 689-4647

**From:** Milt Johns mjohns@xlppllc.com
**Subject:** RE: My recent filing
**Date:** July 28, 2025 at 10:12 AM
**To:** Glenn Ellis gae@glennellislaw.com



Glenn,

Thank you for your note and your apology.

If the court moves in the direction of monetary sanctions, I commit that Jill and I will work cooperatively with you to avoid any unnecessary litigation to that end.

I am sorry that you are having to deal with personal issues at the same time. I can say from experience that they always make a very difficult job even harder.

So for now I would say let's see what the court does, if anything, and we will work with you to avoid as much additional turmoil as possible.


Best regards,


Milt

NOTICE: This message (including any attachments) from Executive Law Partners, PLLC may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to the sender.

**From:** Glenn Ellis <gae@glennellislaw.com>
**Sent:** Sunday, July 27, 2025 7:03 PM
**To:** Milt Johns <mjohns@xlppllc.com>
**Subject:** My recent filing

Milt,

I am writing to offer my sincere and unreserved apology regarding the erroneous citations that appeared in my recent brief. While I do not have a reason for how or why this happened it was not intentional, I take full responsibility for allowing those errors to be submitted to the Court and for wasting your time and your client's time reviewing them.

As you know, we have worked opposite one another for many years on this case and the state law cases, and I hope my conduct during that time has demonstrated my commitment to ethical practice and professional integrity. This incident does not reflect how I have handled this case—or any case—in the past, and I am deeply sorry that it occurred.

To be candid, I allowed personal issues to distract me during a moment when more attention was needed. That is not an excuse, but it is part of what led to this mistake, and I regret that deeply. If you and your client are open to discussing a stipulated sanction's amount that would avoid further litigation on that issue, I would appreciate the opportunity to resolve it cooperatively.

Please let me know if you are willing to speak further. Again, I regret this situation and the distraction it has caused to all involved.

Thanks,
Glenn

Glenn Ellis, Esq.l partner
**GLENN ELLIS LAW, PLLC**
100 S. Juniper St., Fl 3
Philadelphia, PA 19107
p - (215) 847-2557
f -  (215) 689-4647