UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. VICKIE SMITH, *Personal Representative of the Estate of William Smith*,<br><br>Plaintiff-Relator,<br><br>v.<br><br>ATHENA CONSTRUCTION GROUP, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 18-cv-2080 (APM)<br>)<br>)<br>)<br>)<br>)<br>) |

**COUNSEL'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER
OF JULY 26, 2025**

Plaintiff-Relator's Counsel, Scott Simmer, Andrew Miller, and Catherine Dorsey of Baron & Budd, P.C. (collectively, "B&B counsel"), hereby submit the following response to the Court's show cause order of July 26, 2025.

1. Defendant Athena Construction Group, Inc. ("Athena") filed a motion on July 17, 2025, seeking what B&B counsel and co-counsel, Mr. Glenn Ellis (collectively, "Plaintiff's counsel"), understood to be an indefinite continuance of trial. At the time, trial was scheduled to begin on October 14, 2025.

2. Plaintiff's counsel convened a telephone call to discuss Athena's motion on July 21, 2025. Plaintiff's counsel discussed and agreed upon the general framework for a brief in opposition to the motion. As Mr. Ellis had immediate availability, he offered to handle the briefing.

3. On the same call, Plaintiff's counsel also discussed reaching out to opposing counsel to see if the parties could reach a compromise that would moot the motion. Mr. Ellis

1

volunteered to contact opposing counsel to ask if Athena would agree to participate in mediation in exchange for Plaintiff consenting to Athena's requested continuance.

4.  To the best of B&B counsel's knowledge, Mr. Ellis independently performed all the relevant research for the opposition brief and drafted the brief himself. B&B counsel did not participate in that process at all. Only after Mr. Ellis had completed the opposition brief, did he send it to B&B counsel for review. At that time, the brief was in almost final form (*i.e.*, the opposition brief was fully complete except for captions, signature blocks, and exhibits). Both Mr. Simmer and Ms. Dorsey reviewed Mr. Ellis' draft. Both Mr. Simmer and Ms. Dorsey concluded that the brief was consistent with the arguments and factual points that Plaintiff's counsel had previously agreed upon. The brief likewise appeared to be well-researched to both Mr. Simmer and Ms. Dorsey, as well as consistent with their understanding of general legal and common-sense principles governing the factors that courts consider in deciding whether to grant continuances. In short, Mr. Ellis' brief did not raise any red flags that caused Mr. Simmer or Ms. Dorsey to question the correctness of his legal arguments or the accuracy of his citations.

5.  Moreover, B&B counsel have partnered with Mr. Ellis as co-counsel on this case since 2018. Over that time, B&B counsel have worked extensively with Mr. Ellis, who has diligently represented Plaintiff and worked cooperatively with B&B counsel. Over the course of this partnership, B&B counsel have never had any reason to question Mr. Ellis' ethical responsibilities as an officer of the Court. Moreover, B&B counsel have never experienced any deficiency as to Mr. Ellis' legal research, including his assistance with prior briefing in this case. For these reasons, in reviewing Mr. Ellis' draft brief, B&B counsel had good reason, backed by more than seven years of experience working together on this case, to trust that Mr. Ellis'

opposition brief accurately cited and described relevant case law, at least absent any red flags to indicate otherwise.

6. On the afternoon of July 23, 2025, Athena responded that it was not interested in participating in mediation.

7. As Mr. Ellis was traveling and away from his computer on the afternoon of July 23, 2025—the due date for Plaintiff's brief—Mr. Ellis asked B&B counsel to file the brief for him.

8. Ms. Dorsey agreed to file the brief. Ms. Dorsey added a caption to Mr. Ellis' brief, signature blocks, the exhibits, and made a few non-substantive streamlining edits to reduce repetition. The only substantive change Ms. Dorsey made to Mr. Ellis' brief, after consulting with all counsel, was to add the argument that Athena's decision to not participate in mediation should weigh against a continuance. Ms. Dorsey did not cite check the brief before filing because she understood that Mr. Ellis had already done so. Indeed, in reviewing and finalizing Mr. Ellis' brief, Ms. Dorsey noted the absence of any bluebooking or other obvious citation errors that would have indicated that Mr. Ellis' cite check was inadequate.

9. On the evening of July 23, 2025, after making the above-described changes to Mr. Ellis' brief, Ms. Dorsey filed the opposition brief and exhibits. A short while later, realizing that she forgot to include a proposed order, Ms. Dorsey re-filed the exact same brief and exhibits but with the required proposed order.

10. Late in the afternoon on July 25, 2025, Athena filed its reply brief, which raised serious concerns about the case citations in Plaintiff's opposition brief. Unfortunately, Mr. Simmer, Mr. Miller, and Ms. Dorsey were all working on other matters at the time, and did not review the reply brief when it was filed. Thus, B&B counsel remained unaware of the citation errors in Mr. Ellis' brief.

11.     On Saturday morning, July 26, 2025, Ms. Dorsey first reviewed Athena's reply. She was alarmed by Athena's allegations about inaccurate citations in Mr. Ellis' brief. Until that time, B&B counsel had no knowledge or reason to suspect that there was anything wrong with the filed opposition brief. Ms. Dorsey immediately alerted Mr. Simmer and Mr. Miller to Athena's serious allegations. Ms. Dorsey also immediately reached out to Mr. Ellis for an explanation. Mr. Ellis promptly responded that he was looking into the matter to figure out what had happened. Mr. Ellis likewise indicated that he was preparing a corrected brief.

12.     Although B&B counsel were highly concerned about the serious errors alleged to be in the brief, without Mr. Ellis' input, B&B counsel did not understand how those errors occurred or what precisely needed to be done to fix them (or if they could be fixed). Initially, B&B counsel thought the errors might be fixable, such that Plaintiff's counsel could move to withdraw the opposition brief and simultaneously substitute a corrected version. B&B counsel, therefore, thought it was prudent to give Mr. Ellis a short opportunity to explain himself before deciding what action was most appropriate. In the meantime, Ms. Dorsey began reviewing the case law that was cited in the opposition brief.

13.     On Saturday evening, this Court issued its show cause order, which alerted B&B counsel to additional case errors about which they were unaware. Ms. Dorsey immediately reached out to Mr. Ellis again. Ms. Dorsey also called Mr. Simmer, and they jointly called Mr. Ellis, but were unable to reach him.

14.     Several hours after the Court's show cause order, B&B counsel received a response from Mr. Ellis, as well as a proposed corrected brief. To be frank, B&B counsel did not (and still do not) understand Mr. Ellis' explanation as to how the errors came to be. B&B counsel also

disagreed with Mr. Ellis' suggestion to file a corrected brief. B&B counsel were deeply concerned that Mr. Ellis' proposed corrections were not sufficient to remedy the underlying citation errors.

15. On Sunday, July 27, 2025, B&B counsel held a Zoom call to discuss what to do. B&B counsel decided that Plaintiff's opposition brief needed to be withdrawn in light of the serious citation errors flagged by this Court in its show cause order (and the lack of any credible explanation or correction for those errors provided by Mr. Ellis).

16. Given that Athena's reply brief made clear that Athena sought only a limited continuance, through the end of the year—a point that had not been clear to Plaintiff's counsel from Athena's motion or from discussions with Athena's counsel—B&B counsel was of the view that Plaintiff should consent to Athena's continuance.

17. Immediately after the Zoom call, Ms. Dorsey began drafting a motion to withdraw the opposition brief and contacted opposing counsel as to their position on the motion.

18. While Ms. Dorsey was drafting the motion to withdraw the brief, Mr. Simmer reached out to Mr. Ellis to discuss the matter. Mr. Simmer shared with Mr. Ellis B&B counsel's concerns about the errors in the opposition brief and the lack of adequate explanation for those errors. Mr. Simmer explained that, in light of these concerns, B&B counsel recommended consenting to Athena's request for a continuance and withdrawing the opposition brief, to which Mr. Ellis agreed. Mr. Simmer also stated that B&B counsel could no longer work with Mr. Ellis. Mr. Ellis agreed and indicated that he would withdraw as counsel for Plaintiff.

19. A short time later, Ms. Dorsey filed the motion to withdraw the opposition brief and consent to the continuance. Later that evening, Athena's counsel responded that they consented to the motion.

20. Mr. Ellis also filed a motion to withdraw on Sunday evening. Mr. Ellis' filing indicates that he informed Plaintiff of his motion to withdraw and that Plaintiff consented.

B&B counsel deeply regret the erroneous filing and apologize to the Court and opposing counsel. Despite several conversations with Mr. Ellis over the last few days, B&B counsel are still at a loss as to what he did, or did not do, that generated the multitude of citation errors, particularly the one wholly fabricated case. In part because of the lack of satisfactory explanation from Mr. Ellis, B&B counsel have parted ways with him and asked him to withdraw from this case, which he has already moved to do.

Dated: July 30, 2025

Respectfully submitted,

/s/ Catherine H. Dorsey
Catherine H. Dorsey
W. Scott Simmer
Andrew M. Miller
BARON & BUDD, P.C.
600 New Hampshire Avenue N.W.
10th Floor
Washington, D.C. 20037
cdorsey@baronbudd.com
ssimmer@baronbudd.com
amiller@baronbudd.com
(202) 333-4562

*Counsel for Vickie Smith*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2025, the foregoing was filed via the CM/ECF system and an electronic copy was served via a notice of electronic filing (NEF) on all parties of record:

                          /s/ Catherine H. Dorsey
                          Catherine H. Dorsey
                          W. Scott Simmer
                          Andrew M. Miller
                          BARON & BUDD, P.C.
                          600 New Hampshire Avenue N.W.
                          10th Floor
                          Washington, D.C. 20037
                          cdorsey@baronbudd.com
                          ssimmer@baronbudd.com
                          amiller@baronbudd.com
                          (202) 333-4562

                          *Counsel for Vickie Smith*