**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA ex rel. VICKIE SMITH, *Personal Representative of the Estate of William Smith*, <br><br> Plaintiff-Relator, <br><br> v. <br><br> ATHENA CONSTRUCTION GROUP, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 18-cv-2080 (APM) |

**GLENN ELLIS'S UPDATED RESPONSE TO THE COURT'S
ORDER TO SHOW CAUSE**

Undersigned counsel, Glenn Ellis, respectfully submits this updated response to the Court's Order to Show:

(1) On July 17, 2025, Defendant Athena Construction Group, Inc. filed a Motion to Continue the Trial Date of October 14, 2025. On July 20, 2025, the Court ordered Relator's counsel to respond to Athena's motion by July 23, 2025.

(2) On July 21, 2025, co-counsel and I had a call to discuss our proposed response. I agreed to draft the response in opposition and began working on the three core arguments: Athena's request was unsupported by evidence; Athena's request was vague and open ended; and the continuance should be conditioned on the parties participating in a mediation effort as suggested by the government.

1

(3) I was wholly responsible for researching and preparing the opposition brief, including finding the citations and cite-checking the brief.

(4) In light of the Court's recent Order I have attempted to retrace the origins of the citation errors that appeared in Relator's initial opposition. I have attempted to do just that and have recreated the Relator's initial draft opposition and have attached a copy as Exhibit A. Since Defendant's motion did not contain any caselaw and the objections that Relator planned on raising are widely recognized legal principals, my initial draft was created prior to doing any legal research and only contained spaces for the future inclusion of citations.

(5) After twenty years of using Westlaw, last summer I started using Lexis and its protege AI product as a natural language search engine for general legal propositions or to help formulate arguments in areas of the law where the courts have not spoken directly on an issue. I have never had a problem or issue using this tool and prior to recent events I would have highly recommended it.

(6) I used Lexi's protege product to search for caselaw to support the propositions I set forth in my initial draft. However, I only reviewed portions of the cases cited and did not review the entire opinions. I recall reviewing the following:

*Doe v. Exxon Mobil Corp.,* 69 F. Supp. 3d 75, 87, (D.C. Cir. 2014) -

> The Circuit Court's Opinion addresses various types of motions and dismisses a number of them for failing to provide evidentiary support.

*United States v. Poston,* 902 F.2d 90, 96-98 (D.C. Cir. 1990) -

> A trial judge enjoys great discretion in ruling on a motion for a continuance. *See, e.g., Morris v. Slappy*, 461 U.S. 1, 11, 75 L. Ed. 2d

610, 103 S. Ct. 1610 (1983); *United States v. Haldeman*, 181 U.S. App. D.C. 254, 559 F.2d 31, 83-84 (D.C.Cir. 1976) (en banc) (per curiam), cert. denied, 431 U.S. 933, 97 S. Ct. 2641, 53 L. Ed. 2d 250 (1977). Nevertheless, this discretion is not boundless. The judge must consider the justifications offered by the party seeking a continuance, balancing them against the judicial system's interest in expeditious proceedings. Given the trial judge's broad discretion to grant or deny a continuance, an appellate court's role is limited to determining whether the judge "clearly abused" his discretion. *United States v. West*, 607 F.2d 300, 305 (9th Cir. 1979).

Since Poston provided no justification for the delay in selecting new counsel, the trial court could reasonably have concluded that his motion was "dilatory, purposeful, or contrived." *Burton*, 584 F.2d at 491 (footnote omitted).

Poston next claims that the judge abused his discretion in denying the continuance because, if Young were tried first and convicted, Young might thereafter be compelled to provide testimony that might exculpate Poston. In considering a continuance motion based upon an asserted need for a codefendant's testimony, the trial judge must balance the countervailing interests on both sides.

Mere assertions regarding the utility of prospective testimony do not provide a sufficient basis to compel a continuance.

*United States v. Burton*, 584 F.2d 485, 490-1 (D.C. Cir. 1978)

What is a reasonable delay necessarily depends on all the surrounding facts and circumstances. Some of the factors to be considered in the balance include: the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case and other relevant factors which may appear in the context of any particular case.

3

> All of these factors are the appropriate subject of the trial court's attention when a continuance is sought.

*Morris v. Slappy*, 461 U.S. 1 11-12 (1983)

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.

(7)   While I don't recall specifically what portions I was shown of *Simpkins v. D.C. Gov't*; *US v. Johnson*; *US v. Jorgensen,* and *De Aguilar v. Boeing Co.*, it is now clear that those cases should not have been cited and the language suggested by the AI was incorrect. For example, in retracing my steps the AI suggested that the court in *Simpkins explicitly* stated that "unsworn statements by counsel are not evidence". This is not true.



(8) I failed to heed the warning provided by Lexis and did not double check the citations provided. Instead, I inserted the quotes, caselaw and uploaded the document to ProWritingAid. I used that tool to edit the brief and at one point used it to replace all the square brackets ( [ ) with parentheses.

(9) During the editing process, I believe that four quotation symbols were added accidentally. I suspect it was either a manual mistake during the replace all or was the AI incorrectly identifying the parenthetical statements to be quotes because the first word within the parentheses was capitalized. I do not have a technical explanation for this and its just an observation based on the fact that the two parenthetical statements that started with lower case letters did not receive quotation marks.

(10) I would never do anything like this intentionally, especially in a litigation as contentious and long running as this one. There have been dozens of motions filed before this Court and the parallel state law actions, which were removed to the Eastern District of Virginia. I have either primarily handled the briefing or been a part of the team of lawyers on all the motions including the motion for attorneys's fees that was granted by the Eastern District of Virginia. The Relator has prevailed against Athena on all those motions. During all those years, I have done my best to represent the Relator. It is indisputable that I failed here but it was not intentional.

In conclusion, as requested I have done my best to retrace the origins of my brief and its inclusion of incorrect quotes and citations. I do not offer the above as an excuse and have already agreed to be sanctioned by withdrawing as requested by Defendant. I fully acknowledge that I did not treat the motion with the gravity it deserved. I viewed it

as a routine scheduling dispute and failed to give it the level of diligence required. That misjudgment led me to rush the research and drafting process in a way that I now recognize was wholly inappropriate for a filing submitted to this Court.

                                                Respectfully submitted,

                                                /s/ Glenn Ellis
                                                _____
                                                Glenn A. Ellis, Esquire
                                                GLENN ELLIS LAW, PLLC
                                                100 S. Juniper St., Fl 3
                                                Philadelphia, PA 19107
                                                p - (215) 847-2557
                                                f - (215) 689-4647

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 1, 2025, the foregoing was filed via the CM/ECF system and an electronic copy was served via a notice of electronic fling (NEF) on all parties of record:

                                                Respectfully submitted,

                                                Glenn A. Ellis, Esquire
                                                GLENN ELLIS LAW, PLLC
                                                100 S. Juniper St., Fl 3
                                                Philadelphia, PA 19107
                                                p - (215) 847-2557
                                                f -  (215) 689-4647

**PLAINTIFF'S OPPOSITION TO DEFENDANT ATHENA CONSTRUCTION GROUP, INC.'S MOTION TO CONTINUE TRIAL**

Plaintiff, through undersigned counsel, respectfully submits this opposition to the Motion to Continue Trial filed by Defendant Athena Construction Group, Inc. ("Athena"). The motion, unsupported by any sworn declaration or exhibit, seeks to delay a long-scheduled trial based on self-inflicted scheduling conflicts while simultaneously disregarding the Court's standing interest in orderly case management and the public's interest in prompt resolution of False Claims Act litigation. For the reasons stated below, Athena's motion should be denied, or in the alternative, conditioned upon immediate participation in the Court's Mediation Program.

### I.   PRELIMINARY STATEMENT

Athena's motion is procedurally deficient, legally unsupported, and strategically dilatory. Filed nearly seven months after this Court denied summary judgment and on the eve of final trial preparation, the motion asks this Court to indefinitely postpone trial on the basis of factual representations made exclusively through unsworn attorney argument. The motion fails to offer (i) any declaration from Ms. Peebles or other fact witness; (ii) documentary evidence from the U.S. Air Force substantiating the scope or nondelegability of Athena's contractual obligations; or (iii) any indication as to when this matter could be tried in the future.

More troublingly, the record reflects that since January 2025, both Plaintiff and the United States have repeatedly invited Athena to engage in good-faith mediation through the Court's program. Athena initially responded positively but then went silent. It now seeks the Court's indulgence without having made any effort to explore resolution or mitigate the supposed conflicts it cites. Trial should proceed as scheduled, or, at most, be briefly continued upon Athena's binding commitment to mediate.

### II.   RELEVANT BACKGROUND

- The Court denied Athena's motions for summary judgment in January 2025.

- The parties—at the encouragement of the U.S. Attorney's Office—initiated discussions regarding referral to the D.C. Circuit's Mediation Program on February 19, 2025.

- Athena's counsel responded on February 24, 2025, stating that "Athena is interested in participating in mediation" and was "not opposed to using [the Court's program]".

- Despite multiple follow-up communications in March, May and April 2025, Athena failed to engage substantively or propose next steps.

**EXHIBIT A**

- On July 18, 2025, Athena moved to continue the October 14, 2025 trial, citing the unavailability of Ms. Peebles due to her obligations under a U.S. Air Force SABER contract at Laughlin Air Force Base.

### III. ARGUMENT

#### A. Athena's Motion Should Be Denied for Failure to Provide Evidence or a Clear Alternative Trial Date.

Athena's motion is unsupported by any affidavits, declarations, or documents. Rule 43(c) and Local Rule 7(h) require that factual assertions not already in the record be supported by competent evidence. Courts in this Circuit routinely reject motions premised solely on attorney argument. **[CITE]**

Further, Athena fails to specify any proposed alternative trial date. The absence of a concrete and reasonable substitute renders the request not only procedurally inadequate but substantively opaque. **[Continuances must be supported by a firm basis in the record, including the expected duration of the requested delay]**

#### B. Athena Has Not Shown That Its Scheduling Conflict Was Unavoidable or Diligently Addressed.

Athena asserts that Ms. Peebles is the only person qualified to fulfill the role of superintendent on a task order scheduled to run through October 17, 2025. Yet the motion makes no mention of any efforts to retain, recruit, or contract a qualified alternate to cover Ms. Peebles' duties during trial. Such omissions are fatal. A party seeking a continuance due to unavailability of key personnel must demonstrate diligent attempts to resolve the conflict. **[A scheduling conflict, without more, is not sufficient grounds for a continuance]**

This omission is especially glaring where, as here, Athena was awarded this contract nearly two years ago and had ample time to prepare staffing contingencies. Trial was scheduled months ago. Athena's scheduling conflict arises from obligations it voluntarily assumed and extended under a contract executed in 2023. A party is not entitled to continuances simply because they have conflicting obligations that they chose to undertake. **[holding that continuances may be denied if the circumstances are foreseeable or self-imposed]**

Athena's ongoing noncompliance with requests to mediate—despite claiming willingness—shows a pattern of strategic delay. Its motion should not be used to reward that inaction.

### C. Athena's Delay in Pursuing Mediation Weighs Against Equitable Relief.

Athena's motion ignores its pattern of delay since the denial of summary judgment. Plaintiff and the Government extended multiple invitations to resolve this matter through the D.C. Circuit Mediation Program. Athena initially expressed willingness, but then failed to act on its representation. **[CITE]** Courts often condition continuances on participation in alternative dispute resolution. **[affirming trial court's authority to condition extensions on mediation participation]**

Should the Court be inclined to grant Athena's motion, Plaintiff respectfully requests that the trial date only be continued on the condition that the parties immediately petition the Court for referral to the Mediation Program and that Athena agree to participate in good faith.

### IV.    CONCLUSION

Athena's motion falls short of the procedural and substantive threshold necessary to warrant the extraordinary relief of a trial continuance. It is unsupported by evidence, vague in its proposed duration, and silent as to any steps taken to mitigate the claimed conflict. It also follows months of avoidable delay in pursuing meaningful resolution of this matter.

Accordingly, the motion should be denied in its entirety. In the alternative, should the Court be inclined to grant limited relief, Plaintiff respectfully requests that any continuance be conditioned upon immediate referral to and participation in the D.C. Circuit Mediation Program, with a firm schedule and reporting obligation to ensure prompt engagement.