UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VICKIE SMITH,** *Personal Representative of the Estate of William Smith*, <br><br> **Plaintiff-Relator,** <br><br> v. <br><br> **ATHENA CONSTRUCTION GROUP, INC.,** <br><br> **Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 18-cv-02080 (APM) |

## ORDER

On July 26, 2025, the court directed an Order to Relator's counsel to show cause why the court should not impose sanctions and make a bar referral after discovering that Relator's Opposition Brief to Defendant's Motion to Continue Trial, ECF No. 187 [hereinafter Pl.'s Opp'n], contained a host of case citation errors. Order, ECF No. 190. Specifically, of the nine cases cited in the Opposition Brief, four were cited for a false proposition of law, four were accompanied by quotations that were fabricated, and one was a nonexistent case accompanied by a fabricated quotation. *Id.* at 1.

Counsel thereafter responded to the court's Order. Counsel Glenn Ellis took responsibility for the citation errors contained in the brief. Glenn Ellis's Resp. to the Court's Order to Show Cause, ECF No. 193 [hereinafter Ellis Resp.]; Glenn Ellis's Updated Resp. to the Court's Order to Show Cause, ECF No. 196 [hereinafter Ellis Updated Resp.]. According to Mr. Ellis, he used an artificial intelligence (AI) legal research tool to identify authorities that supported various propositions of law, which he then incorporated into the brief, along with purported descriptions or excerpts from those authorities. Ellis Updated Resp. ¶¶ 6–7. He believes that the erroneous

quotations were the result of either mistakenly adding quotation marks to case parentheticals or the AI research tool erroneously identifying the passages as quotations. *Id.* ¶ 9. He did not double check the citations before filing the Opposition Brief. Ellis Resp. ¶ 6; Ellis Updated Resp. ¶ 8. Neither he nor his co-counsel withdrew the brief before the court issued the Order, even though they had learned about some of the citation errors based on Defendant's reply brief. Ellis Resp. ¶¶ 7–10. Relator later retracted her opposition to the continuance. Pl.'s Mot. to Withdraw Opp'n to Def.'s Mot. to Continue, ECF No. 191.

Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Attorney behavior "must be *at least* 'reckless' to be sanctionable under [this] section." *United States v. Wallace*, 964 F.2d 1214, 1217 (D.C. Cir. 1992). Recklessness is a "high threshold" that generally "requires deliberate action in the face of a known risk, the likelihood or impact of which the actor inexcusably underestimates or ignores." *Id.* at 1219–20. "Where courts have employed section 1927, the attorney's behavior has been repeated or singularly egregious." *Id.* at 1220.

The court finds that Mr. Ellis's conduct was both "reckless" and "singularly egregious." It was reckless insofar as counsel relied exclusively on an AI legal research tool to identify authorities and then incorporated that research into the Opposition Brief, without checking on the accuracy of the citations, propositions of law, or quotations the tool generated. It was "singularly egregious" insofar as *every* one of the nine cases cited in the brief was erroneous in some respect. Mr. Ellis's conduct multiplied these proceedings too. Defendant had to address these mistakes in its reply brief and, ultimately, expended unnecessary time and effort in seeking a continuance to which Relator ultimately acceded.

This court appreciates the power of AI tools and their potential to transform how lawyers research and write legal briefs. The prospects are tantalizing. But AI technologies are not a better mouse trap that allows lawyers to ignore what we were all taught as first-years in law school: check your legal citations for accuracy. If anything, AI technologies require lawyers—and judges, too—to be even more vigilant in ensuring the accuracy of legal briefs.

The court believes that the appropriate sanction in this case is to require Mr. Ellis to pay the attorney's fees and costs associated with Defendant's drafting of the motion for a continuance and the reply brief. This entire episode has laid bare that Relator's opposition to the continuance was frivolous from the start. Although Relator's counsel claims that only after Defendant's reply brief did it become "clear" that it sought only a short continuance, that fact was evident from the motion itself. *Compare* Counsel's Resp. to the Court's Show Cause Order of July 26, 2025, ECF No. 194, ¶ 16 (asserting that it only became "clear" after Defendant's reply brief "that Athena sought only a limited continuance, through the end of the year"), *with* Def.'s Mot. to Continue Trial Date of October 14, 2025, ECF No. 186, at 4–5 & ¶ 21 (Defendant's motion seeking a continuance "to a time after the end of the period of performance of the newly issued task orders related to the SABER contract," which counsel estimated would be "at or prior to the end of 2025").

Defendant's counsel shall file by October 10, 2025, an invoice of the fees and costs (redacted as appropriate) incurred in preparing the motion to continue and the reply brief in support. The court thereafter will enter the final amount to be paid by Mr. Ellis as a sanction. Further, because Mr. Ellis already has self-reported to the Pennsylvania Bar Association, Ellis Resp. ¶ 11, the court will not make a referral to that authority. However, Mr. Ellis shall submit this Order to supplement the record before the Pennsylvania Bar and notify this court of the outcome

3

of any disciplinary proceeding or review within seven days of receiving such notice. Further, Mr. Ellis's Motion to Withdraw Appearance and *Pro Hac Vice* Admission, ECF No. 192, is granted.

The Order to show cause is discharged as to counsel from Baron & Budd, Catherine Dorsey, W. Scott Simmer, and Andrew Miller.

Dated: October 3, 2025

Amit P. Mehta
United States District Judge