**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES ex rel. VICKIE SMITH<br>*As Personal Representative of*<br>*the Estate of William Smith,*<br><br><br>        Plaintiff-Relator,<br><br>v.<br><br>ATHENA CONSTRUCTION GROUP,<br>INC.<br><br>        Defendant. | )<br>**)**<br>**)**<br>**)**<br>**)**<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:18-cv-02080-APM<br>)<br>)<br>)<br>)<br>)<br>**)**<br>**)** |

## DEFENDANT ATHENA CONSTRUCTION GROUP, INC.'S OPPOSITION TO MOTION FOR PRO HAC VICE ADMISSION OF GLENN E. ELLIS

Defendant Athena Construction Group, Inc., ("Athena") by counsel, submits this Opposition to the Motion for Pro Hac Vice Admission of Glenn E. Ellis. Mr. Ellis was forced to withdraw from his representation of Relator in the face of a Show Cause order for conduct this Court deemed "singularly egregious" fewer than six months ago. It does not appear, however, that Mr. Ellis has met this Court's requirements for renewed admission *pro hac vice*.

**Improper Certificate of Good Standing**: When this Court afforded Mr. Ellis the opportunity to apply for readmission, the April 2, 2026 Minute Order set the requirements for such readmission. "First, proposed replacement counsel Glenn Ellis must demonstrate that he either is a member of this court's bar or qualifies for pro hac vice admission, which requires a showing that he 'is a member in good standing of the bar of [a] state court.' LCvR 83.2(c)(2)." April 2, 2026 Minute Order. The Certificate of Good Standing that was appended to the Motion for Pro Hac Vice Admission was issued by the U.S. District Court for the Eastern District of Pennsylvania, not a

1

state bar. This Court will recall that as a condition of his removal, this Court indicated that because Mr. Ellis advised that he had self-reported his actions to his state bar, the Court would not have to do so but did require that Mr. Ellis keep this Court advised of any action that flowed from that referral. Mr. Ellis did not return to that same state bar to secure the required certificate of good standing and it is unknown if such certificate would have been issued if sought. Accordingly, Mr. Ellis has not satisfied the first requirement for readmission and his request must be denied.

**Written Consent of Plaintiff Electronically Signed:**  The third requirement for Mr. Ellis to be considered for readmission was that Plaintiff file "a written consent to the proposed substitution of Mr. Ellis as counsel." The consent filed on behalf of Mr. Ellis to the Motion for Pro Hac Vice admission carries an electronically applied signature of Plaintiff Vickie Smith. Dkt. 234-4. While the document could have been reviewed and electronically "signed" by Ms. Smith, there is no means for this court to verify same. Inasmuch as the signature is dated April 2, 2026, there would have been ample time for such a consent to bear a "wet" signature and been returned to Baron & Budd by any number of delivery services.

**Court Identified Prior Behavior as "Reckless and "Singularly Egregious":**  By Order of October 3, 2025, this Court sanctioned Glenn A. Ellis for "reckless" and "singularly egregious" behavior resulting from his submission of a brief in opposition to Defendant's motion for a continuance that "contained a host of case citation errors."  Order, ECF No. 190. To allow Mr. Ellis to return to this Court and this matter within six months of such a finding would in effect excuse that conduct before this Court.

 **Withdrawal Further Representation in this Case:**  When Mr. Ellis moved to withdraw from this case, he represented in that motion that he "seeks to withdraw from further representation in

2

this case." This Court granted his motion, only imposing sanctions in the form of Defendant's legal fees, with his representation that he was withdrawing from any further representation in this case. Because of the voluntary withdrawal, this Court took no other action. The application for re-admission appears to erase that voluntary self-imposed sanction that was accepted by the Court.

For all of these reasons, Defendant Athena respectfully requests that this Court deny the Motion for Pro Hac Vice presently pending behalf of Mr. Ellis.

/s/ Milton C. Johns
Milton C. Johns, VSB # 42305
D.D.C. Attorney No. VA072
Jill F. Helwig, VSB #83202
D.D.C. Attorney No. VA145
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite, 303
Fairfax, Virginia 22030
(571) 500-1010
(571) 408-8102 Facsimile
mjohns@xlppllc.com
jhelwig@xlppllc.com
*Counsel for Defendant*
*Athena Construction Group, Inc.*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2026, a true copy of the foregoing was served via electronic mail on the following:

W. Scott Simmer
Andrew Michael Miller
Catherine H. Dorsey
Kenneth D. Capesius (admitted pro hac vice)
BARON & BUDD, PC
600 New Hampshire Ave., NW, Suite 10-A
Washington, DC 20037
*ssimmer@baronbudd.com*
*amiller@baronbudd.com*
*cdorsey@baronbudd.com*
*kcapesius@baronbudd.com*
*Counsel for Vickie Smith*
*Personal Representative for the*
*Estate of William Smith*

/s/ Milton C. Johns
Milton C. Johns, VSB # 42305
D.D.C. Attorney No. VA072
Jill F. Helwig, VSB #83202
D.D.C. Attorney No. VA145
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite, 303
Fairfax, Virginia 22030
(571) 500-1010
(571) 408-8102 Facsimile
mjohns@xlppllc.com
jhelwig@xlppllc.com
*Counsel for Defendant*
*Athena Construction Group, Inc.*